UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 11240 RGS

| | |
|---|---|
| JOHN WALSH, | ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NO. |
| TRUSTEES OF BOSTON UNIVERSITY, | ) ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

Removing party, defendant Trustees of Boston University, by its undersigned attorney, respectfully states:

1. Removing party is the defendant in the above-entitled action.

2. On May 18, 2004, the above-entitled action was commenced against the removing party in Middlesex County (Massachusetts) Superior Court and is now pending therein. The case has been assigned Docket Number 04-2072.

3. Copies of the summons and complaint in the above-entitled action were served on the removing party on May 27, 2004, and are attached hereto.

4. There have been no further proceedings in this action.

5. According to the complaint, plaintiff John Walsh is a resident of the Commonwealth of Massachusetts.

6. Defendant Trustees of Boston University is a corporation registered in accordance with the laws of the Commonwealth of Massachusetts, and doing business therein.

7.      The above-entitled action is a civil action in which the plaintiff asserts, inter alia, that defendant engaged in conduct in violation of rights secured by the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., the Americans with Disabilities Act, 29 U.S.C. § 12101 et seq., and various Massachusetts statutes.

8.      The United States District Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

WHEREFORE, the removing party respectfully requests that the above-entitled action be removed from the Middlesex County (Massachusetts) Superior Court to United States District Court for the Eastern District of Massachusetts.

Respectfully submitted,

TRUSTEES OF BOSTON UNIVERSITY,
By its attorney,

*/s/ Lawrence S. Elswit*

Lawrence S. Elswit (BBO #153900)
Boston University
Office of the General Counsel
125 Bay State Road
Boston, Massachusetts 02215
(617) 353-2326

Date: June 7, 2004

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                              SUPERIOR COURT
                                                            DOCKET NO.
                                                                          04-2072

JOHN WALSH,
       Plaintiff

v.

BOSTON UNIVERSITY,
       Defendant.

*FILED IN THE OFFICE OF THE CLERK OF THE COURTS MIDDLESEX MAY 18 2004 CLERK*

### COMPLAINT, COMPENSATORY AND INJUNCTIVE RELIEF REQUESTED, AND JURY DEMAND

**I.  INTRODUCTION.**

1.  This is an action against Boston University ("BU") for violating the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, the Americans with Disabilities Act ("ADA"), 29 U.S.C. § 12101 *et. seq.*, and the Massachusetts anti-discrimination law, M.G.L. c.151B, § 4(16) and § 4(4). The plaintiff, John Walsh ("Walsh"), was employed by BU for more than six years in the position of Operations Manager in the Department of Residential Safety. Although he suffers from several serious, chronic health conditions, he was nevertheless at all times relevant to this action a qualified disabled individual who was capable of performing the essential functions of his job with or without reasonable accommodation. During his employment, he made reasonable accommodation requests for intermittent leave to attend doctors' appointments and receive treatment for his health conditions. However, his supervisor (who was unhappy with him not only because of his disabilities and need for

1

intermittent leave, but also for his refusing to terminate a handicapped employee and for filing a retaliation complaint at the MCAD based on that incident), harassed him regarding his health conditions and need for this intermittent leave. As a culmination of this harassment, and after he filed formal requests for reasonable accommodation and intermittent FMLA leave, Walsh was terminated, which BU admitted was based in part on his absences. Walsh's absences were, however, protected leave time under the FMLA and a reasonable accommodation to which he was entitled under M.G.L. c. 151B and the ADA. In this action, Walsh seeks reinstatement, damages for lost pay and emotional distress, punitive damages, and attorneys' fees, all as set forth herein.

## II.   PARTIES.

2.   The plaintiff, John Walsh, is a resident of Cambridge, Massachusetts.

3.   The defendant, Boston University, is an educational corporation with a principal place of business in Boston, Massachusetts. At all times relevant hereto BU has met the requisite numerosity requirement for employees provided in the Federal Family and Medical Leave Act, 29 U.S.C. §2601, *et seq*.

## III.   STATEMENT OF FACTS.

4.   Walsh worked at BU from 1995 until his termination in November 2001, in the position of Operations Manager in the Department of Residential Safety.

5.   During his employment with BU, Walsh received treatment for several serious, chronic health conditions, including post traumatic stress disorder, depression, migraine headaches, shingles, and kidney stones.

2

6. Notwithstanding these health conditions, Walsh was at all times relevant to this matter a qualified disabled individual capable of performing the essential functions of his position.

7. To care for his health conditions, Walsh needed to attend doctors' appointments and therapy sessions on an intermittent basis. Throughout his employment at BU, he attended doctors' appointments whenever possible during his lunch break or before or after work.

8. At times, however, he required time off from his work day to visit his health care providers.

9. These brief leaves did not create an undue burden on BU, as Walsh could still complete the work he was responsible for, or when necessary at times other employees could easily fill in for him.

10. Walsh presented doctors' notes to BU to support his requests for leave. These requests fulfilled the requirements of the FMLA.

11. In June 2000, John Battaglino, Jr. ("Battaglino") became the Director of Residential Safety and Walsh's supervisor.

12. Before Battaglino became his supervisor, Walsh had an excellent performance record.

13. In September 2000, Battaglino directed Walsh to terminate an employee under his supervision. Walsh refused because he believed the termination would constitute unlawful disability discrimination, as the employee suffered from attention deficit disorder.

14. As a result of Walsh's refusal to terminate this employee, Battaglino began a campaign of retaliation against Walsh.

15. This retaliation included harassment, mostly focused on Walsh's health problems. The harassment included Battaglino making intrusive, unnecessary, and embarrassing inquiries about Walsh's health; refusing to approve Walsh's requests for leave to attend to his health conditions; refusing to authorize Walsh's requests to use his sick time to attend appointments with his health care providers; unduly criticizing Walsh's performance; and unduly disciplining Walsh.

16. Walsh filed a complaint with the MCAD in December 2000, alleging that Battaglino had engaged in retaliation against him for refusing to terminate the disabled employee.

17. After Walsh filed that complaint, the retaliation he experienced from Battaglino increased, ultimately culminating in Walsh's termination.

18. The harassment Walsh received from Battaglino exacerbated his mental and physical health conditions, necessitating additional time off from work.

19. Because of the difficulties he experienced in having his supervisor approve his time off for his treatment, Walsh made a formal reasonable accommodation request to BU in May 2001. This request was never granted.

20. Walsh then made a formal request to BU in August 2001 for intermittent leave under the FMLA. This leave was never approved, despite the fact that Walsh was legally entitled to it.

21. Following these requests, Walsh was suspended and later terminated on November 30, 2001.

4

22. One of the grounds given for Walsh's termination was excessive absences.

23. These absences, however, were protected leaves under state and federal law, as they were due to Walsh's health conditions. Walsh had provided BU with documentation to support his need for the absences.

24. The other grounds given for Walsh's termination were pretext.

25. For example, Walsh was accused of assaulting his supervisor, when in fact his supervisor had assaulted him.

26. As another example, Walsh was accused of insubordination, when in fact he had simply complained of actions by BU which were, or which he reasonably believed to be, discriminatory, harassing, or otherwise unlawful.

27. Walsh alleges that he was terminated for one or a combination of the following reasons: because of his disabilities, because of his requests for and need to take time off from work to receive treatment for his health conditions, and in retaliation for his complaining about what he reasonably believed to be discriminatory actions.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

28. Pursuant to the state and federal law requirements, Walsh filed his discrimination claims at the Massachusetts Commission Against Discrimination and Equal Employment Opportunity Commission before filing this complaint.

## COUNT I
### (Violation of 29 U.S.C. § 2601, *et seq.*)

The actions of BU as set forth above constitute a willful violation of the federal Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.*

## COUNT II
### (Violation of M.G.L. c.151B, § 4(16))

The actions of BU as set forth above constitute handicap discrimination in violation of M.G.L. c.151B § 4(16).

## COUNT III
### (Violation of M. G. L. c. 151B § 4(4))

The actions of BU as set forth above constitute unlawful retaliation against Walsh in violation of M. G. L. c. 151B § 4(4).

## COUNT IV
### (Violation of M.G.L. c. 93 § 103)

The actions of BU as set forth above are in violation of M.G.L. c. 93 § 103.

## COUNT V
### (Violation of 29 U.S.C. § 12101 *et seq.*)

The actions of BU as set forth above constitute disability discrimination and retaliation in violation of the Americans with Disabilities Act, 29 U.S.C. § 12101 *et seq.*

6

WHEREFORE, Plaintiff requests that this Court order the Defendant to reinstate him and award the following relief:

1. Back pay;

2. Front pay;

3. Lost benefits;

4. Emotional distress damages;

5. Punitive damages;

6. Attorneys' fees and costs;

7. Liquidated damages as provided for by statute; and

8. Any other relief to which Plaintiff may be entitled.

## JURY DEMAND

Walsh hereby demands a trial by jury on all of his claims.

Respectfully submitted,

JOHN WALSH,
By his attorneys,

Dated: May 18, 2004

Shannon Liss-Riordan, BBO #640716
Rebecca G. Pontikes, BBO # 637157
PYLE, ROME, LICHTEN & EHRENBERG, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200

served
5/28/04

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

IN CLERKS OFFICE

2004 JUN -7 A 11: 38

U.S. DISTRICT COURT
DISTRICT OF MASS.

MIDDLESEX , ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

No.

04-2072

John Walsh ................................., Plaintiff(s)

v.

Boston University ................................., Defendant(s)

## SUMMONS

To the above-named Defendant:
Boston University
125 Bay State Road
Boston, MA 02115-1708

You are hereby summoned and required to serve upon ............... Rebecca G. Pontikes, Pyle, Rome, Lichten, & Ehrenberg ............ plaintiff's attorney, whose address is ... 18 Tremont Street, Suite 500 Boston, MA 02108 ........................................., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at ... Boston ................................ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at ...... Boston ................................................................
the ... 19th ................................ day of ........ May .........................................
..........................., in the year of our Lord ... 2004 .............................. .

True copy Attest:
5-27-04

Edward J Sullivan
................................................
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

FILED
IN CLERKS OFFICE

2004 JUN -7  A 11: 38

U.S. DISTRICT COURT
DISTRICT OF MASS.

## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN WALSH, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )  CIVIL ACTION NO. _____ |
| TRUSTEES OF BOSTON UNIVERSITY, | )<br>)<br>) |
| Defendant. | )<br>) |

### CERTIFICATE OF SERVICE

I certify that on June 7, 2004, a copy of this Notice of Removal was served on Shannon Liss-Riordan, Esq., Pyle, Rome, Lichten & Ehrenberg, P.C., 18 Tremont Street, Suite 500, Boston, Massachusetts, 02108, by first-class mail, postage prepaid.

_____
Lawrence S. Elswit
(BBO # 153900)
Office of the General Counsel
125 Bay State Road
Boston, Massachusetts 02215
(617) 353-2326

June 7, 2004

LE:ksc