UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN WALSH,  )<br>  )<br>  Plaintiff,  )<br>  )<br>        vs.  )<br>  )<br>TRUSTEES OF BOSTON UNIVERSITY,  )<br>  )<br>  Defendant.  )<br>  ) | CIVIL ACTION NO. 04-11240-RCL |

DEFENDANT TRUSTEES OF BOSTON UNIVERSITY'S
MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56(c), Defendant Trustees of Boston University (the "University") moves this Court to grant summary judgment in its favor on all remaining elements of the case. The evidence establishes that there are no genuine issues as to any material fact, and the University is entitled to judgment as a matter of law.

Plaintiff was employed as an Operations Manager in the University's Office of Housing, Department of Residential Safety. His employment was terminated on November 30, 2001, after he initiated a physical altercation with his supervisor. That altercation, a history of insubordination, and his abysmal attendance—he failed to report to work on 142 out of 230 possible work days in calendar year 2001, but never missed a day's pay—justified the University's decision to terminate his employment.

The complaint contained five causes of action, one of which (Count IV, alleging a violation of Massachusetts General Laws, c. 93, § 103) was dismissed. The remaining claims

generally assert that the University discriminated against Plaintiff because of his alleged disability and his advocacy on behalf of another individual he claims was disabled.

Count I asserts that the University violated the Family and Medical Leave Act (FMLA), 29 U.S.C., § 2601, et seq.  But the evidence establishes that Plaintiff was provided his rights under the FMLA, even though he interfered with the University's ability to make a determination about the propriety of granting the requested leave.  Plaintiff not only received more than twelve weeks of leave, but was compensated for every day he did not work.

Count II, alleging a violation of the Massachusetts Fair Employment Practices Act, G.L. c. 151B, § 4(16), and Count V, alleging a violation of the Americans with Disabilities Act, 29 U.S.C., § 12101 et seq. ("ADA"), claim that the University discriminated against Plaintiff on the basis of his disability.  However, the evidence establishes to a certainty that (1) Plaintiff was not a qualified individual with a disability as defined by the ADA, and (2) in any case, the accommodations he requested—time off to attend to his medical appointments—were granted.  To the extent any requests were denied, the University had a legitimate, nondiscriminatory justification for doing so.

Count III alleges that the University retaliated against Plaintiff in violation of G.L. c. 151B, § 4(4), because he refused to terminate another employee with a disability.  However, Plaintiff cannot point to any evidence that that individual was disabled, or that the University had in any way denied him any rights, benefits, or privileges.  Further, Plaintiff cannot establish a causal link between his reaction to the University's treatment of a third party and the University's purported denial of his rights.

These claims must fail for another, overarching reason:  the statute of limitations expired long before Plaintiff filed this lawsuit.  The evidence establishes to a certainty that he perceived

himself to be the victim of discrimination and retaliation as early as September 2000.  But he did not file his lawsuit for another three and one-half years, until May of 2004.  The statute of limitations applicable to the disability claims asserted in Counts II, III, and V is three years.  Plaintiff claims that he was denied the benefits of the FMLA somewhere between May and September of 2001—his testimony is ambiguous—but that statute has a two-year limitation period in the absence of willfulness, and there is no evidence that the University acted willfully.

At its core, this is a lament by an employee who was displeased that he was not promoted to a position that was ultimately awarded to an individual he felt was less qualified.  Plaintiff responded by continuously undermining, challenging, and ultimately confronting his new supervisor.  The evidence will show that the University acted with caution and restraint, and with due regard for Plaintiff's health issues.  As a matter of fact and law, the claims in this case have no merit.  Defendant Trustees of Boston University respectfully requests that this Court grant its motion for summary judgment and dismiss Counts I, II, III, and V of the complaint.

<u>REQUEST FOR ORAL ARGUMENT</u>

The University respectfully request oral argument on this motion.

          Respectfully submitted,

          TRUSTEES OF BOSTON UNIVERSITY,
          By its attorney,


          s/Lawrence S. Elswit
          Lawrence S. Elswit
          (BBO #153900)
          Boston University
          Office of the General Counsel
          125 Bay State Road
          Boston, Massachusetts  02215
Date:  April 21, 2006          (617) 353-2326