# The Commonwealth of Massachusetts
## Commission Against Discrimination
### One Ashburton Place, Boston, MA 02108

Phone: (617) 994-6000                                     Fax: (617) 994-6024

## - DISMISSAL and NOTIFICATION of RIGHTS -

| To: | Nicholas F. Ortiz, Esq. | Case: John B. Walsh v. Boston University – |
|---|---|---|
| | The Law Offices of Nicholas F. Ortiz | John Battalino, Jr. |
| | 52 Western Avenue | MCAD Docket Number: 00BEM3805 |
| | Cambridge, MA 02139 | EEOC Number: 16CA10592 |
| | | Investigator: Joel Posner, Esq. |

Your complaint has been dismissed for the following reasons:

[ ]  The facts alleged fail to state a claim under any of the statutes the Commission enforces.

[ ]  Respondent employs less than the required number of employees.

[ ]  Your complaint was not timely filed with the Commission, i.e. you waited too long after the date(s) of the alleged discrimination to file. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ]  You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conference, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your complaint. You have had more than 30 days in which to respond to our written request.

[ ]  The Commission's efforts to locate you have been unsuccessful. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ]  The Respondent has made a reasonable settlement, offering full relief for the harm you alleged. 30 days have expired since you received actual notice of this settlement offer.

[XX]  The Commission issues the following determination. Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

[]  Other (briefly state)

### - NOTICE of APPEAL -

If you wish to appeal the dismissal of your complaint and believe that the above stated reason for dismissal is incorrect, you may appeal to this Commission within 10 days after receipt of this notice. You or your attorney must make your appeal of the dismissal in writing to the appeals clerk of this Commission. **Attention: Nancy To.**

All employment complaints, where applicable, were filed by the MCAD with the Equal Employment Opportunity Commission. Our finding, which will be forwarded to its area office, JFK Federal Building, Boston, MA will be given substantial weight provided that such findings are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the ADEA, and/or the ADA, as amended.

_____   9/18/03
Walter J. Sullivan Jr.             Date
Investigating Commissioner

Cc:

Lawrence S. Elswit, Esq.
Office of the General Counsel
Boston University
125 Bay State Road
Boston, MA 02215

Memorandum

To: Case File
Fr: Attorney Assisted Unit
Case: Walsh v. Boston University et al
MCAD Docket: 00133805
EEOC Docket: 16CA10592
Investigator: Joel Posner
Re: Lack of Jurisdiction

On December 28, 2000, Complainant filed the instant charge of discrimination with this commission alleging that he was subjected to discrimination based on his age (45) in violation of G.L. c. 151B §4 ¶1B, 4, and the provisions of The Age Discrimination in Employment Act as amended and retaliated against in violation of G.L. 151B §4 ¶ 4.

## Summary of Allegations

Complainant states that he is employed by the Respondent as the Operations Manager, Residential Safety and at the time of the act of discrimination was 45 years old and a member of a protected class. He alleges that in the Spring of 2000, the position of Assistant Director of Housing became vacant and he submitted an application. Complainant states that Respondent failed to hire him and in fact, hired a younger man for the position. Complainant also makes claims that at as a result of his history of speaking his mind, at various times he has been followed, issued unsubstantiated warning letters and inappropriately docked vacation time. In general Complainant alleges that Respondent has attempted to make it more difficult for him generally.

Respondent denies that Complainant has been discriminated against. While they admit Complainant was not selected for this position, they argue that legitimate business reasons drove their selection process and not discriminatory animus. Respondent contends that the individual they hired for the position was more qualified than the Complainant. They specifically deny Complainant's allegations that he has been followed, given unsubstantiated letters of warning or inappropriately docked vacation time.

## Investigation

Investigation revealed a Complaint that alleges several separate causes of action, not all of which are cognizable by this Commission. Complainant has alleged that he was subject to age discrimination and what appear to be a host of other mistreatments not all of which are related to his age and none of which appear to be claims which may be addressed by the Commission. As a result of an untimely filing, this Commission lacks jurisdiction to issue a determination for the only true claim of discrimination brought by this Charge, Age Discrimination.

JW 0271

LACK OF JURISDICTION

Complainant bases his allegation of discrimination on the failure of the Respondent to hire him for the position of Assistant Director of Housing and instead filling the position with a younger person. At the time of this complaint, this Commission enforced a six - month statute of limitations requiring complaints be filed no later than six months after the last discriminatory act. This statute of limitations began to run on the date Complainant knew or should have known of the discriminatory reason for the adverse employment act, Wheatley v. American Tel. & Tel. Co. 418 Mass. 394 (1994).

While there may be some question regarding the date on which Complainant knew Respondent hired a younger person for the position, it is undisputed in this case that Complainant should have known the outcome of the selection process by June 26, 2000, the date the successful candidate took over the position. Nonetheless, the Complainant did not file his complaint with the Commission until December 28, 2000, a period in excess of the six month statute of limitations in effect at that time. As a result of its untimely nature, this complaint must be dismissed for lack of jurisdiction.

The Complainant has further failed to allege any set of facts to support an extension of the Commission's statute of limitations. A successful allegation of a continuing violation would effectively extend the time period for a successful filing enough to include the allegation of age discrimination. In order to make such a claim, Complainant would have to identify an adverse act occurring within the statute of [*past practices* — handwritten] limitations and prove that it was substantially related to events that fell outside the covered period, Cuddyer v. The Stop & Shop Supermarket Co. 434 Mass. 521 (2001).

Complainant has not shown that many of the alleged occurrences within the statutory period are recognized by this Commission as adverse employment actions or at all related to his discrimination complaint. In addition to the charge of age discrimination, he states that at various times Respondents have followed him, opened his mail, inappropriately withdrawn vacation time and generated inappropriate letters of warning. At no point does Complainant link any of these events to his allegations of age discrimination. Rather, he seems to state that these additional acts began with and relate to his involvement with the contested termination of a "casual employee". Such a connection is insufficient for a finding of a continuing violation and Complainants allegation of age discrimination remains outside the Commission's jurisdiction.

RETALIATION

Despite the fact that Complainant's charges of age discrimination are outside the Commission's jurisdiction, his allegations of Retaliation must be considered a separate charge with its own statute of limitations. However, Complainant will be unable to show that he suffered any retaliation as he cannot prove that any alleged retaliation stems from his participation in protected activity.

JW 0272

Traditionally, in order for a Complainant to successfully demonstrate a case of retaliation, they must show that they were engaged in protected activity, that their employer knew that they were so engaged, that he suffered an adverse employment action and that there is a causal connection between the participation in the protected activity and the adverse employment action, Muhammed v. City of Springfield, 20 MDLR 63 (1998), citing McCormack v. Boston Edison Co., 432 Mass. 652 (1996). In this case, Complainant has established that he was involved in only one incident of protected activity, filing his complaint for age discrimination. Unfortunately, this is the only element of the prima facie case he is able to prove.

He is unable to show any causal connection between his participation in the protected activity of filing a complaint with the Commission and the other incidents that have occurred, the alleged tracking through campus, the inspection of his mail and the reduction of his vacation time. It appears to only adverse event which actually took place was the reduction of Complainant's vacation time, Respondent denies these allegations and Complainant has produced no evidence to show that any actually happened. In any event, none of the activities Complainant alleges appear to have any relation to the filing of his complaint. Rather, each appear to be motivated by his own actions. In short, Complainant has not shown a causal connection between the filing of his complainant and the myriad accusations he has leveled against Respondent.

Conclusion

Complainant For the foregoing reasons, it is recommended that this Commission issue a determination of ~~Lack~~ of Jurisdiction.

_____
Joel Posner, Esq.
Investigator

_____
Sunila Thomas-George, Esq.
Supervisor

JW 0273