Boston University



Office of Housing
985 Commonwealth Avenue
Boston, Massachusetts 02215

November 30, 2001

Mr. John B. Walsh
40 Speridakis Terrace - #1
Cambridge, MA 02139

Dear Mr. Walsh,

Effective immediately, your employment with Boston University is hereby terminated.

On December 26, 2000, Peter J. Cusato, Vice President of Business Affairs, wrote to you following a meeting that addressed a number of your concerns about the Office of Housing. Mr. Cusato wrote:

> "What I also find outside the boundaries of acceptable conduct is the tone of the discussion between you and others in the department. A number of written communications I've read are insulting and inflammatory. The name-calling and tones of voice employed in my presence at out meeting were also beyond the limits I normally tolerate and any reasonable standard of conduct in a civilized community. Effective immediately I expect everyone involved in this matter to refrain from name-calling, vulgarities, and defamation of one another or third parties. This includes the perpetuation or creation of rumors."

> "Within the context of the e-mails sent to me recently, I've read accusations against staff, senior managers, and trustees. Further broadcasting of these mostly unsubstantiated and, for the most part, irrelevant stories will stop immediately. It's unfair to the named parties and serves no purpose other than to defame the individuals and inflame an already unpleasant situation."

Your conduct over the last eleven months has on multiple occasions directly contravened the expectations outlined in Mr. Cusato's letter, and has generally been unprofessional, insubordinate and disrespectful. You have been disrespectful to me, to your supervisor John Battaglino and to other members of the University administration. Your e-mails to Mr. Battaglino and me frequently have an offensive and threatening tone. Most recently, you have been unprofessional and demeaning in your interactions with Marilyn Walsh, Director of Employee Relations, Employment and Training.

Professional interactions with your colleagues are basic requirements of your position. I have reached the decision to terminate your employment because I have concluded that you are unwilling to interact in a professional and civil manner with me, your supervisor, members of the department and other members of the University community.

JW 0783

On Tuesday, November 27, 2001, Mr. Battaglino was in your office updating your computer password. As Mr. Battaglino was finishing his work, you entered the office and stood between Mr. Battaglino and the doorway, thus preventing him from moving out from behind your desk in order to leave your office. You and Mr. Battaglino argued about your moving out of his way. Ultimately, Mr. Battaglino had to brush by you in order to leave your office. You then followed Mr. Battaglino into his office and continued to verbally assault him. When he asked you to leave his office you refused. Mr. Battaglino had to call me. I directed you to leave his office. Your behavior during this incident was disrespectful and insubordinate to both Mr. Battaglino and me.

Later that afternoon, you left a voice mail message for Ms. Walsh concerning the incident described above. Your message accused Ms. Walsh of telling Mr. Battaglino that you have shingles. Ms. Walsh was not aware that you have shingles. In fact, you provided this information to Mr. Battaglino in an e-mail dated July 2, 2001. Again, your tone of voice and accusation of improper conduct was inappropriate, disrespectful and insubordinate.

You recently sent several letters to Ms. Walsh concerning your request for leave under the Family Medical Leave Act. The language and tone of these letters is inflammatory and threatening. In your letter dated November 16, 2001, you accused Ms. Walsh of "stretching the truth" and you accused her and me of being insincere in our statements concerning the need for additional medical documentation.

In you letter dated November 20, 2001, you accused me and unnamed others of illegal activity and manipulating employee records. You also accused me of being untruthful. You reiterated unsubstantiated rumors concerning a current University employee. You also accused Manuel Monteiro, Assistant Vice President for Human Resources, of not properly doing his job. These statements and other comments in this letter are offensive, inaccurate and in complete violation of Mr. Cusato's explicit instructions to you.

On August 22, 2001, you informed Mr. Battaglino that you would be out of work until September 1, 2001. When you arrived at work on September 1, 2001, Mr. Battaglino handed you my letter of August 27, 2001, and asked you to leave the premises and not return to work until the University was satisfied that your health rendered you capable of working. I also wanted to determine when, and if, I could expect you to return as a significant full-time contributor to our department. From September 1, 2001, until November 26, 2001, you were out of work. You were paid by drawing down your accumulated sick time. During this entire time, nearly three months, you failed to provide satisfactory medical documentation to support your absence or documentation that supported your claims that you would need additional medically-related absences in the future. Your failure to produce this information leads me to conclude that you have abused your sick leave.

Your employment with Boston University is terminated in light of the above interactions, letters, phone messages, and your abuse of medical leave.

JW 0784

Please turn in your keys, ID card and other Boston University property in your possession. You may not set foot on campus without my express permission. A violation of this directive will constitute trespass.

Enclosed with this letter is a check for your accumulated vacation days as of the end of November. Questions regarding benefits should be directed to Josephine Tompkins in the Office of Personnel.

Sincerely,

Marc Robillard
Director


cc:    Lawrence Elswit, Associate General Counsel
       Marilyn Walsh, Director of Employee Relations, Employment and Training


enclosures (2)

JW 0785