The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000  Fax: (617) 994-6024

- DISMISSAL and NOTIFICATION of RIGHTS -   9/17/04

To: John B Walsh
40 Spauidakis Terr #1
Cambridge, MA 02139

Case: John B Walsh v. Boston University et al
MCAD Docket Number: 02BEM01726
EEOC Number: 16CA202140
Investigator: Joel Posner

Your complaint has been dismissed for the following reasons:

[ ]  The facts alleged fail to state a claim under any of the statutes the Commission enforces.

[ ]  Respondent employs less than the required number of employees.

[ ]  Your complaint was not timely filed with the Commission, i.e. you waited too long after the date(s) of the alleged discrimination to file. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ]  You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conference, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your complaint. You have had more than 30 days in which to respond to our written request.

[ ]  The Commission's efforts to locate you have been unsuccessful. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ]  The Respondent has made a reasonable settlement, offering full relief for the harm you alleged. 30 days have expired since you received actual notice of this settlement offer.

[x]  The Commission issues the following determination. Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

[ ]  Other (briefly state)

- NOTICE of APPEAL -

If you wish to appeal the dismissal of your complaint and believe that the above stated reason for dismissal is incorrect, you may appeal to this Commission within 10 days after receipt of this notice. You or your attorney must make your appeal of the dismissal in writing to the appeals clerk of this Commission. Attention: Nancy To.

All employment complaints, where applicable, were filed by the MCAD with the Equal Employment Opportunity Commission. Our finding, which will be forwarded to its area office, JFK Federal Building, Boston, MA will be given substantial weight provided that such findings are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the ADEA, and/or the ADA, as amended.

_____    9/17/04
Walter J. Sullivan Jr.                Date
Investigating Commissioner

BU 0169

MCAD Docket Number 02BEM01726, Dismissal and Notification of Rights with Appeal Rights    Page 1

Cc:

Boston University
Office of General Counsel
125 Baystate Road
Boston, MA 02115

Memorandum

To: Case File
Fr: Enforcement
Case: John B. Walsh v. Boston University, Peter Custao, Joseph Mercurio, Dr. John Silber, John Battagliano, Sr. Richard DeWolfe, Marilyn Walsh, Dr. Cheryl Barbanel
MCAD Docket: 02-BEM-01726
EEOC Docket: 16CA202140
No. of Employees: 50+
Investigator: Joel Posner
Re: Recommendation for a Finding of Lack of Probable Cause

On May 23, 2002, the Complainant, John B. Walsh, filed his Complainant against the Respondents alleging discrimination based on his disability (unspecified) in violation of G.L. c. 151B §4 ¶ 16, and the Americans with Disabilities Act of 1990 and Retaliation because of his participation in protected activities in violation of G.L. c.151B §4, 4a

Summary of Allegations

Complainant alleges that Respondents employed him as an Operations Manager in one of their Residence Halls. He contends that he was denied reasonable accommodations in the form of leaves necessary to attend to medical issues and instead received disciplinary counseling concerning his attendance. He alleges that other supervisors and employees routinely violated policies and failed to charge absences to earned time without being disciplined. However, each time Complainant missed work, it was noted. Complainant also states that his supervisor harassed him concerning his disability and that this harassment culminated in an altercation between the two on or about November 27, 2001 during which Complainant's supervisor assaulted him. Complainant further states that he was told to leave when he attempted to report the confrontation. Respondents terminated Complainant by registered mail on December 5, 2001.

Complainant contends that Respondents failed to engage him in any ongoing dialogue regarding his need for reasonable accommodation. He states that he was initially permitted to take time off but Respondents began to refuse his requests. He alleges that his termination was motivated by retaliation for his complaints against a former employee who used racial epithets but never received discipline. He further contends that Respondents retaliated against him by cancelling his health insurance and prevented him from entering the University, a violation of his rights as an alumnus.

Respondents deny Complainant's allegations of discrimination. They contend that Complainant failed to produce sufficient medical information to support his claims that illnesses and medical conditions caused his absences leading them to classify his absences as unauthorized. Respondents made several efforts to collect the medical information necessary for a determination of reasonable accommodation but were thwarted by the Complainant himself. They further contend that Complainant provoked a

BU 0171

physical confrontation with his supervisor and was not assaulted. Similarly, they deny Complainant's allegations of retaliation explaining that his insurance carrier cancelled the policy for failure to pay.

### Summary of Investigation

At the conclusion of this investigation, the Complainant has not provided sufficient evidence to support his claims of discrimination based on his disability and retaliation. A finding of Lack of Probable Cause is recommended.

#### INDIVIDUAL LIABILITY

Complainant has not met the burden of proof necessary to hold any of the individually named parties liable for alleged discrimination based on disability or retaliation for participation in protected activity.

#### CORPORATE LIABILITY

Complainant's allegations of disability discrimination should be dismissed as he has failed to provide any evidence of a disabling condition. Indeed, this Commission is unable to identify exactly what condition he suffers. While Respondents must participate in an interactive dialogue, Complainant is not permitted to keep the nature of his condition confidential from the entity from whom he seeks an accommodation. Throughout the course of the Complainant's quest for reasonable accommodations, even through this investigation he has done just that. At all times during the pendancy of this investigation Complainant has the burden of proof. The responsibility to show the nature of his condition is his alone.

Respondents have provided this Commission with direct evidence of their attempt to engage Complainant in a dialogue and learn of his condition. In contrast, Complainant appears to have acted to thwart these inquiries, ordering his treating physician not to provide any additional information. This is in direct contradiction to his responsibility at that time. Complainant's failure to identify his condition and its effect on his work environment is cause for dismissal of this count of his complaint.

Complainant further fails to provide sufficient evidence to support his additional claims. While he alleges that other employees and supervisors were absent without consequences, he has failed to provide any additional information to support his contention. No names of employees, supervisors or departments were supplied, nor were any dates of absences specified. His contentions that his supervisor harassed and eventually assaulted him are similarly unsupported. In fact the available evidence suggests the opposite occurred. As before, the Complainant has failed to provide anything that suggests that events occurred as he stated and if so, that they were motivated by discriminatory animus.

BU 0172

Complainant's allegations of retaliation must be dismissed as well. He alleges that his prior complaints concerning a former employees use of racial epithets motivated Respondents. Assuming for the purposes of this investigation that Complainant made an internal complaint, he still does not set forth a prima facie case of retaliation as Respondents set forth legitimate explanations for each of their actions in this matter.

It is apparent from the evidence submitted by Respondents that they terminated Complainant because of his absence from work without adequate explanation in addition to his insubordinate behavior. As stated in Respondents' submission, from the beginning of 2001 until his termination, he missed 142 out of 230 work days. Absent any explanation, which as discussed was not forthcoming, Respondents determined this course of behavior to be unacceptable. Further, Complainant's insubordinate behavior provided Respondents motivation to terminate him. Not only did he communicate with his superiors using inappropriate tone and language, the evidence suggests that he at best attempted to physically intimidate one of his supervisors and at worst assaulted him. This behavior is intolerable under any circumstances and provided Respondents with legitimate reasons for his termination.

His other allegations of retaliatory actions may be dismissed out of hand. Evidence shows that Respondents played no role in the cancellation of Complainant's health insurance. Failure to pay the premiums lead to its cancellation rather than any action on the part of the Respondent. Similarly, Respondents' barring Complainant from campus was justified by his inappropriate behavior during his employment and interaction with management personnel.

Conclusion

For the reasons set forth above, it is recommended that this Commission issue a determination of Lack of Probable Cause for both Corporate and Individual Respondents.

Joel Posner, Esq.
Enforcement

Geraldine Fasnacht, Esq.
Acting Supervisor

BU 0173