**Interrogatory No. 9**

Please list in complete detail any and all medications you have taken since you began employment at the University through the present date, including the date each medication was prescribed, the name of the physician who prescribed each medication, the dates during which each medication was taken, the dates each medication was discontinued, and the condition for which each medication was prescribed or administered.

**Answer**

OBJECTION. Walsh objects to this Interrogatory as overly broad, and unduly burdensome. Without waiving the foregoing objection, Walsh refers BU to his medical records previously produced to BU.

**Interrogatory No. 10**

Please state each and every accommodation you believe you needed in order to fulfill your responsibilities as an employee of the University.

**Answer**

OBJECTION. Walsh objects to this Interrogatory as overly broad, calling for speculation, and to the extent it calls for him to render a medical opinion which he is not qualified to give.

Without waiving the foregoing objections, Walsh states that he required the ability to visit his medical providers for treatment of his health conditions without being penalized. Further responding, Walsh directs BU to the documentation in his Automatic Disclosures discussing his need for time off, his request for accommodation, and his request for leave under the FMLA.

8

**Interrogatory No. 11**

From the date you first began employment at the University, up to and including the date of termination of your employment, state with specificity:

    a.    each and every request you made for an accommodation for your disability (including requests for intermittent leave);

    b.    the date you made this request;

    c.    the manner in which you made this request;

    d.    the name, address, and title of each person to whom you made this request;

    e.    the substance of your request; and

    f.    the response and date of response to your request.

**Answer**

OBJECTION. Walsh objects to this Interrogatory as overly broad, unduly burdensome, and calling for information which is in the possession of BU.

Without waiving the foregoing objections, Walsh states that he routinely made oral and written requests for time off to see his health care providers to his supervisors, Babak Sadri and John Battaglino, from the time his employment began until his employment ended. Mr. Sadri generally responded affirmatively orally and also approved and signed Walsh's Time Off Requests. After Mr. Battaglino became his supervisor and Walsh opposed the termination of Lindsay McLean, he began to harass Walsh about his need for time off and refused Walsh time off or to sign time off requests. When Mr. Battaglino commenced with this behavior, Walsh went to Robillard, Marilyn Walsh (Human Resources), Kim Randall (EEOC Officer), Josephine Tompkins (Personnel Representative,

9

Peter Cusato, and Manuel Monterio with both oral and written requests for time off.

**Interrogatory No. 12**

Please identify those employees of the University who you believe discriminated against you or retaliated against you, and describe with factual particularity any evidence, or the nature of any incident, that you believe supports that claim, including:

    a.    the date, time and place of each such act;

    b.    the name and job title of each agent or employee of the University who was involved in any way in each such act;

    c.    the detailed facts of each such act of each such employee of the University; and

    d.    the name and address of each person who was a witness to or was involved in any way in each such act.

**Answer**

OBJECTION. Walsh objects to this Interrogatory to the extent that employees of BU took action against him which was discriminatory but not within his personal knowledge.

Without waiving the foregoing objection, Walsh states he knows that Battaglino and Robillard discriminated and retaliated against him from the time he refused to terminate Lindsay McLean until the time of his termination. As discovery is ongoing, Walsh reserves the right to supplement this Answer.

The discriminatory and retaliatory actions include, but are not limited to, harassment about Walsh's need for time off to visit health care providers, denial

10

of time off required to care for his health, teasing him about his medical conditions, refusal to reconcile Walsh's vacation pay, adding shifts to Walsh's schedule, setting impossible deadlines for Walsh to meet, opening Walsh's mail, blaming Walsh for failures that were not his fault, withholding information Walsh required to carry out his duties, disciplining Walsh unfairly, and terminating Walsh.

**Interrogatory No. 13**

Explain in detail when and how you became aware of any alleged discrimination or retaliation against you, including:

    a.    the dates on which you became aware;

    b.    the manner in which you became aware; and

    c.    the facts and circumstances on which you base your conclusions.

**Answer**

    OBJECTION. Walsh objects to this Interrogatory as overly broad, unduly burdensome, and not properly limited in time or scope.

    Without waiving the foregoing objection, Walsh became aware of discrimination and retaliation in the fall of 2000, immediately after he refused to terminate Lindsay McLean when the incidents described in Interrogatory No. 12 began to occur. Additionally, his direct reports, Roberta Roberts, Gene Dalton, Patricia Grant, and the office manager informed him that Mr. Battaglino was encouraging them to malign his job performance.

### Interrogatory No. 14

Please state the dates during the course of your employment on which you "made reasonable accommodation requests for intermittent leave to attend doctors' appointments and receive treatment for [your] health conditions" as set forth in Paragraph 1 of the complaint.

### Answer

OBJECTION. Walsh objects to this Interrogatory as overly broad, unduly burdensome, and calling for information in the possession of BU.

Without waiving the foregoing objections, Walsh states that he made numerous requests for time off throughout his employment to visit his health care providers. The dates are reflected in part in his requests for time off records. He also made oral requests for time off for which he does not have exact dates.

### Interrogatory No. 15

Please state the reason for your belief, as set forth in Paragraph 13 of the complaint that an employee you refused to terminate in September 2000 "suffered from attention deficit disorder;" and please identify any and all documents that support your belief.

### Answer

The employee I refused to terminate, Lindsay McLean, informed me that he had attention deficit disorder after I first hired him. Additionally, my observations of Mr. McLean's behavior indicated that he had attention deficit disorder, and other line workers and supervisory staff informed me of Mr. McLean's having attention deficit disorder.

**Interrogatory No. 16**

With reference to the preceding interrogatory, please identify the individual you refused to terminate because, as alleged in Paragraph 13 of the complaint, "the employee suffered from attention deficit disorder," and state whether this individual ever applied for reasonable accommodations on the basis of his disability or otherwise notified his supervisors of his disability.

**Answer**

OBJECTION. Walsh objects to this Interrogatory as calling for information outside his personal knowledge and for information in the possession of BU.

Without waiving the foregoing objections, Walsh states that the employee was Lindsey McLean. He does not know if Mr. McLean ever applied for reasonable accommodations on the basis of his disability.

**Interrogatory No. 17**

At the time you were instructed to terminate the employee you refer to in Paragraph 13 of the complaint, did you advise your supervisor that this "employee suffered from attention deficit disorder"?

**Answer**

Yes.

**Interrogatory No. 18**

Please cite every instance of retaliation and harassment as alleged in Paragraph 15 of the complaint, including in your answer the date of the retaliation or harassment, the particular nature of the retaliation or harassment, what was said to you and by whom, what you said in response, the location of the retaliatory or

13

harassing conduct or communications, and any witnesses to these instances of harassment and retaliation.

**Answer**

OBJECTION. Walsh objects to this Interrogatory as overly broad and unduly burdensome.

Without waiving the foregoing objection, Walsh states refers BU to his Answer to Interrogatory No. 12. The incidents of retaliation/harassment are too numerous to recall each incident. They began after Walsh refused to terminate Mr. McLean and continued through the time of his termination and include his termination.

**Interrogatory No. 19**

Please state the precise date that you "made a formal reasonable accommodation request to BU in May 2001" as set forth in Paragraph 19 of the complaint.

**Answer**

Please see the Self-Identification of Disabled and/or Veteran Status document in the Automatic Disclosures produced by Walsh.

The foregoing answers are true and correct to the best of my knowledge. Signed under the pains and penalties of perjury this 2 day of May, 2005.

*[signature]*

John B. Walsh

Dated: May 6, 2005

As to Objections,

*[signature]*

Shannon Liss-Riordan, BBO #640716
Rebecca G. Pontikes BBO# 637157
PYLE, ROME, LICHTEN, EHRENBERG, &
LISS-RIORDAN P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200

**CERTIFICATE OF SERVICE**

This is to certify that on May 6, 2005, a copy of the above document was served via hand delivery, upon Lawrence Elswit, Boston University, General Counsel, 125 Bay State Road, Boston, MA 02215

*[signature]*

Rebecca G. Pontikes