Boston University

Office of Personnel
25 Buick Street
Boston, Massachusetts 02215

*www.bu.edu/personnel*



May 24, 2001

Mr. John Walsh
190 Perham St.
West Roxbury, MA 02132

Dear Jack:

I have completed my investigation of your complaint of age discrimination and
retaliation. I have found no evidence from which one can conclude that you have been
subjected to unlawful discrimination because of your age, or any other impermissible
consideration. It is clear that friction and interpersonal conflict exist between you and
certain members of the staff of the Office of Housing, and that you have had a number of
disagreements with your managers, some of which remain unresolved. However, these
conflicts and disagreements were neither based on your age, nor were they retaliatory in
nature. They did not reflect any unlawful discrimination against you.

At one of our meetings about this matter in December, 2000, you stated that you believe
you were not promoted into the Associate Director position currently held by John
Battaglino, Jr., because Mr. Battaglino, who is the son of a Boston University trustee, was
given preference. Marc Robillard does not dispute the fact that this was one of the
reasons that Mr. Battaglino was strongly considered. Giving favorable consideration to
an applicant for this reason is not unlawful, and does not provide evidence of
discrimination against you based on age or any other factor. The department's decision
not to offer you the position was not discriminatory.

The University's full position statement setting out in more detail the response to the
discrimination and retaliation complaints has already been provided to you by the Office
of the General Counsel. In my previous correspondences, I provided you with the
information you requested pertaining to your personnel files and to "time-off" balances.
To date, I have not received any additional information or requests from you in response
to the steps I suggested to rectify any lingering concerns you may have about either your
personnel file or your "time off" balances.

JW 0844

John B. Walsh
page 2
May 23, 2001

During our conversations about your discrimination complaint, you made a number of additional allegations, several of which raised potentially significant concerns. Though unrelated to the question of whether there was age discrimination or retaliation against you, they appeared to be serious enough to warrant further examination. I have investigated those allegations, and I will respond to them here.

With respect to the casual employee who you claimed had Attention Deficit Disorder, and whom you claimed you were forced to terminate or be fired yourself, I found no evidence to support your claim. On the contrary, I found that a minority employee had complained about the manner in which this casual employee had interacted with minority staff and students. As the employee's supervisor, the Department had every expectation that you would have exercised better judgment and should not have rehired this individual in light of your knowledge of the concerns raised about his interactions with students and staff. The administrative decisions to terminate and not rehire the casual employee were handled properly.

You claimed that your supervisors falsely accused you of passing on personal information involving another employee. I found no evidence to support your claim. On the contrary, the employee in question confirmed to me the fact that he received a message from you to discuss "an urgent personal matter" which involved him. This employee confirmed to me that he returned your telephone call and met with you and discussed the "personal matter" with you at the place of your second employment (Cambridge City Hospital).

With respect to the incident you raised concerning a former employee of the Department who was "paid for her silence," I found no evidence to support your claim. I did learn that several employees, including the employee to whom you referred, did receive bonus awards for performing extraordinary work during the opening of the school year.

With respect to the use of racially sensitive names in the Department, I did learn through my interviews that several employees are called by nicknames which could be construed as racially insensitive. I was also informed that the employees who are called by these nicknames do not view the use of these nicknames as racially motivated or malicious and in fact believe that the use of these nicknames are friendly and familiar in nature, and contribute to the camaraderie which exists in the group. However, the University will take appropriate action to address this issue with the Department.

Overall, the general pattern of these allegations seems to be that you were privy to some but not all of the information your supervisors relied on, and therefore some of your conclusions were uninformed and inaccurate.

John B. Walsh
page 3
May 23, 2001

You made a series of other allegations about the Department's hiring practices, employee evaluation practices, and the handling of day to day matters. With respect to these allegations, I can inform you that I have a staff member who is assigned to oversee these practices for the University and she informs me that the Department carries out these responsibilities consistent with the University's policies. I am also aware of and involved with the pending grievances filed by the union on behalf of the security assistants. These grievances will be addressed in accordance with the prescribed procedures of their collective bargaining agreement.

If you would like to discuss this matter further, please feel free to contact me at 617-353-4477.

Sincerely,

Manuel P. Monteiro
Assistant Vice President for Human Resources

cc. Larry Elswit, Associate General Counsel
Kim Randall, Equal Opportunity Officer