**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                                    )
JOHN WALSH,                            )
                     Plaintiff                     )
                                                    )
v.                                                  )          Civil Action No. 04-CV-11240-RCL
                                                    )
BOSTON UNIVERSITY                )
                     Defendant.                 )
_____)

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

On March 16, 2007, the Plaintiff, John Walsh ("Walsh") accepted

Defendant Boston University's ("BU") Offer of Judgment.  Pursuant to the Fed. R.

Civ. P. 68, on that date he filed the Offer of Judgment and his Notice of

Acceptance with the Court after notification to BU.  Pursuant to Rule 68 and

federal case law, Walsh's acceptance of the Offer of Judgment makes him the

prevailing party and thus entitles him to recover his reasonable attorneys' fees

and costs for pursuing this matter.  Walsh therefore now submits his Motion for

Attorneys' Fees and Costs.[1]

**I.     THE COURT MUST AWARD PLAINTIFF HIS ATTORNEYS' FEES AND**
         **COSTS, SINCE HE IS THE PREVAILING PARTY**

Fed. R. Civ. P. 68 provides that a defendant may make an offer to allow

judgment to be taken against it, and a plaintiff may accept it within ten days of the

making of the offer.  The critical feature of a Rule 68 offer is that, unlike a

---

[1]      In the interest of not expending unnecessary time briefing issues that may not be in
dispute, Walsh has kept this motion relatively brief.  Because he does not know yet what issues
BU will raise in opposition to this fee application, Walsh requests the opportunity to respond in a
reply brief to any issues that BU may set forth in opposition to this motion.

settlement offer, an offer of judgment *allows judgment to be taken against the defendant.* See Marek v. Chesny, 473 U.S. 1, 6 (1985).  A plaintiff who accepts an offer of judgment under Rule 68 has prevailed on his claims, if he has obtained some relief by means of an enforceable judgment against the defendant.  As BU has allowed judgment to be taken against it for damages, Plaintiff has received an enforceable judgment, obtained a benefit to his having brought suit, and thus, is now the prevailing party in this matter.  See Webb v. Dick James et al, 147 F.3d 617, 622-623 (7th Cir. 1998) (plaintiff who accepted an offer of judgment is a "prevailing party" pursuant to 42 U.S.C. § 12205).  The claims that Plaintiff has brought all provide for an award of attorneys' fees and expenses for a prevailing plaintiff.  See 42 U.S.C. § 12205 (ADA); 29 U.S.C. § 2617 (a)(3) (FMLA); Mass. Gen. L. c. 151B § 9 (state discrimination law).

Because BU's offer of judgment did not state that costs or attorneys' fees were included in the amount offered, the costs and fees were not included in the amount of the offer of judgment.  Therefore, Walsh may now recover the full amount of his reasonable fees and costs in prosecuting this action, since the claims that he pressed provide for an award of attorneys' fees and costs to a plaintiff who is a prevailing party.  See Webb, 147 F.3d at 623.[2]

---

[2]    Although BU attempted to insert a disclaimer in its offer of judgment that it does not admit liability, such a disclaimer does not insulate a defendant from an award of attorneys' fees where it has allowed judgment to be taken against it.  See Stefan v. Laurentis, 889 F.2d at 369.  When an offer of judgment does not specify that it includes attorneys' fees (when the statutes underlying the plaintiff's claims provide for an award of fees for the prevailing party), then the offer does not include fees.  Webb, 147 F.3d at 623.  Thus, if the offer of judgment does not clearly state that it includes attorneys' fees, then the plaintiff is entitled to receive an award of fees from the court as the prevailing party.  See Webb, 147 F.3d at 621; Stefan, at 367.

## II.    PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS

Walsh's counsel's contemporaneous billing records for this case are attached here as Exhibit A, and a record of expenses incurred are attached as Exhibit B.  The requested fees total $116,270 and the expenses are $4,209.53 These are reasonable sums for a case that has been litigated aggressively by BU, including a motion to dismiss, a motion for summary judgment, and voluminous discovery (including three days of deposition of the plaintiff and a large volume of document discovery).  The amount of time spent on this case is eminently reasonable for a complicated case brought to the brink of trial.

The fees are broken down as follows:

| | | |
|---|---|---|
| Shannon Liss-Riordan (supervising partner) | 32.4  hours x  $350/hour    = | $   11,340 |
| Rebecca G. Pontikes (primary counsel) | 367.00  hours x  $275/hour = | $ 100,925 |
| Jessica Shelton/ Payson Ayer-Dufner (legal assistants) | 53.40  hours x  $75/hour    = | $    4,005 |
| TOTAL | | $ 116,270 |

Attached as Exhibits C and D are affidavits from Shannon Liss-Riordan and Rebecca G. Pontikes in support of these requested hourly rates.  These rates are well substantiated by the accompanying exhibits.  As demonstrated by their experience, hourly rates charged by other attorneys who practice in this area of the law in the Boston area, rates awarded in other cases, and the time expended,

$115,430 in attorney's fees represents an appropriate and reasonable lodestar

calculation on which to base an award of attorney's fees.[3]

**Attorney Shannon Liss-Riordan**

Attorney Shannon Liss-Riordan, the partner who served as lead counsel

and supervised Attorney Pontikes in this case, has been recognized as one of

the leading plaintiffs' lawyers in Massachusetts.  In 2002, she was named a

Lawyer of the Year by Massachusetts Lawyers Weekly (an honor bestowed upon

ten lawyers per year in Massachusetts), which cited her success in a number of

prominent discrimination cases.  See Exhibit E and also Exhibit C, ¶ 4. Attorney

Liss-Riordan has litigated many employment cases successfully, many of which

changed the law.  See Exhibit C, ¶ 10.  She is a leader in the employment law

bar, a graduate of Harvard College and Harvard Law School, and frequently

speaks on employment law topics for local and national continuing legal

education programs.  See Exhibit C, ¶ 3.

Walsh seeks $350 an hour for the time spent by Attorney Liss-Riordan.

This is the same rate that she was awarded last year in a fee-shifting wage

retaliation case heard by Arbitrator Mark Irvings (who arbitrates and mediates

hundreds of labor and employment cases a year).  In that decision, Arbitrator

Irvings stated that:

> Liss-Riordan provided more than a sufficient basis to justify her request for
> a billing rate of $350.  She is widely recognized as one of the pre-eminent
> plaintiff lawyers in New England, and she is the unchallenged leader
> regarding wage and hour and retaliation claims in the hotel and restaurant
> industry.

---

[3]      Significantly, the fees and costs incurred in this case would have been much higher had
this case progressed to trial.  Thus, Rule 68 worked in this case just as it was designed to
operate, in saving the court, the parties, and counsel from the time and expense of trial.

See Bilbilian v. Morton's of Chicago/Boston, Inc., AAA No. 11-160-00217-03

(Sept. 28, 2006) (Exhibit F), at 15.

As shown in other accompanying affidavits, this rate is also in line with those

awarded by courts to other Massachusetts counsel who have prevailed in fee-

shifting litigation.  For example, Kevin Powers, a partner in the firm of Rogers,

Powers, and Schwartz (which shares office space with plaintiffs' counsel), was

awarded fees by the SJC for his work on Clifton v. MBTA, 445 Mass. 611 (2005),

that came to the rate of $400 per hour.  See Powers Affidavit (Exhibit G).  In his

affidavit, Attorney Powers cites Attorney Liss-Riordan as one of the top

employment attorneys practicing in Massachusetts, meriting a rate of $350 per

hour.  Harvey Schwartz, another leading civil rights attorney (also a member of

the firm with which plaintiffs' counsel shares office space), as well as Sarah

Wunsch (an ACLU attorney) were awarded $350 per hour for their work against

the MBTA in the First Amendment case of Change the Climate v. MBTA, 2005

WL 3735100 (D.Mass. 2005) (Exhibit H).  Wendy Kaplan was awarded $350 per

hour for her work in the case of Lay v. Motti Electric Co., Lay v. Motti Electric Co.,

Norfolk Superior Court, C.A. No. 04-0497 (Exhibit I).

In addition to these court-awarded rates, other affidavits submitted here

demonstrate that these rates are in line with the market rate for attorneys practicing

in employment law in the Boston area.  For example, Attorney Nancy Shilepsky,

who represents plaintiffs in employment disputes, states in her affidavit that her

hourly rate is $430 (Exhibit J).  Norman Zalkind attests (in Exhibit K) that the hourly

rate for Inga Bernstein (another plaintiff-side employment lawyer, who graduated

from Harvard Law School two years prior to Attorney Liss-Riordan) is $350.  In
addition, on the defense side, Attorney Arthur Telegen attested in an affidavit from
2002 that his hourly rate was $525 (Exhibit L) (and that the rate of an associate
attorney with 1 ½ years of experience was $215).

**Attorney Rebecca G. Pontikes**

Walsh seeks $275 per hour for the time spent in this case by Rebecca G.
Pontikes, an associate at PRLE who was the primary attorney on this case.
Attorney Pontikes, who has almost ten years of litigation and trial experience,
prepared the complaint, briefed and successfully argued both Plaintiff's
Opposition to BU's Motion to Dismiss and Plaintiff's Opposition to BU's Motion for
Summary Judgment, and conducted discovery (taking and defending all
depositions and drafting all written discovery requests and responses).

Attorney Pontikes is a 1997 graduate of The University of Michigan Law
School and a 1994 graduate of Tufts University.  She has been a member of the
Massachusetts Bar since 1997 and was admitted to the U.S. District Court of
Massachusetts in 1999.  She has concentrated the majority of her practice in
employment law since 2000, and she has spoken widely on the topic of
employment law, particularly discrimination in the workplace.  She was named as
a Super Lawyer by Boston Magazine in 2004 and 2006 (an honor bestowed upon
only 2.5% of all Massachusetts attorneys).  See Exhibit D.

This rate is reasonable for a senior level associate attorney of this
experience and is well supported by the accompanying exhibits.  In his affidavit,
Attorney Robert Mantell cites Attorney Pontikes as a leading employment

attorney practicing in Massachusetts, meriting a rate of $275 per hour.  <u>See</u> the

Affidavit of Robert Mantell, attached as Exhibit M. Affidavits from other

practitioners also demonstrate that rates for associate counsel in the range of

$215-275 are reasonable.  <u>See</u> Exhibits J and L (Shilepsky and Telegen).

Furthermore, in the <u>Bilbilian v. Morton's</u> case (Exhibit F), Arbitrator Irvings

approved a rate of $250 per hour for an associate counsel with several years

less experience, who did not take a lead in the litigation as Attorney Pontikes did

in this matter.  In 2002, Attorney Liss-Riordan was approved at the rate of $250

per hour by the federal court when she was in her fourth year of litigation, in the

case of <u>John Sprague v. United Airlines, Inc</u>., 2002 WL 1803733 (*see* Exhibit C,

¶ 11).

### Legal Assistants Jessica Shelton and Payson Ayer-Dufner

In addition to the time Attorneys Liss-Riordan and Pontikes spent on this

case, Plaintiff also seeks fees for work performed by two legal assistants, Jessica

Shelton ("Shelton") and Payson Ayer-Dufner ("Ayer-Dufner").  This case required

a detailed analysis of BU's records of Plaintiff's time off and a comparison to

Plaintiff's own records and those of his physicians, in order to demonstrate that

he was present on dates on which BU claimed he was absent.  These records

included voluminous e-mail correspondences, sign in sheets, telephone records,

and doctors' records.  Shelton and Ayer-Dufner organized the records, cross-

checked the dates and doctors, and prepared spreadsheets to determine where

BU's and Plaintiff's records contradicted each other.  Their work was necessary

for Plaintiff's argument at summary judgment that BU's assertion that he was

excessively absent from work was pretext.  <u>See</u> Exhibit D, ¶¶ 11 and 12.

7

Walsh requests a rate of $75 per hour for the time spent by Shelton and Ayer-Dufner. This rate is a reasonable rate for legal assistants. It is also in keeping with the market rate charged for services such as theirs. Change the Climate v. MBTA, 2005 WL 3735100 (D.Mass. 2005). See Exhibit H.

**CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that this Court award him $116,270 in attorney's fees and $4,209.53 in expenses.

Respectfully submitted,

JOHN WALSH,
By his attorneys,


 /s/ Rebecca G. Pontikes
Shannon Liss-Riordan, BBO #640716
Rebecca G. Pontikes BBO# 637157
Pyle, Rome, Lichten, Ehrenberg
        & Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
March 26, 2007                     (617) 367-7200


**CERTIFICATE OF SERVICE**

This is to certify that on March 26, 2007, a copy of the above document was served upon all counsel of record by electronic filing.

 /s/ Rebecca G. Pontikes
Rebecca G. Pontikes

8