UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN WALSH,
        Plaintiff

v.

BOSTON UNIVERSITY
        Defendant.

Civil Action No. 04-CV-11240-RCL

### AFFIDAVIT OF SHANNON LISS-RIORDAN, ESQ.

I, Shannon Liss-Riordan, under oath, hereby state as follows:

1.    I am a partner in the law firm of Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C., where I practice exclusively in the field of employment law on the side of employees, with a specialty in wage and hour class actions and discrimination law. I joined the firm in 1998 and have been a partner since 2002.

2.    I am an honors graduate of Harvard College (A.B., 1990) and Harvard Law School (J.D., 1996). Following law school and prior to practicing at this firm, I served as a law clerk for two years for U.S. District Court Judge Nancy F. Atlas in Houston, Texas.

3.    I am a member of the Bar of the Supreme Judicial Court of Massachusetts, the U.S. Court of Appeals for the First Circuit, and the U.S. District Court for the District of Massachusetts. I have been a member of the Labor and Employment Section Council of the Massachusetts Bar Association, I am a member of the Massachusetts Chapter of the National Employment Lawyers Association, and I am a frequent invited speaker at local and national

seminars sponsored by Massachusetts Continuing Legal Education, the Massachusetts Bar Association, the American Bar Association, the National Employment Lawyers Association, and other organizations on various topics regarding employment law, discrimination, class actions, and wage and hour litigation.

4.  In 2002, <u>Massachusetts Lawyers Weekly</u> named me one of its ten "Lawyers of the Year," citing my success in a number of employment cases. (<u>See</u> Petition Exhibit E.)

5.  Exhibit A to this petition contains a true and accurate representation of my firm's billing records for this case.

6.  Exhibit B to this petition contains a record of the expenses expended by the plaintiffs in connection with this case.

7.  I was the lead counsel on this case, who supervised Rebecca G. Pontikes, a senior associate at my firm, in all aspects of the case. I billed very little time in this case, as most of my time in the case was spent discussing strategy issues with Attorney Pontikes that arose in the course of discovery and opposing motions to dismiss and summary judgment. I did not bill for many of these discussions and thus have only about 30 hours listed in the firm's time records, for which I am seeking payment.

8.  Attorney Pontikes was the primary counsel on the case, who conducted discovery and successfully opposed motions to dismiss and for summary judgment.

9. I am requesting fees at the rate of $350 per hour for my work on this case. This rate is reasonable in light of my experience, rates charged by other practitioners in my field in the Boston area, and value of my time, given that my practice is now devoted primarily to wage and hour class actions, for which I often obtain compensation greatly beyond my hourly rate. This is the rate I was recently awarded by Arbitrator Mark Irvings at the conclusion of a lengthy employment arbitration proceeding, which involved a wrongful termination claim by a server who was retaliated against for objecting to his employer's tip policy, Bilbilian v. Morton's of Chicago/Boston, Inc., AAA No. 11-160-00217-03 (2006) (Petition Exhibit F), at 15.

10. Examples of cases which I have litigated include Jacob Bradley et al. v. City of Lynn et al, 443 F.Supp.2d 145 (D. Mass. 2006) (co-lead trial counsel in certified class action where federal court held following bench trial that Commonwealth's entry level firefighter hiring examination has disparate impact on minorities and violated Title VII); Janet Calcagno et al. v. High Country Investor, Inc. d/b/a Hilltop Steak House, Essex Superior Court No. 03-0707 (July 25, 2006) (lead counsel for certified class action on behalf of waitstaff employees resulting in approximately $1.8 million jury verdict for the plaintiffs on wage and retaliation claims); Samantha Smith et al. v. Winter Place LLC d/b/a Locke-Ober Co., Inc., 447 Mass. 363 (2006) (SJC ruled that internal complaints of wage violations are protected under anti-retaliation statute); Richard Gasior v. Massachusetts General Hospital, 446 Mass. 645 (2006) (SJC determined that discrimination claims, including claims for punitive damages, survive the plaintiff's

death); Joseph Skirchak et al. v. Dynamics Research Corporation, 432 F.Supp.2d 175 (D. Mass. 2006) (federal court invalidated class action waiver in arbitration clause as substantively and procedurally unconscionable); Richard Dahill v. Boston Police Department, 434 Mass. 233 (2001) (SJC decided upon certification from the federal district court that Massachusetts law would diverge from federal law in prohibiting discrimination against individuals with correctable disabilities, which then resulted in a jury verdict of approximately $850,000) (co-counsel with Harold Lichten); John Sprague v. United Airlines, Inc., 2002 WL 1803733 (disability discrimination case in which the federal court, following a bench trial, ruled in favor of the plaintiff and entered judgment of approximately $1.1 million) (co-counsel with Harold Lichten); Gilbert Hernandez v. Winthrop Printing Co., Suffolk Superior Court, No. 99-04588G (lead counsel in termination case resulting in jury verdict in favor of plaintiff who was retaliated against for complaining of race discrimination); John Bingham v. Lynn Sand & Stone, No. 93-BEM-1491 (lead counsel for case in which an MCAD hearing officer ruled that the complainant had not been hired as a truck driver because of his race); Mayli Shing v. Department of Revenue, Suffolk Superior Court, No. 01-1421 (lead counsel in race discrimination case which settled during trial for $300,000); Jason Michalak et al. v. Boston Palm Corporation, 2004 WL 2915452 (court granted summary judgment in favor of plaintiff servers against restaurant employer for violation of tips statute); Fred Williamson et al. v. DT Management Co. d/b/a Boston Harbor Hotel, Inc., 2004 WL 1050582 (court held that hotel had violated state tips statute); Ann Paratore et al. v. F-1 Boston Café, LLC, Norfolk Superior

Ct. No. 02- 2162 (court granted summary judgment in favor of plaintiff servers against restaurant employer for violation of tips statute); <u>Adam Simms v. City of New York</u>, 160 F.Supp.2d 398 (E.D.N.Y. 2001) (disability discrimination case resulting in partial summary judgment for the plaintiff and, on the eve of trial in federal court, the return to full duty of a New York firefighter with diabetes); and <u>O'Neill v. Commonwealth</u>, 2002 WL 342675 (D. Mass. 2002) (obtained federal court injunction ordering reinstatement of State Police recruit who had been disqualified in violation of his First Amendment rights, for owning adult bookstores); and <u>Moore v. Commonwealth</u>, Civil Action No. 02-10379-RCL (obtained federal court injunction ordering reinstatement of State Police recruit who had been disqualified in violation of her First Amendment rights, for cohabitating with a convicted felon).

9. In the last several years, my specialty has become wage and hour class actions. I have represented hundreds of servers in dozens of lawsuits against restaurants, hotels, and country clubs for not allowing servers to keep the full proceeds of customer tips or service charges. I also represent immigrant workers in a number of class actions challenging employers' wage violations, including failure to pay overtime, minimum wage, and prevailing wages, and misclassification of employees as independent contractors. My case list now also includes approximately a half dozen class action cases involving allegations of national wage violations by prominent employers.

10. In many of these cases, I have obtained favorable court-approved class action settlements. My work on class actions has compensated me at

rates much higher than my hourly rate, since the courts have approved my fees based upon a percentage of the total recovery for the class. I estimate that my effective hourly rate for the time spent on class action cases that have settled has been in the range of $400 - $1,000 per hour.

11.   In 2002, when I had less than four years of experience in employment litigation, Judge O'Toole awarded me a rate of $250 per hour for work I had performed in the federal case of Sprague v. United Airlines, 2002 WL 1803733.

Signed under the pains and penalties of perjury this 26 day of March, 2007.

_____
Shannon Liss-Riordan