Slip Copy
Slip Copy, 2005 WL 3735100 (D.Mass.)
(Cite as: 2005 WL 3735100 (D.Mass.))

Only the Westlaw citation is currently available.

Page 1

United States District Court,
D. Massachusetts.
CHANGE THE CLIMATE, INC., Plaintiff
v.
MASSACHUSETTS BAY TRANSPORTATION
AUTHORITY and Robert H. Prince, Jr., General
Manager of the MBTA, in his official capacity,
Defendants
Lischen RIDLEY, individually and on behalf of
members of the congregation of
the Church with the Good News, Plaintiff
v.
THE MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY and Michael H.
Mulhern,
Defendants
No. Civ.A. 00-10973-REK.

June 8, 2005.
Harvey A. Schwartz, Kimberly H. Scheckner, Rodgers, Powers & Schwartz LLP, Sarah R. Wunsch, ACLU Foundation of Mass, Boston, MA, for Plaintiff.

James A. Aloisi, Peter N. Kochansky, Rudolph F. Pierce, Goulston & Storrs, PC, Boston, MA, for Defendants.

Memorandum and Order

KEETON, Senior J.

I. Pending Matters
*1 The matters pending for decision are associated with the following filings in this case:

(1) Plaintiff's Motion for Award of Attorneys['] Fees and Costs (Docket No. 166, filed February 26, 2005);

(2) Memorandum in Support of Plaintiff's Motion for Attorneys' Fees (Docket No. 167, filed February 26, 2005);

(3) Affidavit of Harvey A. Schwartz, Esq. in Support of Plaintiff's Motion for Attorneys['] Fees (Docket No. 168, filed February 26, 2005);

(4) Affidavit of Sarah Wunsch in Support of Motion for Attorneys['] Fees and Costs (Docket No. 169, filed February 26, 2005);

(5) Defendants' Partial Opposition to Plaintiff's Motion for Award of Attorneys' Fees and Costs (Docket No. 170, filed March 14, 2005);

(6) Plaintiff's Reply to Defendants' Partial Opposition to Plaintiff's Motion for Award of Attorneys['] Fee and Costs (Docket No. 171, filed March 29, 2005);

(7) Stipulation (Docket No. 172, filed April 25, 2005); and

(8) Stipulation (Docket No. 173, filed May 19, 2005).

II. Procedural Background
This case has an extensive procedural history. It is sufficient for the purposes of resolving this motion for attorneys' fees to state just a few major events. Change the Climate filed its original complaint on May 18, 2000. (Docket No. 1) That complaint sought a declaratory judgment that Change the Climate had unconstitutionally been refused advertising space by the MBTA, an injunction forcing the MBTA to display certain advertisements, damages based on the refusal, and a finding that the advertising guidelines of the MBTA were unconstitutional. At the end of the litigation and related appeals, Change the Climate has won the ability to have its advertisements displayed.

Change the Climate filed for attorneys fees on February 26, 2005. (Docket No. 166) The defendant, the MBTA, has only partially opposed the plaintiff's motion for attorneys' fees. (Docket No. 170) The MBTA contests in its opposition papers (1) the extent of Change the Climate's victory; (2) the application of a single hourly rate to both core and non-core work; (3) the reasonableness of the hourly rates requested by Change the Climate; and (4) whether some specific hours and costs billed by Change the Climate attorneys are appropriately compensated. At a hearing held on May 25, 2005, argument was presented on Change the Climate's motion for attorneys' fees.

III. Analysis
A. Introduction

Change the Climate seeks attorneys' fees and costs pursuant to 42 U.S.C. § 1988. Section 1988 allows the awarding of attorneys' fees to the "prevailing party" in civil rights cases. "Although this fee-shifting

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

provision is couched in permissive terminology, awards in favor of prevailing civil rights plaintiffs are virtually obligatory." *Gay Officers Action League v. Commonwealth of Puerto Rico*, 247 F.3d 288, 293 (1st Cir.2001).

No dispute exists in this case that Change the Climate is entitled to some amount of attorneys' fees pursuant to § 1988 as a prevailing party. In order to determine the amount of attorneys' fees to which Change the Climate is entitled, I use the "lodestar" method. *Coutin v. Young & Rubicam, P.R., Inc.*, 124 F.3d 331, 337 (1st Cir.1997). This method requires determining the amount of hours "reasonably expended on the litigation" and multiplying it by a "reasonable hourly rate." *Id.*

B. Scope of Change the Climate's Victory

*2 Determining the attorneys' fees to which Change the Climate is entitled will first require resolving a dispute between the parties concerning the scope of Change the Climate's victory.

> The Court of Appeals for the First Circuit notes that: While "the degree of a plaintiff's success in relation to the other goals of the lawsuit" is not relevant to his "eligibility for a fee award," it is "a factor critical to the determination of the size of a reasonable fee." [*Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 790, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989) ].... The Supreme Court has stated that "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." [ *Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ]. Claims are related where they "involve a common core of facts or [are] based on related legal theories," or where counsel's time is "devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." Id. at 435 ...; *see also Coutin v. Young & Rubicam Puerto Rico, Inc.*, 124 F.3d 331, 339 (1st Cir.1997) (claims unrelated where they "rest on different facts and legal theories" ... ).
> *Schnieder v. Colledio de Abogados de Puerto Rico*, 187 F.3d 30, 42-43 (1st Cir.1999).

In this case, Change the Climate sought to be able to post three advertisements as well as an injunction prohibiting the enforcement of the MBTA's advertising regulations. Change the Climate prevailed on the issue of the advertisements by proving that the MBTA had conducted unconstitutional viewpoint discrimination. Change the Climate lost on the issue of the facial validity of the advertising guidelines, although the MBTA did change the guidelines during the course of the litigation. All of the claims in this case involved a common core of facts. The facts at issue in all of the claims for relief centered on the MBTA's purported application of the MBTA advertising policy to Change the Climate's advertisements. Although Change the Climate lost on the facial validity of the guidelines, inquiry into those guidelines was a necessary part of winning on the ground of the improper application of the guidelines. Therefore, finding that Change the Climate has won substantial relief, I determine that Change the Climate's attorneys' fees should not be reduced based on a failure to win on all of its claims.

C. Whether I Should Allocate Hours Based on the "Core/Non-Core" Distinction

Having determined that Change the Climate's attorneys' fees should not be reduced on the basis of attaining less than a complete victory, I must now resolve what constitutes a reasonable hourly rate. In determining this rate, I must determine whether to apply a uniform rate to all hours billed by each attorney or distinguish between the types of hours billed, determining which hours involved "core" legal work and which hours involved "non-core" legal work.

*3 When determining the reasonable hourly rate at which to bill work, some courts apply a core/non-core distinction. "[C]ore work includes legal research, writing of legal documents, court appearances, negotiations with opposing counsel, monitoring, and implementation of court orders. Non-core work consists of less demanding tasks, including letter writing and telephone conversations." *Wilson v. McClure*, 135 F.Supp.2d 66, 72 (D.Mass.2001) (quoting *Brewster v. Dukakis*, 3 F.3d 488, 492 n. 4 (1st Cir.1993)) (Young, J.). "[N]on-core work is compensated at two-thirds of the particular lawyer's hourly rate for core work." *Id.*

The First Circuit has not mandated the use of either the uniform or the core/non-core method of determining attorneys' fees. "[T]he First Circuit has made clear that a court has discretion to employ either a unified rate for all legal activities or a differential rate for core and non-core activities." *Rolland v.*

Slip Copy                                                                                          Page 3
(Cite as: 2005 WL 3735100, *3 (D.Mass.))

*Cellucci,* 106 F.Supp.2d 128, 143 (D.Mass.2000).

Although it seems that the more prevalent practice in this district is to apply the core/non-core distinction, *see Parker v. Town of Swansea,* 310 F.Supp.2d 376 (D.Mass.2004) (Dein, M.J.) (using the core/non-core distinction); *LaPlante v. Pepe,* 307 F.Supp.2d 219 (D.Mass.2004) (Gertner, J.) (same); *Alfonso v. Aufiero,* 66 F.Supp.2d 183 (D.Mass.1999) (Saris, J.) (same); *McLaughlin by McLaughlin v. Boston School Committee,* 976 F.Supp. 53 (D.Mass.1997) (Garrity, J.) (same), I reject it as unrealistic and potentially inaccurate. The duty of a court in Boston in determining a reasonable fee is to "find the prevailing hourly rate in Boston for attorneys of comparable skill, experience, and reputation as" Change the Climate's attorneys. *Martino v. Massachusetts Bay Transp. Authority,* 230 F.Supp.2d 195, 205 (D.Mass.2002) (Young, J.). In order to do this, I find it helpful to look to the usual billing practices of law firms in the area. Firms simply do not divide their work into core and non-core hours. Therefore, I will not use a method of determining attorneys' fees that is rejected by the very group I find most relevant for comparison.

I will follow the practice of Judge Young in *Systems Management v. Loiselle,* 154 F.Supp.2d 195 (D.Mass.2001), and *Mogilevsky v. Bally Total Fitness Corp.,* 311 F.Supp.2d 212, 217-218 (D.Mass.2004), and determine one rate for each of Change the Climate's attorneys. The amount of work that I find to be worthy of a more inexperienced attorney will factor into my determination of what constitutes a reasonable rate. *See Mogilevsky,* 311 F.Supp.2d at 217-18. As additional support for this method, I particularly note Judge Young's discussion of the risk of double counting when applying the "core/non-core" distinction given the considerations that go into the lodestar calculation. *Systems Mgmt.,* 154 F.Supp.2d at 209.

D. Reasonable Hourly Rates

The parties' next dispute concerns what constitutes a reasonable hourly rate for each of the attorneys. The law for determining hourly rate is multifaceted. "In calculating a reasonable hourly rate, one must consider such factors as the type of work performed, who performed it, the expertise that it required, and when it was undertaken." *Grendel's Den, Inc. v. Larkin,* 749 F.2d 945, 950-51 (1st Cir.1984). The Supreme Court has spoken on the proper way to determine reasonable hourly rates:

*4 [T]he critical inquiry in determining reasonableness is now generally recognized as the appropriate hourly rate. And the rates charged in private representations may afford relevant comparisons.

In seeking some basis for a standard, courts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates. To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to--for convenience--as the prevailing market rate.

*Blum v. Stenson,* 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). An opinion in this district has noted that "the legislative history to § 1988 fees suggests the purpose of fixing a reasonable hourly rate is to arrive at amounts that are adequate to attract competent counsel, but which do not produce windfalls to attorneys." *LaPlante,* 307 F.Supp.2d at 225.

Change the Climate has requested the following rates:

| | |
|---|---|
| Sarah Wunsch: | $350/hr |
| Harvey Schwartz | $350/hr |
| Kimberly Scheckner | $225/hr |
| Laurie Frankl | $225/hr |
| Legal interns/Paralegals | $100/hr |
| Law Students | $75/hr |

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Change the Climate has (1) proffered affidavits explaining its attorneys' relevant experience, (2) submitted affidavits from attorneys in the community concerning the reasonableness of the requested rates, including one citing to a 2004 Massachusetts Lawyers Weekly survey of hourly rates billed by large Boston law firms, and (3) cited to relevant case law in support of the reasonableness of its requested rates. Having reviewed the record as a whole, I find that, even in light of work that the MBTA points out would be classified as "non-core" legal work, the rates claimed by Change the Climate for Sarah Wunsch, Harvey Schwartz, Kimberly Scheckner, the legal interns/paralegals, and the law students are reasonable.

My decision to allow attorneys' fees for law students is in recognition of the fact that this work would likely have been done by attorneys, although possibly with less time and less supervision. Therefore, I find that Change the Climate's request for $75 per hour is reasonable. *But cf. McLaughlin by McLaughlin*, 976 F.Supp. at 67 (holding "[w]here a plaintiff applies for fees for work performed by nonlawyers, any award for this work is limited to the amount of money actually paid to them"); *Rolland*, 106 F.Supp.2d at 144 (awarding $25 per hour for work completed by a "student intern").

I find these requested rates reasonable despite the MBTA's citation to courts awarding lower attorneys' fees in some § 1988 cases and its proffer of the Small Firm Economic Survey. First, I find that the MBTA's arguments concerning attorneys' fees lacks a degree of credibility given the stipulation, entered into by the parties, concerning the amount of fees and hourly rates paid to MBTA attorneys. (Docket No. 173) Although I note that it is this court and not the MBTA that determines what fees are reasonable, I believe that the MBTA's willingness to pay these fees is indicative of what the MBTA believes are the prevailing market rates for attorneys. In addition, I see no reason to limit my review of attorneys' fee case law just to § 1988 cases, though even doing so does not change my determination of the reasonable hourly rates in this case. Although such cases are *highly* relevant, I am reluctant to set a rate that would preclude highly skilled attorneys in other fields from considering civil rights work. Finally, I find the survey provided by the MBTA to be unhelpful because its data for New England are based on seven unidentified firms without indication of the specific locations of those firms. (Def.s' Partial Opp. to Pl.'s Mot. for Award of Attorneys' Fees and Costs, Docket No. 170, Exh. B at 19).

*5 I do, however, find that the requested hourly rate for Laurie Frankl is not adequately supported by the plaintiff's filings. No evidence is provided about the qualifications of Frankl except that she has been a lawyer for five years. Because I am not sure in what capacity she worked, I will treat her as a paralegal and assign a reasonable hourly rate of $100/hr.

B. Are All of the Hours Billed By Change the Climate's Attorneys Reasonable?

1. Introduction

Generally speaking I have found the record to show that the hours billed by Change the Climate are reasonable. The MBTA raises specific concerns about certain hours billed by Change the Climate. Specifically, they focus on (1) time when there was more than one attorney in the courtroom or attending depositions, (2) hours claimed by Ms. Wunsch to find a second attorney to litigate the case with the ACLU, (3) time spent pursuing public records requests of the defendants' legal bills, (4) time spent editing press releases, and (5) the cost of making a delivery to the Boston Globe.

2. Multiple Attorneys at Depositions and Trial

Although I am cautious about awarding duplicative fees, I see no evidence that the presence of multiple attorneys at depositions and trial will result in duplication here. First, I note that the approach I have adopted for determining the reasonable hourly rate includes taking into account time spent on work that normally would be assigned to less experienced attorneys. Second, it is common practice to have more than one attorney present at trial and also not uncommon to have multiple attorneys at depositions. Therefore, I reject the MBTA's request that this time be excluded.

3. Time Spent Seeking An Additional Attorney

Time spent by an attorney searching for an additional attorney may not require "high level" litigation experience, but it is recompensable. As I noted in my treatment of the multiple attorney issue, moreover, the "quality" of work has already been accounted for in my determination of a reasonable hourly rate.

4. Time Spent Pursuing Records Requests, Editing

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Press Releases, and the Cost of Making a Delivery to the Boston Globe

The MBTA contests time spent pursuing records requests concerning the billing rates of MBTA attorneys. The record indicates that this time relates to the determination of attorneys' fees. Attorneys may receive attorneys' fees for time spent pursuing attorneys' fees. *See Wilson*, 135 F.Supp.2d at 72-73 (holding that work done on fee motions can be included in determining the fee award). Therefore, I will reject MBTA's request to exclude this time. I do note, as I have above, that I have made my determination of a reasonable hourly rate cognizant of the type of work for which the attorneys have billed.

I am concerned, however, about the time that has been billed for editing press releases and costs added for a delivery to the Boston Globe. I find that Change the Climate has not met its burden of justifying these hours or costs. I will exclude them from the total award.

F. Tentative Lodestar Calculation

*6 Since the parties have not disputed the arithmetic in this case, I will tentatively adopt their calculation. If the parties, upon review of this decision, dispute the calculation, they can inform the court by June 15, 2005; otherwise this sum will become final on that date and the court will issue a final judgment. Change the Climate's calculation indicates that it is entitled to $427,582 in attorneys' fees and $5,547.12 in costs for a total of $433,129.12.

This total is based on the assumption that Laurie Frankl was billed out at $225/hr for 6.02 hours for a total of $1,353. At $100/hr, the award for Laurie Frankl's time is $602. Therefore, I will subtract $751 dollars from the total award.

In addition, I have ruled that I will exclude the cost of the delivery to the Boston Globe. Therefore, I will subtract an additional $13.23 from the award.

Finally, I will exclude from the total the amount of time billed on the press release. Attorney Schwartz worked on the release. He has been billed at $350/hr. The press release took .28 hours. Therefore, I will subtract an additional $98 from the award.

After subtracting $862.23 from the requested award, I find that the lodestar amount is $432,266.89. In light of the record and the determinations concerning reasonable hourly rates and hours, I will order that the MBTA pay Change the Climate $432,266.89 in attorneys' fees.

G. Time of Entry of Award

At the end of the May 25, 2005, hearing, Change the Climate requested that the award be deemed entered at the time of the entry of judgment as opposed to being entered at the time that this order is issued. I requested that they provide some authority to support this request and they could not. Having conducted my own research on the issue, however, I note that there is a split in the circuits concerning when interest begins to accrue on an attorneys' fees award. *See McDonough v. City of Quincy*, 353 F.Supp.2d 179, 192 n. 12 (D.Mass.2005). The conflict concerns "whether postjudgment interest begins to accrue from the date a judgment *expressly and unconditionally* establishing a party's right to attorneys' fees is entered or from the date of a judgment that establishes the quantum of such fees (in a case where those dates differ)." *Foley v. City of Lowell, Massachusetts*, 948 F.2d 10, 22 n. 16 (1st Cir.1991) (italics added).

This question does not need to be decided in this case. The Court of Appeals decision entering judgment in favor of Change the Climate and remanding the case merely indicates that I should make a "determination of the issue of attorney's [sic] fees for Change the Climate." (Docket No. 162) The opinion of the Court of Appeals merely notes that Change the Climate prevailed on its viewpoint discrimination argument and "remand[ing] to the district court for further proceedings on attorney's[sic] fees." *Ridley v. Massachusetts Bay Transp. Authority*, 390 F.3d 65, 96 (1st Cir.2004). Neither of these is "a judgment expressly and unconditionally establishing a party's right to attorneys' fees[.]" *Foley*, 948 F.2d at 22 n. 16.

*7 If Change the Climate were "unconditionally entitled to such fees by statutory right," it might be necessary to resolve this issue despite the fact that the Court of Appeals decision does not award attorneys' fees. *Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542, 544-45 (5th Cir.1983) (en banc) (establishing a rubric for determining when interest runs on an award of attorneys' fees and explaining that interest will run in the absence of an express judgment that attorneys' fees are due if the fees are unconditionally required by statute), *overruled in part on other grounds by J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 790 F.2d 1193, 1195 (5th Cir.1985),

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
(Cite as: 2005 WL 3735100, *7 (D.Mass.))

Page 6

*aff'd*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). Section 1988, however, does not unconditionally require that attorneys' fees be granted. *See Mogilevsky*, 311 F.Supp.2d at 224-225 (noting that § 1988 indicates that a court *may* award attorneys' fees). *But see Gay Officers*, 247 F.3d at 293 (noting that attorneys' fees are "virtually obligatory" for prevailing plaintiff's in civil rights cases); *see also Parker v. Town of Swansea*, 310 F.Supp.2d 376 (D.Mass.2004) (citing *Foley* in support of awarding interest from the time of its judgment in favor of the plaintiff in a § 1983 case). Also, cases involving solely equitable relief require a determination of the significance of the relief won. *See Gay Officers*, 247 F.3d at 293. Therefore, interest will run from the date this Memorandum and Order is entered.

### ORDER

For the foregoing reasons, it is ORDERED:

Plaintiff's Motion for Award of Attorneys['] Fees and Costs (Docket No. 166) is ALLOWED IN PART and DENIED IN PART as explained in the above Memorandum.

### Final Order

In a Mandate entered on December 27, 2004, the Court of Appeals for the First Circuit stated:

Upon consideration whereof, it is now here ordered, adjudged and decreed as follows: The decision of the district court in the Ridley case (U.S.D.C. no. 02-CV-10113-REK) granting judgment to the MBTA on the ground there was no viewpoint discrimination is affirmed. The decision in Ridley, which was entered in the district court's Change the Climate judgment (U.S.D.C. no. 00-CV-10973- REK), is reversed as to the finding that the "demeaning or disparaging" guideline is constitutionally flawed and as to the retention of jurisdiction over this issue. Entry of declaratory judgment is awarded to the MBTA as to the facial validity of the sets of guidelines at issue in both Ridley and Change the Climate. The district court's decision in Change the Climate on viewpoint discrimination grounds is reversed with directions to enter declaratory judgment for Change the Climate on those grounds. The cases are remanded to the district court for entry of judgment consistent with the opinion issued this day and for determination of the issue of attorney's fees for Change the Climate. Each side having prevailed on portions of this case, no costs are awarded.
*8 (CA No. 00-10973, Docket No. 162; CA No. 02-10113, Docket No. 61) Therefore, pursuant to the Mandate of the Court of Appeals for the First Circuit and consistent with the decision of the Court of Appeals for the First Circuit in *Ridley v. Massachusetts Bay Transportation Authority*, 390 F.3d 65 (1st Cir.2004), it is ADJUDGED:

The Clerk is directed to enter separate final judgments in Civil Action Nos. 00-10973-REK and 02-10113-REK indicating the following:

In Civil Action No. 00-10973-REK:
For the reasons noted in the Final Order issued on this date, it is ADJUDGED:
(1) Judgment in favor of defendant MBTA on the facial validity of the MBTA guidelines.
(2) Judgment in favor of plaintiff Change the Climate concerning the request for a declaratory judgment that the decision of the MBTA not to post certain advertisements was based on viewpoint discrimination in violation of Change the Climate's First Amendment rights. Attorneys' fees and costs were awarded to Change the Climate in the Memorandum and Order issued June 8, 2005. (Docket No. 174) That decision, as superceded by the Procedural Order issued on this date, became final pursuant to its own terms on June 15, 2005, and no additional document is necessary pursuant to Federal Rule of Civil Procedure 58(a)(1)(C) to make that judgment final.
(3) This case is CLOSED.

In Civil Action No. 02-10113-REK:
For the reasons noted in the Final Order issued on this date, it is ADJUDGED:
(1) Judgment in favor of the defendants. As noted in the Final Judgment issued on June 5, 2003 (Docket No. 55) defendants are awarded costs pursuant to Federal Rule of Civil Procedure 54(d)(1).
(2) This case is CLOSED.

### Final Judgment

In light of the Final Order issued on this date, it is ADJUDGED:

(1) Judgment in favor of defendant MBTA on the facial validity of the MBTA guidelines.

(2) Judgment in favor of plaintiff Change the Climate concerning the request for a declaratory judgment that the decision of the MBTA not to post certain advertisements was based on viewpoint discrimination in violation of Change the Climate's First Amendment rights. Attorneys' fees were awarded to Change the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Climate in the Memorandum and Order issued June 8, 2005. (Docket No. 174) That decision, as superceded by the Procedural Order issued on this date, became final pursuant to its own terms on June 15, 2005, and no additional document is necessary pursuant to Federal Rule of Civil Procedure 58(a)(1)(C) to make that judgment final.

(3) This case is CLOSED.

## Memorandum and Order
### I. Pending Matters

Pending for decision are matters related to the following filings:

(1) Plaintiff's Motion for Leave to File Motion for Attorneys Fees Late (Docket no. 154, filed October 9, 2003);

(2) Plaintiff's Motion for Award of Attorneys Fees and Costs (Docket No. 155, filed October 9, 2003);

(3) Defendants' Opposition to Plaintiff's Motion for Award of Attorney's Fees and Costs (Docket No. 158, filed October 22, 2003).

### II. Procedural and Factual Background

*9 This is an action brought under 42 U.S.C. § 1983. On August 1, 2003, I ordered final judgment. In relevant part, the order of final judgment stated:

(1) The MBTA Guidelines that were in effect when this civil action was filed were constitutionally flawed. For this reason, defendants were not entitled to a judgment of dismissal of this civil action with prejudice.

(2) Neither plaintiff nor defendants qualify to act as representative of the public interest in the outcome of this case. Neither took positions in this case compatible with public interests at stake in this proceeding, which include not only the economic and social interests of the parties, but also the economic, social, political, and cultural interests of all of the users of MBTA buses, subway lines, ferries, and commuter trains and the parents and school administrators of the public and private school children regularly using MBTA facilities to travel between home and schools, and being a captive audience during substantial parts of that travel.

Final Judgment (Docket No. 144). In the attached Opinion, I described this judgment as one "that denies all parties the sweeping victories they have demanded [and] grants to each the more limited declaratory relief that is appropriate...." Opinion (Docket No. 144) at 4.

The plaintiff now moves for an award of attorneys' fees and costs.

### III. Disposition of Pending Matters

Under 42 U.S.C. § 1988(b), "[i]n any action or proceeding to enforce a provision of section[ ] 1983 ... of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs...." "Although this fee-shifting provision is couched in permissive terminology, awards in favor of prevailing civil rights plaintiffs are virtually obligatory." *Gay Officers Action League v. Commonwealth of Puerto Rico*, 247 F.3d 288, 293 (1st Cir.2001).

Here, I conclude that neither party prevailed within the meaning of 42 U.S.C. § 1988(b).

Typically, achieving prevailing party status requires a plaintiff to show that he succeeded on an important issue in the case, thereby gaining at least some of the benefit he sought in bringing suit. Put another way, "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendants behavior in a way that directly benefits the plaintiff."

*Id.* (citations omitted) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). Although I initially ruled that the MBTA Guidelines were "constitutionally flawed," 214 F.Supp.2d 125, 129 (D.Mass.2002), in the opinion accompanying final judgment in this case, I concluded that the plaintiff "has not demonstrated that the MBTA's decision was an impermissible restriction." Opinion at 19. I did not award any damages or injunctive relief. Although I granted limited declaratory relief, nothing in the Opinion or Final Judgment requires the MBTA to post the plaintiff's advertisements, or to modify its guidelines so as to allow advertisements such as the plaintiff's.

*10 I rule that my order did not materially alter the legal relationship between the parties. In these circumstances, the plaintiff did not prevail within the meaning of 42 U.S.C. § 1988, making it inappropriate for me to award attorneys' fees.

### ORDER

For the foregoing reasons, it is ORDERED:

(1) Plaintiff's Motion for Leave to File Motion for

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  
(Cite as: 2005 WL 3735100, *10 (D.Mass.))

Page 8

Attorneys Fees Late (Docket No. 154) is ALLOWED.

(2) Plaintiff's Motion for Award of Attorneys Fees and Costs (Docket No. 155) is DENIED.

Slip Copy, 2005 WL 3735100 (D.Mass.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.