UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN WALSH,<br>   Plaintiff<br><br>v.<br><br>BOSTON UNIVERSITY<br>   Defendant. | Civil Action No. 04-CV-11240-RCL |

**AFFIDAVIT OF ROBERT S. MANTELL**

1. I am an attorney who concentrates in the representation of plaintiffs in employment discrimination cases. I have successfully litigated discrimination cases against a wide variety of corporate, and public employers; have served on the faculty of continuing legal educations seminars for the MBA, MCLE, the Massachusetts Employment Lawyers Association (MELA) and national and regional conferences of the National Employment Lawyers Association. I am currently Vice Chair of MELA.

2. I am very familiar with the substantial work entailed in representing plaintiffs who are trying to vindicate their employment rights, and the complexity of the ensuing litigation in the United States District Court for the District of Massachusetts. Litigation of handicap discrimination and FMLA claims are particularly complicated, and it is a considerable benefit to a Plaintiff seeking to pursue such claims to retain a lawyer with substantial expertise in those areas.

3. I have known Rebecca Pontikes for approximately seven years, both through MELA and through other professional contacts, and have considerable knowledge of her skills and her reputation within the employment lawyers bar. Ms. Pontikes has worked in a firm that shares office space with the firm I work with for approximately three years. We have had frequent opportunity to discuss employment law issues, and I have actively sought her advice. I have worked with Ms. Pontikes and I was impressed with the depth and high quality of her work. I have also had the opportunity to hear her speak as a presenter, such as when we were co-presenters at the MBA Labor and Employment Law Spring Conference, held in June 2006.

4. Ms. Pontikes is regarded as a knowledgeable and hard-working lawyer, who is a steadfast advocate for employee rights and an experienced practitioner in the field. She is often called upon as a speaker for CLEs, and she is Secretary of the Board of Directors of the Women's Bar Association.

5. I am familiar with the billing rates of Boston area attorneys, and believe that Ms. Pontikes' requested rate of $275.00 an hour is well within what is normal for the market.

6. Ms. Pontikes has been a lawyer for approximately ten years. In that time she has concentrated almost exclusively in Plaintiff-side employment law, and has been employed in firms which similar emphasis.

7. In 2005, the Massachusetts Commission Against Discrimination (MCAD) awarded Ms. Pontikes attorneys fees at a rate of $250/hr. Gillis v. Hull, 2005 Mass. Comm. Discrim. Lexis 65. With the passage of two years since that award,

I believe that Ms. Pontikes' reasonable rate has increased at least by $25/hr, to $275/hr.

8. In 2003, four years ago, the MCAD awarded John Tocci, Esq. attorneys fees at the rate of $275/hour. That award was upheld by the Appeals Court. <u>School Committee of Norton v. MCAD</u>, 63 Mass. App. 839, 851 (2005), affirming 25 MDLR 62 (2003). I believe that Ms. Pontikes has a similar range of experience and expertise as Mr. Tocci, with whom I am also acquainted.

9. Moreover, as I practice in a small employment firm primarily representing employees, I understand the pressures on such firms to invest time into contingency-fee cases over a course of years without any payment for many years. Such delays in payment can create enormous financial burdens on small firms, which can be alleviated somewhat by their obtaining fair market rates for their attorneys' time at the conclusion of successful cases.

10. Based on the above, I conclude that the rate requested by Ms. Pontikes is eminently reasonable.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY.

_/s/ Robert S. Mantell_               3/26/07
Robert S. Mantell                     Date

Walsh affidavit pontikes