**Elswit, Lawrence S**

---

**From:** Rebecca Pontikes [rpontikes@prle.com]
**Sent:** Wednesday, February 28, 2007 5:23 PM
**To:** Elswit, Lawrence S
**Cc:** Talley, Crystal D
**Subject:** RE: Jack Walsh

Hi Larry,

In that case, we best start on the documents which are needed for the pre-trial conference. I will start drafting that document and provide it to you by the deadlines in the court's order.

As they say, we'll see you in court (both figuratively and literally).

Best,
Rebecca

*Rebecca G. Pontikes*
Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 367-7200 (tel)
(617) 367-4820 (fax)
rpontikes@prle.com

This email message and any attachments are attorney-client privileged and may contain confidential information. Any distribution, copying, or disclosure of this information is strictly prohibited. If you are not the intended recipient of this email, please notify the sender of the error and delete the message immediately. The unintended release of the information contained in this email does not constitute a waiver of the attorney-client privilege.

---

**From:** Elswit, Lawrence S [mailto:lelswit@bu.edu]
**Sent:** Wednesday, February 28, 2007 9:54 AM
**To:** Rebecca Pontikes
**Cc:** Talley, Crystal D
**Subject:** RE: Jack Walsh

Good morning, Rebecca -

Christy and I have discussed your position with our clients. The University has decided not to mediate this case unless we receive a commitment that your client, and your firm, are prepared to settle this case in the low five-figure range. We strongly believe that this case has no intrinsic value and do not want to be force-fed a Solomonesque settlement. We recognize the benefits of risk reduction, and my clients - those you have met and those you haven't - are both sophisticated and realistic. They agree with our analysis of the merits and are prepared to assume the risk of trial if this case cannot be resolved for what, given the facts, is a reasonable figure - i.e., nuisance value. Kenn Elmore is still willing to write a generic letter of reference if this case goes away.

Regards,

Larry

---

**From:** Rebecca Pontikes [mailto:rpontikes@prle.com]

4/28/2007

**Sent:** Friday, February 16, 2007 5:27 PM
**To:** Elswit, Lawrence S
**Cc:** Talley, Crystal D
**Subject:** RE: Jack Walsh

Larry and Crystal,

Crystal, I'm happy to make your acquaintance via email. I am sure we will meet soon in person.

I have shared your email with my client.

As I have conveyed in the past, my client's current position is negotiable and that is why I believe mediation is appropriate at this juncture. That said, this case cannot settle in the range which you proposed to me over the telephone. However, I'm certain there is a number between my client's offer and the range where your clients are which would be acceptable to both given the risks of litigation and the costs to both sides, particularly if Mr. Elmore will be willing to give my client a good reference as you represent below. If we went to mediation, a good mediator will likely be able to find an area of agreement between the two sides. In my opinion, mediation is worth it because it will be an outside opinion for our clients to hear that will probably carry more weight than anything we have to say. Also, as I've said before, if we do not mediate now, it will be impossible in the future. The attorney's fees will likely be too high to make settlement an option.

Those are my thoughts on the matter. As you know, you are free, and welcome, to give me a call to further discuss this issue.

Have a good long weekend,
Rebecca

*Rebecca G. Pontikes*
Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 367-7200 (tel)
(617) 367-4820 (fax)
rpontikes@prle.com

This email message and any attachments are attorney-client privileged and may contain confidential information. Any distribution, copying, or disclosure of this information is strictly prohibited. If you are not the intended recipient of this email, please notify the sender of the error and delete the message immediately. The unintended release of the information contained in this email does not constitute a waiver of the attorney-client privilege.

**From:** Elswit, Lawrence S [mailto:lelswit@bu.edu]
**Sent:** Thursday, February 15, 2007 10:30 AM
**To:** Rebecca Pontikes
**Cc:** Talley, Crystal D
**Subject:** Jack Walsh

Rebecca,

Kenn Elmore, the University's Dean of Students, received an email from Jack Walsh, requesting that he write Jack a letter of reference (Jack also applied for a position in Kenn's office). Under the circumstances I have advised Kenn not to respond. Kenn informs me that he would, under other circumstances, be willing to write such a letter. If this case resolves shortly he will be happy to revisit the idea, to the benefit of your client.

4/28/2007

However, as expected, my clients have no interest in a settlement in the neighborhood of $250,000, and unless you and Mr. Walsh are willing to consider a settlement along the lines I proposed, I'm not sure there is any benefit to mediation. My clients and I firmly believe that this matter was handled properly and patiently, and that the case has nuisance value, no more than that. If we were to get to mediation, and a mediator recommended settling along the lines I have suggested, would you and your client agree to something like that? Unless I get a firm commitment that you are prepared to consider a very modest resolution I don't see the point. I might add that if we resolve this case for the modest sum I have suggested we can include language to the effect that Dean Elmore will write a letter of reference.

If the answer is, yes, then let's continue our discussion. If not, I'm not sure there is any point. What do you think?

By way of this email I'd like to introduce you to my colleague and co-counsel, Christy Talley. Christy joined our office shortly after the Red Sox won the World Series, after spending the first years of her career at Ropes & Gray. You will meet her at some point in the upcoming months.

Cordially,

Larry


Larry Elswit

Boston University
Office of the General Counsel
125 Bay State Road
Boston, MA 02215

617/353-2326 (phone)
617/353-5529 (fax)

4/28/2007