## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN WALSH, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-CV-11240-RCL |
| | ) | |
| BOSTON UNIVERSITY | ) | |
| Defendant. | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S
## MOTION FOR RELIEF FROM JUDGMENT

Defendant, through its highly experienced counsel, made a Rule 68 offer of judgment that did not mention attorneys' fees. Plaintiff accepted this offer, relying on its plain terms and on the overwhelming authority that such offers permit a separate application for statutory attorneys' fees. Recognizing its mistake, Defendant now asks the Court to grant the extraordinary remedy of vacating the judgment. Faced with precisely such circumstances, courts have consistently declined to excuse such carelessness. As numerous cases discussed herein have recognized, permitting a defendant to claim after the fact that its offer means something other than what it says would completely defeat the purpose of Rule 68, which is to resolve litigation, not multiply it.

This Court should likewise reject Defendant's claim that Plaintiff is not a "prevailing party" and is therefore not entitled to *any* attorneys' fees. This contention flies in the face of overwhelming authority that clearly establishes that a plaintiff who obtains a monetary judgment, including by accepting an offer of judgment, is a prevailing party. Because Defendant offers no other opposition to Plaintiff's request for

1

attorney fees (and does not dispute the hours billed or the rates applied), this Court should grant the application in its entirety.

## ARGUMENT

### I.    DEFENDANT'S FAILURE TO MENTION ATTORNEYS' FEES IN ITS RULE 68 OFFER ENTITLES PLAINTIFF TO SEPARATELY MOVE FOR SUCH FEES AS A PREVAILING PARTY

Acknowledging its "mistake," Defendant concedes what it must: that where, as here, a Rule 68 offer is silent as to attorneys' fees, the plaintiff may accept the offer and separately recover attorneys' fees under the applicable fee-shifting statute. Case after case has affirmed this principle. *See, e.g., Utility Automation 2000, Inc. v. Choctawhatchee Elect. Coop., Inc.,* 298 F.3d 1238, 1243-44 (11th Cir. 2002)*; Webb v. James,* 147 F.3d 617, 622-23 (7th Cir. 1998); *Nusom v. Comh Woodburn, Inc.,* 122 F.3d 830, 834 (9th Cir. 1997); *Chambers v. Manning,* 169 F.R.D. 5, 8 (D. Conn. 1996). To avoid liability for such fees, a defendant need only state expressly that the offer includes all fees; when defendants do not do so, whether or not intentionally, plaintiffs are entitled, as prevailing parties, to recover such fees. *See Webb,* 147 F.3d at 622; *see also* 12 Wright, Miller & Marcus, *Federal Practice & Procedure Civ.2d* § 3005.1 ("[E]ven defendants who honestly believe that they have capped their total liability may find that they are required to pay plaintiff's attorneys' fees in addition to the sum in the Rule 68 offer because their offers did not explicitly provide otherwise.") (collecting cases).

Defendant does not seriously contest these well-established principles, but instead relies on extrinsic evidence that supposedly shows that despite its plain language, which makes no mention of attorneys' fees, the offer of judgment in fact

included such fees. This argument, and the proffer in support of it, finds no support in the law and must be rejected.

First, the Court should refuse as a matter of law to consider any extrinsic evidence.[1] "Because rejection of the offer [of judgment] can have such serious consequences for the plaintiff, courts have rightly been reluctant to allow defendants to challenge the meaning of an offer of judgment, either before or after acceptance." *Webb,* 147 F.3d at 617. The offer here unambiguously did not include attorneys' fees, and the law unambiguously permits plaintiffs who accept such offers to separately recover their fees. To permit defendants to inject uncertainty into a Rule 68 offer after the fact would place a plaintiff faced with such an offer in the untenable position of "guessing what a court will later hold the offer means." *Webb,* 147 F.3d at 623; *Chambers*, 169 F.R.D. at 8; *Said v. Virginia Commonwealth Univ.*, 130 F.R.D. 60, 63-64 (E.D. Va.1990); *Rohrer v. Slatile Roofing & Sheet Metal Co.*, 655 F. Supp. 736, 739 (N.D. Ill. 1987); *see also Erdman v. Conchise County,* 926 F.2d 877, 880 (9th Cir. 1991) ("[I]t would be ludicrous and manifestly unjust to allow the Defendants to argue after the fact that their offer really means more than it says.") (citation and quotation marks omitted). Further, "[t]o subject Rule 68 offers to such collateral proceedings would undermine entirely the purpose of the rule." *SAS v. Trintex*, 709 F.R.D. 455, 458 (S.D.N.Y. 1989) (rejecting defendant's argument that "this court must determine what its intentions were in making the offer and what the plaintiff's assumptions were in accepting it"); *accord Webb*, 147 F.3d at 619 (purpose of Rule 68 is to "avoid protracted litigation"); *cf. Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health &*

---

[1]    The extrinsic evidence offered by Defendant consists almost entirely of confidential settlement negotiations between counsel. Plaintiff did not consent to the disclosure of these discussions, and therefore objects to their consideration for this reason in addition to those discussed immediately below.

*Human Resources,* 532 U.S. 598 (2001) ("[A] request for attorneys' fees should not result in a second major litigation ..., and [we] have accordingly avoided an interpretation of the fee-shifting statutes that would have spawn[ed] a second litigation of significant dimension.") (internal citation and quotation marks). Finally, even if there were a basis to deem the offer here as ambiguous regarding payment attorneys' fees, the very "contract principles" Defendant relies on require that such ambiguity be construed against the drafter. *See Utility Automation 2000,* 298 F.3d at 1244 ("Any ambiguity in the terms of an offer [of judgment] must be resolved against its drafter, and therefore absent a clear indication to the contrary, the accepting party cannot be deemed to have received its fees or waived the right to seek them."); *Webb,* 147 F.3d at 623 ("[D]efendants should bear the burden of the ambiguity created by their silence on fees. The ADA provides for attorneys' fees for the prevailing party and defendants said nothing in the offer to terminate that statutory liability.").

Even if it were proper for the Court to consider extrinsic evidence (which Plaintiff denies), Defendant's feeble showing here fails entirely to establish that both parties "clearly understood" that the offer included attorneys' fees, (Defendant's Memorandum in Support of Defendant Trustees of Boston University's Motion for Relief for Judgment ("Def. Mem.") at 8). On the contrary, the discussions prove just the opposite. As the e-mails between counsel reflect, shortly before the formal offer of judgment was made, Plaintiff had made a demand of $250,000, and had rejected Defendant's offer to settle "in the low five-figure range." (Attachment 4 to Affidavit of Lawrence S. Elswit, Esq., ("Def. Ex. 4") at 1). A year earlier, Plaintiff had demanded $220,000, noting that there were "significant attorneys' fees incurred to date" and that continued litigation would

4

only increase these fees and make settlement more difficult. (Def. Ex. 2 at 1-2.) Thus,

Defendant "clearly understood" that Plaintiff's settlement position comprised a

substantial amount in attorneys' fees. Absolutely nothing Defendant has pointed to or

could point to suggests that Plaintiff would have been willing to accept a settlement of

$15,000 inclusive of fees. *See Sas*, 709 F. Supp. at 458 ("The simple and obvious fact

of the matter is that ... [the] offer would not have been accepted had it included

attorneys' fees. Defendant's counsel simply erred in failing to protect against an

acceptance of the offer followed by a request for costs, including attorneys' fees.

Defendant's motion, therefore, is denied.").

Against this background, Plaintiff could only assume, as the law governing Rule

68 offers makes clear, that the offer was not intended to include attorneys' fees within

the amount offered. The reasonableness of this assumption is supported not only by the

caselaw discussed above, but by the fact that the amount offered plus Plaintiff's

attorneys' fees – a sum of approximately $135,000 – roughly splits the difference

between the parties' last-expressed settlement positions. Far from "snap[ping] up an

offer that is too good to be true," (Def. Mem. at 9), Plaintiff accepted an offer that

provided him with only slightly more than half of his final demand, and that represented

a classic compromise.

Indeed, it would have been entirely unreasonable to assume that the offer of

$15,000 did include all fees and costs, since such an offer would have served no

purpose to *Defendant*. When a Rule 68 offer includes attorneys' fees and costs, in order

to determine whether the "judgment finally obtained" is "more favorable" than the offer,

"the fees and costs accrued at the time of the offer should be added to the amount of

judgment for purposes of the Rule 68 comparison." *Barrow v. Greenville Indep. Sch. Dist.*, 2005 WL 1867292, at *23 (N.D. Tex. Aug. 5, 2005) (citing cases from five circuits so holding).[2] Thus, if Plaintiff had recovered *any* amount at trial, even an amount much lower than $15,000, the "judgment finally obtained" would indisputably have more favorable than an all-inclusive offer of judgment of $15,000, since it was obvious that Plaintiff's attorneys' fees as of the time of offer of judgment well exceeded this amount.[3] Plaintiff was entitled to assume that defense counsel, an experienced attorney who has been in litigation for many years, understood the Federal Rules and their application, and would not have made an offer that was effectively a nullity.

The sole "evidence" Defendant offers to support its contention that Plaintiff understood the offer of judgment to include costs and fees is that Plaintiff's counsel did not immediately return phone calls from defense counsel made after the offer had already been accepted. (Def. Mem. at 9.) This naked speculation self-evidently fails to demonstrate Plaintiff's counsel's state of mind, particularly in light of the explanation already provided to defense counsel, and which is not disputed, that the primary attorney handling the case, Rebecca Pontikes, was moving to a new law firm in a less than two weeks and was entirely consumed with the details of the transition. (Def. Ex.

---

[2]    By way of example, the plaintiff in *Marryshow v. Flynn*, 986 F.2d 689, 691 (4th Cir. 1993) rejected a $20,000 lump-sum offer of judgment that expressly included all costs and attorney's fees. At trial, plaintiff obtained a verdict of only $14,500. At the time the offer of judgment was made, however, plaintiff's attorneys' fees were $11,800. On this basis, the Fourth Circuit found that the result achieved at trial was in fact "more favorable" than the offer of judgment of $20,000, since the $14,500 in damages, plus the $11,800 in fees accrued at the time the offer was made, exceeded $20,000. *Id.* at 692. Accordingly, the plaintiff was a prevailing party entitled to attorney's fees. *Id.* at 692-93.

[3]    The offer came nearly three years after the case had been filed, after a lengthy and exhaustive discovery period that included a three-day deposition of Plaintiff, and after Plaintiff had defended, successfully, against both a motion to dismiss and a motion for summary judgment. Thus, even had Plaintiff's counsel not explicitly alerted defense counsel, a year before the offer of judgment, that Plaintiff had already incurred "significant fees," (Def. Ex. 2 at 1), the fact that those fees were high, and in any event well above $15,000, could not have been in doubt at the time the offer of judgment was made.

5.) There is simply no basis to impute an improper or tactical motive to Plaintiff's counsel's brief delay in responding to messages from defense counsel *after the offer had been accepted*, especially considering that the messages themselves contained no mention whatsoever of defense counsel's alleged desire to correct his mistake. (Def. Mem. at 9; Def. Exs. 5 ("we need to discuss logistics"); Ex. 6 (stating that counsel wished to clear up "logistical issues" such as "canceling the pretrial").) In any event, there would have been no legal basis for Defendant to amend or clarify the already-accepted offer; an offer of judgment cannot be revoked even *before* it is accepted, much less after. *See Richardson v. Nat'l R.R. Passenger Corp.,* 49 F.3d 760, 764 (D.C. Cir. 1995) (offer irrevocable during 10-day period); *Webb,* 147 F.3d at 621 (contract doctrine of recission is inapplicable to accepted Rule 68 offer)[4]; *see also Sas,* 709 F. Supp. at 458 (permitting judgment to stand despite defendant's contention that "plaintiff's counsel knew that the offer of judgment was intended to be a total figure, including costs and fees, and that plaintiff's counsel was guilty of a sharp practice in accepting the offer which, by its terms, was not so limited").

All of these circumstances plainly distinguish this case from *Radecki v. Amoco Oil Co.,* 858 F.2d 397 (8th Cir. 1988), upon which Defendant relies almost exclusively. Unlike here, where Defendant never attempted to clarify its offer (even though it was not accepted until 10 days after it was served), the defendant in *Radecki* served two offers of judgment on successive days, the second of which clarified the first by stating explicitly that the amount offered included attorneys' fees. *Id.* at 399. It was undisputed

---

[4]    An additional reason cited by the Seventh Circuit for refusing to allow recission in the context of Rule 68 is that entry of judgment following acceptance of the offer is "ministerial rather than discretionary," and thus "there is no opportunity for a district court to even consider allowing recission of the Rule 68 'contract.'" *Webb,* 147 F.3d at 621.

that the plaintiff in *Radecki* had received the second, unambiguous offer, but chose to ignore it and accepted the first. *Id.* Thus, the defendant in *Radecki* had made its intentions regarding attorneys' fees explicit, unambiguous, and in writing, and did so before plaintiff accepted the offer and moved for fees. Under these circumstances, the court held simply that a defendant may *clarify* an offer before it is accepted, and said nothing about recission *after* acceptance, the relief Defendant seeks here. *Id.* at 402. Furthermore, the record in *Radecki* contained overwhelming evidence that even the first offer of judgment represented a lump-sum offer inclusive of fees. *Id.* at 401-02. Among other things, the offer in *Radecki* closely approximated the parties' previous settlement figures, which were themselves close. *Id.* at 399. Here, as discussed, the parties were far apart, and there is nothing whatsoever in the record to suggest that Plaintiff would possibly have accepted a $15,000 lump sum settlement inclusive of attorneys' fees. *See Kyreakakis v. Paternoster*, 732 F. Supp. 1287, 1293 (D.N.J. 1990) (distinguishing *Radecki* on these and other grounds). Because *Radecki* involved far different facts than those here, and presented a different legal question, it does not support Defendant's argument.

## II. DEFENSE COUNSEL'S CARELESSNESS IN DRAFTING THE RULE 68 OFFER PROVIDES NO BASIS FOR RELIEVING DEFENDANT FROM JUDGMENT UNDER RULE 60(B)(1)

As Defendant recognizes, relief under Rule 60(b) is "extraordinary in nature" and requires, *inter alia*, "exceptional circumstances [that] justify granting extraordinary relief." *Caisse v. DuBois*, 346 F.3d 213, 215 (1st Cir. 2003). Far from being "exceptional," Defendant's "mistake" here, as the above cases demonstrate, is entirely commonplace in the litigation surrounding Rule 68 and therefore insufficient to meet the difficult

standard of Rule 60(b)(1). More generally, it is black-letter law that Rule 60(b)(1) cannot be used to relieve a party from the carelessness or mistake of law of its chosen counsel.

As discussed, Rule 68 forces plaintiffs to make a difficult decision in a short period of time, and places them "at their peril whether they accept or reject" the offer. *Webb,* 147 F.3d at 621. Because of the careful and high-stakes decision-making that the rule demands of a plaintiff, courts have recognized the unfairness of relieving a defendant who fails to take similar care. *See id.*[5] In case after case, courts have rejected pleas from defendants identical to Defendant's here seeking under Rule 60(b) to undo the consequences of their failure to understand the import of the language they used in a Rule 68 offer of judgment. *See, e.g., Webb,* 147 F.3d at 622 ("The district court was not obliged to relieve [defendant] of the burden of a unilateral mistake of law regarding the effect of [controlling Supreme Court authority] or the attorneys' fees provision of the ADA."); *Aynes v. Space Guard Prods.,* Inc., 201 F.R.D. 445, 449 (S.D. Ind. 2001) ("Any effort to research Rule 68 would have alerted an attentive lawyer to the possibility of attorneys' fees being [awarded in addition to the amount of the offer], and in fact a host of examples demonstrating how to draft a Rule 68 offer in order to avoid the present confusion was also readily available."); *Laskowski v. Buhay,* 192 F.R.D. 480, 484 (E.D. Pa. 2000) (defendants' mistake of law about the significance of the terms of its Rule 68 offer provides no basis for relief from judgment); *see also Latshaw v. Trainer Wortham & Co., Inc.,* 452 F.3d 1097, 1101 (9th Cir. 2006). Because of the serious consequences a Rule 68 offer carries for both parties, it is incumbent on the

---

[5]    *See also Said,* 130 F.R.D. at 63 (noting the "dilemma" facing a Rule 68 offeree, who unlike an ordinary contract offeree does not have the "luxury" either of refusing the offer without consequences of making a counteroffer "to assure that he has not bound himself to terms that will later turn out to be unfavorable.").

defendant to exercise due care in drafting the agreement. *See Kirkland v. Sunrise Opportunities, Inc.*, 200 F.R.D. 159, 163 (D. Me. 2001) ("When defendants approach Rule 68, they best tread with caution. Because a defendant has the opportunity to draft an offer of judgment, thereby forcing the plaintiff to make a crucial decision in ten short days, the defendant has an obligation to make that offer of judgment as clear and unambiguous as possible.") *Taylor v. Chevrolet Motor Div.*, 1998 WL 341924, at *2 (E.D. Pa. June 24, 1998) ("If there is any occasion in civil litigation which calls for caution and care by counsel, it is the drafting of a Rule 68 offer."); 12 Wright, Miller & Marcus, *Federal Practice & Procedure* § 3005.2 (relief under Rule 60(b) from judgment based on Rule 68 should be denied "in all but the most extraordinary circumstances").

Cases denying relief for attorney error specifically regarding Rule 68 comport with an even larger body of authority that almost categorically rejects an attorney's mistaken interpretation of the law as a grounds for relief under Rule 60(b)(1). *See, e.g., FHC Equities, L.L.C. v. MBL Life Assurance Co.*, 188 F.3d 678, 684, 685-86 (6th Cir. 1999) ("Plaintiff does not point us to a single case, however, which holds that attorney misinterpretation of the law can constitute "mistake" under Rule 60(b)(1).") (collecting cases); *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986) ("[A]n attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment."); *see also Tingley Sys., Inc. v. CSC Consulting, Inc.*, 919 F. Supp. 48, 55 (D. Mass. 1996) (Lindsay, J.) ("Where a party takes a voluntary action that compromises or extinguishes a claim, that party may not have relief from judgment under Rule 60(b)(1) merely because the party-as here-misapprehends the consequences of the action taken."), *rev'd on other grounds sub nom. Bay State HMO*

*Mgmt., Inc. v. Tingley Sys., Inc.,* 181 F.3d 174 (1st Cir. 1999). The First Circuit has been unwavering in its adherence to the rule that a client is bound by the acts and omissions of its attorney, including lapses and misconduct far more serious than the mistake here. *See, e.g., KPS & Assocs., Inc. v. Designs by FMC, Inc.,* 318 F.3d 1, 17 (1st Cir. 2003)("[I]in this circuit we have consistently turned a deaf ear to the plea that the sins of the attorney should not be visited upon the client.") (citation and quotation marks omitted); *Hoult v. Hoult,* 57 F.3d 1, 5 n.3 (1st Cir. 1995) ("We have repeatedly held that the acts and omissions of counsel are customarily visited upon the client in a civil case.") (citation and quotation marks omitted); *Cotto v. United States*, 993 F.2d 274, 281 (1st Cir. 1993) (no relief under Rule 60 even though "plaintiffs have quite likely been victimized by a series of blunders on their lawyer's part (for which they may have a claim against him)"). As the Court has stated, "[I]f this [requirement of excusable neglect under Rule 60(b)(1)] includes a mere palpable mistake by experienced counsel, the requirement would be meaningless." *Spound v. Mohasco Indus., Inc.,* 532 F.2d 404, 411 (1st Cir. 1976).

Here, the Defendant has presented no basis for departing from this firmly established rule, and fails to address the overwhelming authority rejecting claims similar, and in some cases identical, to those raised here.[6] Accordingly, relief under Rule 60(b)(1) is entirely inappropriate.

---

[6]    Defendant is also incorrect that Plaintiff would not suffer prejudice if the Court were to grant its motion. Defendant's failure to make its alleged intentions clear in its offer has further delayed an already old case and has required Plaintiff to expend significant time and resources to address.

IV.    **PLAINTIFF IS A PREVAILING PARTY BY VIRTUE OF HAVING
SECURED AN ENFORCEABLE JUDGMENT AGAINST DEFENDANT,
AND NO SPECIAL CIRCUMSTANCES WARRANT THE DENIAL OF
FEES**

Plaintiff has obtained an enforceable judgment for $15,000 against Defendant.

Supreme Court and First Circuit precedent make unmistakably clear that Plaintiff is a

prevailing party entitled to recover fees under the appropriate fee-shifting statute. In this

case, each of the claims under which Plaintiff brought suit provides for prevailing

plaintiffs to recover attorneys' fees and costs. See 42 U.S.C. § 12205 (ADA); 29 U.S.C.

§ 2617 (FMLA); Mass. Gen. L. c. 151 § 9 (state discrimination law). Defendant's

arguments that Plaintiff has not obtained sufficient success, or the necessary judicial

imprimatur, to be considered a prevailing party are fanciful, if not frivolous. Further, the

award obtained in this case defeats any argument that "special circumstances would

render an award [of attorneys' fees] unjust." *United States v. Cofield*, 215 F.3d 164, 170

(1st Cir. 2000) (citation and internal quotation marks omitted).

A.    **The entry of judgment against Defendant makes Plaintiff a prevailing
party.**

In *Stefan v. Laurentis*, 889 F.2d 363, 369 (1st Cir. 1989), the First Circuit held that

entry of a Rule 68 judgment in the amount of $16,000 rendered plaintiffs prevailing

parties and thus entitled to statutory attorneys' fees. The Court did so despite the fact

that the complaint had sought $1.9 million in damages as well as injunctive relief (which

was denied by the district court), and despite a disclaimer in the offer of judgment

denying that defendants were liable or that plaintiffs had suffered damages. *Id.* at 369.

This opinion has not been overturned or even questioned by any later First Circuit

opinion, and thus remains controlling precedent.

Indeed, subsequent Supreme Court and First Circuit caselaw go beyond *Stefan*

and make clear that when a plaintiff obtains *any* enforceable monetary judgment – even

if only for nominal damages – he or she is a prevailing party for attorneys' fee purposes.

The Supreme Court's opinion in *Farrar v. Hobby,* relied on by Defendant itself,

expressly held that a judgment for nominal damages renders the plaintiff a prevailing

party. 506 U.S. 103, 112 (1992); *accord, e.g., Boston Children's First v. City of Boston,*

395 F.3d 10, 18 (1st Cir. 2005); *Wagner v. City of Holyoke,* 404 F.3d 504, 509 (1st Cir.

2005). Far from undermining this rule, the *Buckhannon* decision, cited by Defendant,

confirms it. *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health &*

*Human Resources,* 532 U.S. 598 (2001). Under *Buckhannon,* prevailing party status

hinges on whether the Plaintiff obtains relief that "constitutes material alteration of the

legal relationship of the parties," *id.* at 604, which is precisely what a court judgment

represents. *See Farrar,* 506 U.S. at 112 ("A judgment for damages in any amount,

whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's

benefit by forcing the defendant to pay an amount of money he otherwise would not

pay."). The First Circuit, reading *Farrar* and *Buckhannon* together, has held this

expressly. *See Boston Children's First,* 395 F.3d at 18. Defendant's characterization of

its offer as "voluntary," and its reliance on its disclaimer of liability, simply misses the

point: it is the judgment against Defendant, and not whether such judgment was entered

as a result of a verdict or by consent, that renders Plaintiff a prevailing party. *See Delta*

*Air Lines, Inc. v. August,* 450 U.S. 346, 363 (1981) (Powell, J., concurring) (noting that:

"A Rule 68 offer of judgment is a proposal of settlement that, by definition, stipulates

that the plaintiff shall be treated as the prevailing party."); *Utility Automation,* 298 F.3d at

1248 ("Thus, unlike a defendant's voluntary change in conduct or a purely private settlement resulting in dismissal, a Rule 68 judgment represents a judicially sanctioned change in the relationship between the parties."); *see also Buckhannon,* 532 U.S. at 604 ("Although a consent decree does not always include an admission of liability by the defendant, it is nonetheless a court-ordered chang[e] [in] the legal relationship between [the plaintiff] and the defendant].").

### B.    Defendant has not shown any special circumstances that would warrant the denial or reduction of fees

There is no merit whatsoever to Defendant's argument that even if Plaintiff is a prevailing party, he is not entitled to *any* attorneys' fees. Defendant's position rests on its wholly unpersuasive attempt to portray $15,000 as a "nominal" amount, and on a fundamental misapprehension of the purpose of fee-shifting statutes such as those applicable here. In particular, Defendant's exclusive reliance on its (erroneous) assertion that Plaintiff achieved only *de minimis* success ignores the multiple factors that the Court must consider in determining the fee award and that compel such an award appropriate in this case.

Further, it is important to note initially what Defendant does *not* contest. Defendant explicitly states that it "does not take issue with the hourly rate requested by counsel." Def. Mem. at 12. Nor does Defendant raise any opposition to the number of hours spent by counsel, or to Plaintiff's costs, all of which were described in detail in Plaintiff's motion for fees. Defendant's "Opposition to Plaintiff's Motion for Attorneys' Fees and Costs," (Def. Mem. at 1), thus fails to contest the *amount* of attorneys' fees requested by Plaintiff.  The only issue before the Court, then, is whether Plaintiff is

14

entitled to *any* fees; assuming the Court answers this question in the affirmative, the Court should grant a fee award in the unopposed amount requested.

It is black-letter law that "a court may not deny an award to a prevailing civil rights plaintiff in the absence of special circumstances rendering the award unjust," *De Jesus v. Banco Popular de Puerto Rico,* 918 F.2d 232, 234 (1st Cir. 1990); *accord, e.g., Gay Officers Action League v. Puerto Rico,* 247 F.3d 288, 293 (1st Cir. 2001) ("[A]wards in favor of prevailing civil rights plaintiffs are virtually obligatory.") To support such a denial, the district court must make "findings of fact and conclusions of law identifying the special circumstances and explaining why an award would be inappropriate." *De Jesus,* 918 F.2d at 234.

Here, the only "special circumstance" Defendant points to is its patently incorrect assertion that despite obtaining a judgment making Plaintiff a prevailing party, including a monetary award, Plaintiff's counsel "fail[ed] to accomplish anything for their client." (Def. Mem. at 12.) As mentioned, the First Circuit has already found that $16,000 is a "substantial sum" meriting an award of attorneys' fees (even in a case where $1.9 million plus injunctive relief was demanded). *Stefan,* 889 F.2d at 369; *see also Morales v. City of San Rafael,* 96 F.3d 359, 363 (9th Cir. 1996) ($17,500 not nominal and therefore *Farrar* inapplicable). Defendant's analysis of why this amount is no longer substantial, and the "expert" opinion in support thereof, are flawed and, frankly, absurd. The court's opinion in *Stefan* in no way holds or even suggests that the $16,000 judgment represented a threshold below which an award should be considered nominal or *de minimis.* Thus, the argument that a plaintiff today would have to obtain the equivalent in 2007 dollars of $16,000 in 1989 dollars sets up a straw man. Still more

specious, indeed incomprehensible, is the proposed comparison between the judgment

Plaintiff obtained in this case and the amount that the *Stefan* plaintiffs would have today

had they invested their settlement in the stock market or in Treasury Notes. These

sham calculations represent a failed attempt to obscure the only relevant question,

which is whether the $15,000 obtained here can be deemed "the equivalent of nominal

damages" or "purely technical or *de minimis*. (Def. Mem. at 13.). Unsurprisingly,

Defendant fails to cite a single case so holding, and none of the cases cited by

Defendant remotely support this contention.

Equally unpersuasive is Defendant's claim that the disparity between the

judgment obtained and the demand for relief in the complaint warrants a total denial of

fees. Indeed, this argument has been squarely rejected by the Supreme Court and the

First Circuit. *See, e.g., De Jesus,* 918 F.2d at 234 (citing cases). It is also firmly

established substantial attorneys' fees may be appropriate notwithstanding the relative

smallness of the monetary relief obtained: "But though a meager damage award may be

taken into consideration [in determining the size of the fee award], the [Supreme] Court

has squarely disclaimed 'the proposition that fee awards ... should necessarily be

proportionate to the amount of damages that a civil rights plaintiff actually recovers."

*Coutin*, 124 F.3d at 339 (citation and quotation marks omitted); *see also e.g., Connolly

v. Harrelson,* 33 F. Supp. 2d 92 (D. Mass. 1999) (awarding attorneys' fees of $80,000

despite total damage award of less than $2,600 for successful civil rights claims); *Rice

v. Sunrise Express, Inc.,* 237 F. Supp. 2d 962, 975-78 (N.D. Ind. 2002) (awarding

attorneys' fees of $130,000 in FMLA case in which jury awarded plaintiff only $720);

*Farina v. Ciccone Food Products, Inc.,* 2005 WL 3483002, at \*5 (N.D. Ill. Dec. 15, 2005)

(in Title VII case, awarding attorneys' fees amounting to five times the jury award for plaintiff); *Bilbilian v. Morton's of Chicago/Boston, Inc.*, AAA No. 11-160-00217-03 (Sept. 28, 2006), attached as Exhibit F to Plaintiff's Motion for Attorneys' Fees and Costs (awarding $176,000 in attorneys' fees after arbitrator award of less than $25,000 for complainant).

A reduction in attorneys' fees is particularly unjustified in cases where, as here, the size of the plaintiff's fees results in large part from the vigorousness with which the case was defended. As the First Circuit recently observed,

> Although the fee award, even as we have pared it, seems quite generous, its size is dictated in large part by the tenacity with which the Commonwealth defended [against plaintiff's case]. Under the circumstances, we scarcely can criticize the district court for determining, in effect, that the plaintiffs were justified in fighting fire with fire.

*Gay Officers Action League,* 247 F.3d at 299-300; *see also City of Riverside,* 477 U.S. at 581 n.11 ("The government cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response.") (citation and internal quotation marks omitted). Here, notwithstanding its contention that it viewed this case solely as a nuisance action that had "little to no value" and that posed a low risk of liability, Defendant has, in its own words, "vigorously" defended this case. (Def. Mem. at 1-2.) That Plaintiff's counsel has been forced to devote significant time to this case in the almost three years since it was filed is hardly surprising – and, indeed, is unchallenged by Defendant.

The fact that the Complaint sought nonmonetary relief that the judgment ultimately obtained did not include also provides no basis for denying or reducing Plaintiff's fees. The Complaint raised five interrelated causes of action; all but one of

17

which survived both a motion to dismiss and a motion for summary judgment.[7] This is
not a case, then, in which any significant portion of Plaintiff's counsel's time was
devoted to pursuing unsuccessful, severable claims; Defendant's failure to contest the
number of hours counsel expended on this case concedes as much. Where, as here,
the relief obtained merely fails to include each "category of relief" initially sought, *Coutin,*
124 F.3d at 340 – indeed, even where such relief is specifically denied on the merits,
which is not the case here – the First Circuit has found no basis to deny or even reduce
fees. *See Desilets v. Wal-Mart Stores, Inc.,* 171 F.3d 711, 717 (1st Cir. 1999) (upholding
district court's refusal to reduce fee award based on jury's rejection of punitive damages
request); *Coutin,* 124 F.3d at 334 (jury's failure to award punitive damages was not a
"failed claim[]" and did not support a "claims-based, results-obtained fee reduction");
*Stefan,* 889 F.2d at 369 (abuse of discretion to deny fees despite, *inter alia,* district
court's denial of plaintiffs' request for injunctive relief).

Massachusetts law provides an additional and unassailable ground for declining
to reduce Plaintiff's fees. By virtue of the entry of judgment in this case on all of
Plaintiff's claims, which included two counts under Massachusetts General Law Chapter
151B (for handicap discrimination and for retaliation), Plaintiff is also a prevailing party
for purposes of the applicable Massachusetts fee-shifting statute, Mass. Gen. L. ch.
151B § 9. *See Krewson v. City of Quincy,* 74 F.3d 15, 17 (1st Cir. 1996). As the First
Circuit has recognized, "[W]here Massachusetts courts have reviewed fee awards
pursuant to remedial statutes, they have held that an award of reasonable attorneys'

---

[7]    Plaintiff's claim under Mass. Gen. L. c. 93 § 103 (which was duplicative of the c. 151B claim) was
dismissed early in the case.

fees should not be reduced to reflect the actual amount of the jury award." *Id.* at 18 (1st

Cir. 1996) (collecting cases).

In short, Plaintiff has obtained a monetary judgment after nearly three hard-

fought years of litigation, and it would be unjust and unprecedented to deny him all of

his attorneys' fees, or to reduce them based on the amount of his recovery. To do so

would fly in the face of the legislative purpose behind fee-shifting statutes, which is to

encourage private attorneys to take cases seeking to vindicate civil rights that may not

always have a high monetary value. *See, e.g., De Jesus,* 918 F.2d at 234-35; *see also,*

*e.g., Stratos v. Dep't of Public Welfare,* 387 Mass. 312, 323 (1982) (fee-shifting statute

encourages "suits that are not likely to pay for themselves, but nonetheless are

desirable because they vindicate important rights").

## V.   DEFENDANT'S FILING OF ITS OWN MOTION FOR RELIEF RENDERS MOOT ITS ARGUMENT, WHICH IS MERITLESS IN ANY EVENT, THAT PLAINTIFF BE DENIED THE OPPORTUNITY TO FILE A REPLY

Because Defendant has elected to oppose Plaintiff's fee request largely by way

of a Rule 60(b) motion, its contention that Plaintiff may not respond to Defendant's

arguments is moot. Plaintiff is obviously entitled to file an opposition to this motion,

which this memorandum herein represents. Defendant does not specify which portions

of its undifferentiated "Memorandum In Support of Defendant Trustees of Boston

University's Motion for Relief from Judgment and In Opposition to Plaintiff's Motion for

Attorneys' fees and Costs" apply to which requests, and there is no basis for parsing

Plaintiff's arguments when Defendant, despite its purported strict adherence to

procedure,[8] has chosen not to do so.

---

[8]    Notably, despite its accusation against Plaintiff for failing to confer prior to making the fee application, (Def. Mem. at 17 n.5), defense counsel himself failed to inform Plaintiff's counsel that

To the extent Defendant's various arguments can be separately classified, Plaintiff renews his request made in his motion to file a reply to those parts of the memorandum that are deemed to constitute an opposition to Plaintiff's motion for attorneys' fees. It is clear that Sections I and II of this memorandum are plainly "in opposition" to Defendant's motion for relief from judgment, and thus not properly considered a reply. Sections III and IV of this memorandum, which address Plaintiff's entitlement to fees under the applicable fee-shifting statutes, are plainly necessary to respond to Defendant's arguments that Plaintiff is not a prevailing party. These are not points that Plaintiff was somehow "holding back," (Def. Mem. at 16), but are arguments directly in response to contentions made by Defendant. Accordingly, a reply is both necessary and proper.

## CONCLUSION

For the foregoing reasons, Defendant's motion for relief from judgment should be denied, and Plaintiff's motion for attorneys' fees granted.

Respectfully submitted,

JOHN WALSH,

By his attorneys,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan, BBO #640716
Pyle, Rome, Lichten, Ehrenberg
& Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
May 14, 2007                                  (617) 367-7200

---

Defendant would be filing a Rule 60 motion, or to confer on such motion (other than to inform Plaintiff's counsel that Defendant would be opposing Plaintiff's motion for attorney's fees).

## CERTIFICATE OF SERVICE

This is to certify that on May 14, 2007, a copy of the above document was served upon all counsel of record by electronic filing.

/s/  Shannon Liss-Riordan
Shannon Liss-Riordan
