UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN WALSH,
     Plaintiff,

     v.                             CIVIL ACTION NO.
                                       04-11240-RCL

TRUSTEES OF BOSTON UNIVERSITY,
     Defendant.

**REPORT AND RECOMMENDATION RE:
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
(DOCKET ENTRY # 33); DEFENDANT'S MOTION FOR
RELIEF FROM JUDGMENT
(DOCKET ENTRY # 37)**

**September 28, 2007**

**BOWLER, U.S.M.J.**

The current dispute stems from the acceptance of a $15,000 offer of judgment under Rule 68, Fed. R. Civ. P. ("Rule 68"), and whether a future Rule 68 judgment for that amount includes plaintiff John Walsh's attorney's fees. The offer was silent about whether it included costs or attorney's fees.

Defendant Boston University ("defendant")[1] filed a motion

_____

[1] The complaint names Boston University as the defendant. The majority of defendant's filings refer to Trustees of Boston University as "defendant." The notice of removal filed by "defendant Trustees of Boston University," the removing party, states that, "Removing party is the defendant in this action." (Docket Entry # 1).
Neither party raises the discrepancy between Boston University and Trustees of Boston University as a contested issue. No answer was ever filed. See Fed. R. Civ. P. 12(4)(A) & 81(c)(3). Any misnomer defense, however, would be unavailing given the admissions by Trustees of Boston University throughout these proceedings that it is the defendant in this action as well

for relief from judgment under Rule 60(b)(1), Fed. R. Civ. P.

("Rule 60(b)"), alleging that the accepted offer of $15,000

includes attorney's fees thereby precluding plaintiff John Walsh

("plaintiff") from seeking an award from this court.  (Docket

Entry # 37).  Plaintiff submits that the offer did not include

attorney's fees and that defendant's counsel's failure to

expressly include such fees in the unambiguous offer constitutes

a unilateral mistake for which defendant is responsible.  (Docket

Entry # 39).  Plaintiff therefore separately moves for attorney's

fees and costs.  (Docket Entry # 33).  Plaintiff submits he is a

prevailing party and entitled to fees in the amount of $116,270

and expenses in the amount of $4,209.53.

After conducting a hearing on August 15, 2007, this court

took the motions (Docket Entry ## 33 & 37) under advisement.

This ruling follows.


BACKGROUND

Plaintiff, a former employee in the Office of Housing at

Boston University, worked as Operations Manager, Residential

---

as the general appearance made by Trustees of Boston University.
Furthermore, Rule 15(c)(3), Fed. R. Civ. P., fully contemplates
that, "'An intended defendant who is notified of an action within
the period allowed . . . for service of a summons and complaint
may not under the revised rule defeat the action on account of a
defect in the pleading with respect to the defendant's name.'"
U.S. v. Davis, 261 F.3d 1, 33 n. 25 (1st Cir. 2001) (quoting
Advisory Committee Notes, 1991 Amendment); In re Pharmaceutical
Industry Wholesale Average Price Litigation, 307 F.Supp.2d 190,
196 (D.Mass. 2004).

Safety.  Because of health conditions, including post traumatic
stress disorder and depression, plaintiff missed a number of work
days in 2001.  He alleges that defendant did not make a
reasonable accommodation of his disability in violation of the
American Disabilities Act, 42 U.S.C. § 12205 ("ADA"), or provide
him with required leave time under the Family Medical Leave Act,
29 U.S.C. §§ 2601 et seq.,("FMLA").

During his employment, plaintiff's supervisor allegedly
harassed him not only because plaintiff took time off from work
but also because he refused to terminate a handicapped employee
and filed a complaint with the Massachusetts Commission Against
Discrimination.  (Docket Entry # 1, ¶ 1).  In November 2001,
defendant terminated plaintiff.

The complaint alleges five causes of action against
defendant for violations of the FMLA (Count I), Massachusetts
General Laws chapter 151B (counts II and III), section 103 of
Massachusetts General Laws chapter 93 ("chapter 93") (Count IV)
and the ADA (Count V).  In addition to back and front pay, the
prayer for relief seeks inter alia "Attorney's fees and costs."
(Docket Entry # 1).

In January 2005 and 2007, the court issued rulings on
defendant's motion to dismiss (Docket Entry # 4) and motion for
summary judgment (Docket Entry # 17).  As a result of these
rulings, the FMLA, chapter 151B and ADA claims remain.  The court

dismissed the chapter 93 count because chapter 151B constitutes the sole remedy for employment discrimination.

Settlement talks between the parties, which defendant proffers as evidence of the parties' negotiations leading to the Rule 68 offer of judgment, took place in January 2005, March 2006 and February through March 2007.[2]  In January 2005, the parties briefly discussed settlement but proved unable to reach an agreement.  Plaintiff's counsel explained to defendant's counsel that her client "is not willing to settle for nuisance value." (Docket Entry # 38, Ex. A(1)).  In March 2006, plaintiff proposed settling the case for $220,000, an amount consisting entirely of plaintiff's lost wages and attorney's fees.[3]  By that time, plaintiff had procured part time employment at another

_____

[2]  In a footnote and without citation to legal authority, plaintiff objects to the consideration of the confidential settlement negotiations between the parties.  (Docket Entry # 39, n. 1).  This court did not consider the negotiations to prove liability or the amount of a claim.  See F.R.E. 408.  Plaintiff accepted the offer.  See Fed.R.Civ.P. 68; cf. Cheyenne River Sioux Tribe v. U.S., 806 F.2d 1046, 1050 (Fed.Cir. 1986) ("unaccepted offer of settlement ordinarily is not admissible evidence to show either the existence or amount of liability"). The use of the settlement negotiations is therefore permissible to interpret a Rule 68 offer of judgment.  Basha v. Mitsubishi Motor Credit of America, Inc., 336 F.3d 451, 454 & n. 4 (5th Cir. 2003) (rejecting as "meritless" assertion that settlement acceptance letters could not be used to interpret Rule 68 offer); see Westchester Specialty Insurance Services, Inc. v. U.S.Fire Insurance Co., 119 F.3d 1505, 1512-1513 (11th Cir. 1997) (settlement agreements offered for "permissible purpose of resolving a factual dispute about the meaning of the settlement agreements' terms").

[3]  Hence, defendant could gage the amount of attorney's fees accrued up to that time.

4

university.  (Docket Entry # 38, Ex. A(2)).  Defendant rejected
the proposal because the case had "nothing more than nuisance
value."  (Docket Entry # 38, Ex. A(3)).

On February 15, 2007, defendant rejected plaintiff's demand
to settle the case for $250,000 as well as an offer to mediate
unless plaintiff was willing to consider a settlement along the
lines proposed by defendant.  (Docket Entry # 38, Ex. A, ¶ 6;
Docket Entry # 38, Ex. A(4)).  Defendant's counsel further
intimated that the Dean of Students, who had received a request
from plaintiff for a letter of reference, would be willing to
consider a letter "to the benefit of your client" if the case
resolved in the near future.  (Docket Entry # 38, Ex. A(4)).

In a February 16, 2007 reply e-mail, plaintiff's counsel
explained that the case "cannot settle in the range" proposed by
defendant's counsel.[4]  (Docket Entry # 38, Ex. A(4)).  She
nonetheless conveyed that her client was willing to negotiate and
suggested mediation.  She also believed there "is a number
between my client's offer and the range where your clients are
which would be acceptable given the risks of litigation and the
costs to both sides, particularly if [the Dean of Students] will
be willing to give my client a good reference as you represent .
. .."  (Docket Entry # 38, Ex. A(4)).  Finally, she warned that

---

[4]  Defendant's counsel avers that he communicated to
plaintiff's counsel that defendant would consider a settlement in
the neighborhood of $5,000 to $10,000.  (Docket Entry # 38, Ex.
A, ¶ 6).

if the parties did not engage in mediation "now, it will be impossible in the future" because "attorney's fees will likely be too high to make settlement an option."  (Docket Entry # 38, Ex. A(4)).

On February 28, 2007, defendant's counsel responded by e-mail rejecting mediation unless "your client, and your firm, are prepared to settle this case in the low five-figure range." (Docket Entry # 38, Ex. A(4)).  He further opined that, "given the facts," this "is a reasonable figure-i.e., nuisance value." (Docket Entry # 38, Ex. A(4)).  Plaintiff's counsel rejected the offer and indicated she would begin drafting the documents needed for the March 29, 2007 final pretrial conference.  March 22 was the filing deadline for those documents.

On March 6, 2007, defendant's counsel sent the Rule 68 offer of judgment to plaintiff's counsel.  Captioned "OFFER OF JUDGMENT PURSUANT TO FED. R. CIV. P. 68," the offer reads as follows:

> Trustees of Boston University, Defendant herein, offers to allow judgment to be taken against it in the sum of Fifteen Thousand Dollars ($15,000.00).  This Offer is made pursuant to the provisions of Rule 68 of the Federal Rules of Civil Procedure and will be deemed withdrawn unless Plaintiff and/or his attorney serves written notice of acceptance within ten (10) days of the date this Offer was served on you.  This Offer is not to be construed either as an admission of liability or that Plaintiff has suffered any damage as a result of the acts or omissions of Defendant.

(Docket Entry # 31).  On Friday, March 16, 2007, plaintiff timely accepted the offer by filing the offer of judgment (Docket Entry 31) and a notice of acceptance (Docket Entry # 32) with the court

in conformity with Rule 68.

After receiving the notice of acceptance, defendant's counsel made two telephone calls to plaintiff's counsel on Friday, March 16, 2007.  He made a third telephone call on Monday, March 19, 2007.  Plaintiff's counsel, who was in the midst of moving to another law firm, did not return the calls.

On Wednesday, March 21, 2007, defendant's counsel e-mailed plaintiff's counsel asking her to return his calls because "we need to discuss logistics."  (Docket Entry # 38, Ex. A(5)). Plaintiff's counsel responded within minutes by e-mail explaining that she was leaving the law firm to join another firm and had been extremely busy working out what clients would stay or follow her to the new firm.  She further advised that this case would remain with the firm but she had "to work out with the partnership exactly how we are going to transition it" and she would "be in touch" as quickly as possible.  (Docket Entry # 38, Ex. A(5)).

After an additional two days passed, defendant's counsel sent plaintiff's counsel another e-mail asking for the courtesy of a return telephone call.  Defendant's counsel stated in the e-mail that, "This case may have no value to your firm,[5] but we do have some logistical issues to clear up, including canceling the pretrial."  (Docket Entry # 38, Ex. A(6)).  Plaintiff's counsel

---

[5] Defendant's counsel therefore remained unaware at that time that the accepted offer did not include attorney's fees.

did not respond to the e-mail.  Instead, on Monday, March 26, 2007, plaintiff's counsel filed the motion for attorney's fees and costs.  (Docket Entry # 33).

A few days later, plaintiff's counsel filed a notice of her withdrawal of appearance in the case.  Consistent with the March 21 e-mail, the notice explained that the other attorney of record from the firm would continue as counsel for plaintiff.

On April 30, 2007, defendant filed the motion for relief from judgment under Rule 60(b)(1) and a supporting memorandum.[6] (Docket Entry ## 37 & 38).  As grounds for relief, defendant argues that plaintiff's counsel knew of the inadvertent omission of attorney's fees in the Rule 68 offer.  Hence, there was no meeting of the minds when plaintiff accepted the offer of judgment, according to defendant.  Throughout, defendant made clear that it would not accept a settlement or a resolution of the case for more than nuisance value.  Defendant therefore seeks to vacate the Rule 68 offer of judgment.


<u>DISCUSSION</u>

I.  <u>MOTION FOR RELIEF FROM JUDGMENT</u>

Rule 68 contemplates that when the plaintiff or defendant files the offer and notice of acceptance, "thereupon the clerk shall enter judgment."  Fed. R. Civ. P. 68.  Because of such

---

[6]  The supporting memorandum additionally responds to the motion for attorney's fees and costs.

mandatory language, a "'Rule 68 Offer of Judgment is usually considered self-executing.'" <u>Fafel v. Dipaola</u>, 399 F.3d 403, 413-414 (1st Cir. 2005) (quoting in parenthetical <u>Ramming v. Natural Gas Pipeline Co.</u>, 390 F.3d 366, 370 (5th Cir. 2004)).

Within ten days of the March 6, 2007 service of the offer of judgment, plaintiff complied with Rule 68 by filing the offer and the notice of acceptance and proof of service. Thereafter, however, the clerk did not enter judgment. Instead, plaintiff filed the motion for attorney's fees (Docket Entry # 33) followed by the University's opposition and the Rule 60(b) motion to set aside judgment (Docket Entry # 37).

Neither party contends that judgment should not enter.[7] When this court inquired of both parties *twice* at the August 15, 2007 hearing, plaintiff's counsel responded that entry of the judgment was only a ministerial act. Defendant's counsel similarly explained that he had expected the entry of a final judgment in a matter of days at the time he filed the Rule 60(b) motion for relief from a *judgment* on April 30, 2007. Defendant's counsel further opined that it did not matter that judgment had not entered.[8]

_____

[7] In opposition to the motion for attorney's fees, however, defendant argues that, given the lack of judicial imprimatur, plaintiff is not a prevailing party entitled to attorney's fees. Section II addresses this argument.

[8] Defendant's counsel explained that his reason for making the offer was to set a ceiling or floor, depending upon one's

The language of Rule 68 removes any discretion by the clerk or the court as to whether to enter a judgment in accordance with the accepted Rule 68 offer. <u>Ramming v. Natural Gas Pipeline Co.</u>, 390 F.3d at 370. Once a party files the offer and the notice of acceptance, "the clerk *shall* enter judgment." Fed. R. Civ. P. 68 (emphasis added); <u>accord</u> <u>Fafel</u>, 399 F.3d at 413. The <u>Ramming</u> case, cited with approval by the First Circuit in <u>Fafel</u>, 399 F.3d at 413-414, collects a multitude of cases affirming the principle quoted in <u>Fafel</u> that, "A Rule 68 Offer of Judgment is usually considered self-executing."[9] <u>Ramming v. Natural Gas Pipeline</u>

---

perspective. Rule 68 caps the amount of "costs incurred after the making of the offer" in the event the plaintiff recovers less than the offer in "the judgment finally obtained." Fed. R. Civ. P. 68.

[9] The entirety of the relevant portion of the <u>Rammel</u> decision collecting the caselaw reads as follows:

> A Rule 68 Offer of Judgment is usually considered self-executing. <u>See</u> <u>generally</u> <u>Mallory v. Eyrich</u>, 922 F.2d 1273, 1279 (6th Cir. 1991) ("By directing that the clerk shall enter judgment after proof of offer and acceptance have been filed, the explicit language of the rule signifies that the district court possesses no discretion to alter or modify the parties' agreement"); <u>Webb v. James</u>, 147 F.3d 617, 621 (7th Cir. 1998) ("Rule 68 operates automatically, requiring that the clerk 'shall enter judgment' upon the filing of an offer, notice of acceptance and proof of service. This language removes discretion from the clerk or the trial court as to whether to enter judgment upon the filing of the accepted offer"); <u>Perkins v. U.S. West Communs., Inc.</u>, 138 F.3d 336, 338 (8th Cir. 1998) ("Rule 68 leaves no discretion in the district court to do anything other than enter judgment once an offer of judgment has been accepted"); <u>Goodheart Clothing Co. v. Laura Goodman Enterprises, Inc.</u>, 962 F.2d 268, 275 (2nd Cir. 1992) (dissent) ("Indeed, the district court had no alternative but to enter the judgment exactly as offered and accepted, in view of the 'self-executing'

10

<u>Co.</u>, 390 F.3d at 370.  Outside the limited circumstances of a class action or in a case seeking injunctive relief, "a court must enter a judgment accepted by the parties."  <u>Id.</u> at 371. Neither exception applies to the case at bar.  Accordingly, a Rule 68 judgment by the clerk should enter forthwith.

Notwithstanding that judgment should and more than likely will enter in the near future, the fact remains that Rule 60(b), the authority under which defendant seeks relief,[10] only applies to "a final judgment, order, or proceeding . . .."  Fed. R. Civ. P. 60(b) (emphasis added); <u>accord</u> <u>Farr Man & Co., Inc. v. M/V Rozita</u>, 903 F.2d 871, 875 (1st Cir. 1990) ("[i]t is, by this time, well settled that Rule 60 applies only to final judgments"); <u>Mallory v. Eyrich</u>, 922 F.2d 1273, 1277 (6th Cir. 1991) ("Rule 60(b) applies only to final judgments"); <u>United States v. Baus</u>, 834 F.2d 1114, 1118 (1st Cir. 1987) ("[b]y its own terms, Rule 60(b) applies only to final judgments"); <u>see also</u> <u>McMillan v. Bank Fort Worth, N.A.</u>, 4 F.3d 362, 366 (5th Cir.

─────────────────────

nature of Rule 68 judgments"); <u>Harris v. City of New York</u>, 2004 WL 1555194, at *1, 2004 U.S. Dist. LEXIS 12879 at * 2 (S.D.N.Y. July 12, 2004) ("the entry of final judgment pursuant to Rule 68 is a ministerial act that does not require the action of the judge").

<u>Ramming v. Natural Gas Pipeline Co. of America</u>, 390 F.3d at 370-371.

[10]  In particular, the first paragraph of both the motion for relief from judgment (Docket Entry # 37) and the supporting memorandum (Docket Entry # 38) seek relief "pursuant to Fed. R. Civ. P. 60(B)(1)."

11

1993) ("Rule 60(b) motion cannot be filed until a final judgment has been entered").

Here, there is no docketed or undocketed judgment, see generally Fed. R. Civ. P. 58, let alone a final judgment. Rule 60(b)(1) therefore cannot provide the means of relief defendant seeks nor, absent a final judgment, order or proceeding, can this court base a decision on that rule. See Farr Man & Co., Inc. v. M/V Rozita, 903 F.2d at 875. The motion for relief, which relies solely on Rule 60(b), is therefore denied.[11]

In the alternative, the motion is denied on the merits. In essence, the motion requests a rescission of the accepted Rule 68 offer of judgment because of a mistake of law on the part of defendant's counsel. Defendant's counsel admittedly overlooked the legal consequences of the language used in the Rule 68 offer and, in particular, the failure to include the words "'including costs and attorneys' fees'" in the offer. (Docket Entry # 38, pp. 7 & 9).

Rule 68 describes an offer of judgment as including "costs then accrued." Fed. R. Civ. P. Before examining whether the $15,000 offer includes attorney's fees by virtue of the statutory language of "costs then accrued," this court turns to the purpose and structure of the rule.

---

[11] Defendant's reliance on Rule 60(b) would have been entirely correct had there been a Rule 68 final judgment. Fafel, 399 F.3d at 414 (Rule 60 is "'the proper procedural device for relief from a Rule 68 judgment'").

12

The purpose of Rule 68 "is to encourage settlement and avoid litigation." Fafel, 399 F.3d at 413.  The rule is twofold. Utility Automation 2000 v. Choctawhatchee Electric, 298 F.3d 1238, 1240 (11th Cir. 2002).  First, it allows a defendant to make an offer which is irrevocable for a ten day period.[12] Kirkland v. Sunrise Opportunities, 200 F.R.D. 159, 161 (D.Me. 2001) (unlike normal offer, "an offer of judgment cannot be revoked during the ten-day period [in Rule 68] that a plaintiff has to respond"); accord Richardson v. National Railroad Passenger Corp., 49 F.3d 760, 765 (D.C.Cir. 1995) ("a Rule 68 offer is simply not revocable during the 10-day period"); see also Webb v. James, 147 F.3d 617, 620 (7th Cir. 1998) (recognizing "that Rule 68 offers of judgment may not be revoked during the 10 day period").  Within that ten day period, the Eighth Circuit additionally permits a defendant to clarify an incomplete or ambiguous Rule 68 offer of judgment.  Radecki v. Amoco Oil Co., 858 F.2d 397, 402-403 (8th Cir. 1988).[13]  If the

---

[12]  The terms of the offer itself correspond with the above language in Rule 68.  The offer thus states that it "will be withdrawn unless Plaintiff and/or his attorney serves written notice of acceptance within ten (10) days of the date this Offer was served on you."  (Docket Entry # 31).

[13]  Defendant relies on Radecki to explain that an offer of judgment does not need to expressly mention attorney's fees and that settlement negotiations preceding the offer may be considered to show that the offeror intended to include attorney's fees in the offer.  (Docket Entry # 38, p. 6). Radecki is distinguishable from the case at bar.  First, the quoted portions of Radecki, 858 F.2d at 401, relied upon by

plaintiff properly accepts the offer by filing the offer and the notice of acceptance within the ten day period, the clerk enters a judgment.  Fed. R. Civ. P. 68.

Second, Rule 68 encourages the plaintiff to accept or at least seriously consider the offer because of the rule's cost shifting provision.  See Marek v. Chesny, 473 U.S. 1, 5 (1985); Webb v. James, 147 F.3d at 621 (Rule 68 is "designed to put significant pressure on the plaintiff to think long and hard about the likely value of its claim compared to the defendant's offer").  The cost shifting provision requires a plaintiff who does not accept a Rule 68 offer of judgment and who ultimately recovers less in a judgment to "pay the costs incurred after" the

---

defendant constitute dicta.  Second, the facts in Radecki materially differ from the present circumstances because within the ten day the defendant in Radecki made two offers of judgment for $525,000 *prior* to the plaintiff's acceptance of either offer. The first offer was silent as to attorney's fees.  Before the plaintiff accepted the first offer, the defendant served the plaintiff with a second offer for $525,000 inclusive of attorney's fees.  Thereafter and within the ten day period, the plaintiff accepted the first offer.  The court then used the second offer and the prior settlement negotiations to conclude that there was never a mutual manifestation of assent.  Radecki, 858 F.2d at 401-403.  Notably, the facts in an Eighth Circuit case after Radecki involved the acceptance of an ambiguous offer. Hennessy v. Daniels Law Office, 270 F.3d 551, 553 (8th Cir. 2001).  Distinguishing Radecki because there was an acceptance of the offer, the court found the necessary mutual assent "and thus an enforceable offer."  Id. at 553.

In the case at bar, there was no second offer of judgment during the ten day period.  In fact, the March 6, 2007 offer of judgment was the only Rule 68 offer of judgment defendant served upon plaintiff.  Plaintiff accepted the offer exactly as written by filing the offer and the notice of acceptance in accordance with Rule 68.

offer.  Fed. R. Civ. P. 68; Pittari v. American Eagle Airlines, Inc., 468 F.3d 1056, 1064 (8th Cir. 2006); Utility Automation 2000 v. Choctawhatchee Electric, 298 F.3d at 1241; Webb v. James, 147 F.3d at 620.

The Supreme Court in Marek considered the cost shifting provision and "held that the term 'costs' as used in a Rule 68 offer of judgment, includes attorneys' fees awardable under 42 U.S.C. § 1988." Stefan v. Laurenitis, 889 F.2d 363, 367 (1st Cir. 1989).  Although the Marek decision involved the cost shifting provision of Rule 68, "the Supreme Court's exegesis of the word 'costs' applies to that word as used throughout Rule 68." Arencibia v. Miami Shoes, Inc., 113 F.3d 1212, 1214 n. 1 (11th Cir. 1997); accord Utility Automation 2000 v. Choctawhatchee Electric Cooperative, Inc., 298 F.3d at 1242 (the Marek reasoning interpreting Rule 68's cost shifting provision "applies equally to the phrase 'costs then accrued'"); see Estate of Cowart v. Nicklos Drilling Co., 505 U.S. 469, 479 (1992) (recognizing "the basic canon of statutory construction that identical terms within an Act bear the same meaning").

The first sentence of Rule 68 describes the offer as "an offer to allow judgment to be taken against the defending party for the money or property to the effect specified in the offer, with costs then accrued." Fed. R. Civ. P. 68 (emphasis added). If a Rule 68 offer is silent as to costs, "the court will be

obliged *by the terms of the Rule* to include in its judgment an additional amount which in its discretion it determines to be sufficient to cover costs." Marek v. Chesny, 473 U.S. at 6 (emphasis added). Further, if, like the statute at issue in Marek, the underlying statute defines "costs" to include attorney's fees, then the term "costs" in Rule 68 will include such fees. Id. at 9.

Unlike the underlying statute in Marek which expressly allows "a reasonable attorney's fee as part of costs," 42 U.S.C. § 1988, however, the ADA allows "a reasonably attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. The statute grammatically separates attorney's fees from costs by a comma as well as the conjunction "and." It also includes "litigation expenses" as part of attorney's fees but makes no such inclusion for costs. Under the ADA, therefore, attorney's fees are in addition to as opposed to part of costs.[14] See Webb v. James, 147 F.3d at 622 (under plain language of ADA, "Congress did not define costs to include fees for purposes of the ADA");

---

[14] The same result applies to the other statutes defendant purportedly violated. The FMLA provides for an award of "a reasonable attorney's fee, reasonable expert witness fees, *and* other costs of the action." 29 U.S.C.A. § 2617 (emphasis added). Chapter 151B mandates that if the court finds in favor of the plaintiff, "it shall, in addition to any other relief and irrespective of the amount in controversy, award the petitioner reasonable attorney's fees *and* costs . . .." Mass. Gen. L. ch. 151B, § 9 (emphasis added). Both statutes separate attorney's fees from costs with the conjunction "and" and the FMLA further adds a comma.

16

<u>Baum v. County of Rockland</u>, 225 F.R.D. 470, 473 (S.D.N.Y. 2004) ("the ADA, unlike Title VII and 42 U.S.C. § 1988, does not define 'costs' to include attorney's fees"); <u>see also</u> <u>Sheppard v. Riverview Nursing Center, Inc.</u>, 88 F.3d 1332, 1337 (4th Cir. 1996) (statute providing for recovery of "attorney's fees and costs" distinguished attorney's fees from costs with the result that attorney's fees were "not part of 'costs' subject to Rule 68").

Consequently, because the underlying statutes in this action do not define costs to include attorney's fees, the $15,000 offer does not include attorney's fees by virtue of the terms of Rule 68. Put another way, attorney's fees awards under the ADA, the FMLA and chapter 151B do not fall within the definition of the term "costs then accrued" applicable to a Rule 68 offer.

The issue therefore devolves into whether the terms of the offer itself otherwise included attorney's fees. <u>See</u> <u>Utility Automation 2000 v. Choctawhatchee Electric</u>, 298 F.3d at 1243-1248 ("a plaintiff may be entitled to attorneys' fees under the 'costs then accrued' phrase from Rule 68 itself, and, independently under the [underlying] statute or other authority"). Defendant submits that the parties' prior negotiations unequivocally establish that the $15,000 offer was an offer to settle the entire case inclusive of all attorney's fees. Plaintiff disagrees pointing to decisions in the Seventh, Ninth and

17

Eleventh Circuits.[15]  These decisions provide that if a Rule 68 offer is silent or ambiguous with respect to whether it includes attorney's fees awardable pursuant to an underlying statute that defines fees separate from costs, then the ambiguity is construed against the drafter thereby allowing the plaintiff to recover fees.  See Utility Automation 2000 v. Choctawhatchee Electric Cooperative, Inc., 298 F.3d at 1243.

Caselaw outside the First Circuit overwhelmingly favors plaintiff in construing the effect of a defendant's silence as to attorney's fees in an accepted Rule 68 offer under circumstances in which the underlying statute allows attorney's fees but defines such fees separately from costs.  Webb v. James, 147 F.3d at 622-623 (the "defendants could easily have drafted the [Rule 68] offer to signal Webb that it was inclusive of attorney's fees" and should therefore "bear the burden of the ambiguity created by their silence on fees"); Nusom v. Comh Woodburn, Inc., 122 F.3d 830, 834 (9th Cir. 1997) ("a Rule 68 offer for judgment in a specific sum together with costs, which is silent as to attorney fees, does not preclude the plaintiff from seeking fees when the underlying statute does not make attorney fees a part of costs"); Hennessy v. Daniels Law Office, 270 F.3d 551, 554 (8th Cir. 2001) (Rule 68 offer, silent as to attorney's fees

_____

[15]  Utility Automation 2000 v. Choctawhatchee Electric, 298 F.3d at 1243-1248; Webb v. James, 147 F.3d at 622-623; Nusom v. Comh Woodburn, Inc., 122 F.3d 830, 834 (9th Cir. 1997).

authorized by underlying statute that does not define costs to include fees, is construed against the drafter thereby making the defendant liable for fees); Chambers v. Manning, 169 F.R.D. 5, 8 (D.Conn. 1996) (accepted Rule 68 offer silent about attorney's fees is construed against drafter, the defendant, thereby resulting in additional award of fees to the plaintiff); Tyler v. Meola, 113 F.R.D. 184, 186 (N.D.Ohio 1986) (the defendant's failure to specify inclusion of attorney's fees in accepted Rule 68 offer involving underlying statute that defined fees separately from costs allows the plaintiff to recover attorney's fees in addition to the amount in the Rule 68 accepted offer); Sas v. Trintex, 709 F.Supp. 455, 458 (S.D.N.Y. 1989) (failure to specify costs as well as attorney's fees in accepted Rule 68 offer made the defendant responsible for fees in addition to the amount in the accepted offer); accord Utility Automation 2000 v. Choctawhatchee Electric, 298 F.3d at 1243-1249 (Rule 68 accepted offer silent as to attorney's fees construed against drafter thereby allowing the plaintiff to recover fees awardable pursuant to underlying contract).  It is difficult if not impossible to distinguish the foregoing authority from the case at bar.

Similarly, in the context of a rejected Rule 68 offer silent as to attorney's fees, the cost shifting provision of Rule 68 does not prevent a plaintiff from recovering attorney's fees unless the underlying statute defines attorney's fees as part of costs.  See Sheppard v. Riverview Nursing Center, Inc., 88 F.3d

19

at 1337 (rejected Rule 68 offer did not bar recovery of
attorney's fees after offer inasmuch as underlying statute did
not define fees as part of costs); <u>Haworth v. State of Nevada</u>, 56
F.3d 1048, 1052 (9th Cir. 1995) (Rule 68's cost shifting
provision did not prevent the plaintiff from recovering
attorney's fees after offer when the plaintiff recovered less
than the offer inasmuch as underlying statute defines attorney
fees separately from costs); <u>Fegley v. Higgins</u>, 19 F.3d 1126,
1135 (6th Cir. 1994) (Rule 68's costs shifting provision did not
preclude attorney's fees after the offer when the plaintiff
recovered less than the offer in light of the underlying
statute's mandatory award of fees that did not define attorney's
fees as part of costs); <u>Knight v. Snap-On Tools Corporation</u>, 3
F.3d 1398, 1404-1405 (10th Cir. 1993) (remanding case for
determination of the plaintiff's attorney's fees notwithstanding
recovery of judgment less than a Rule 68 rejected offer where
statute identified attorney's fees separately from costs).

The matter, however, is one of first impression in the First
Circuit.  In addition to the weight of the foregoing precedent, a
number of principles led this court to conclude that the Rule 68
accepted offer, silent as to attorney's fees and construed
against the drafter, does not include attorney's fees where, as
here, the underlying statutes contain attorney's fees provisions
that do not define fees as part of costs.

First, "a Rule 68 judgment necessarily incorporates the

terms of the offer." Fafel v. DiPaola, 399 F.3d at 414.
Similarly, Rule 68 expressly describes a Rule 68 offer as
allowing judgment to be taken against the defendant for the money
or property or *to the effect specified in the offer* . . .." Fed.
R. Civ. P. 68 (emphasis added). Defendant, as the party making
the offer, thus has complete control over the terms of the offer
and can specify whether attorney's fees are included or excluded
when the underlying statute allows for an attorney's fee award
separate from costs. See Tyler v. Meola, 113 F.R.D. 184, 186
(N.D.Ohio 1986) ("[i]f the defendant had intended to include
attorney fees as part of the $1,100, it should have explicitly
stated this in the original offer"). Plaintiff, who has no
control over the terms of a Rule 68 offer during the ten day
period, should not bear the brunt of a defendant's mistaken
failure to specify that the offer includes fees.

    Rule 68 is also silent as to attorney's fees. It speaks
only to the consequences of accepting or rejecting an offer of an
award of "costs." The only manner in which a Rule 68 offer
therefore implicates attorney's fees, whether under its cost
shifting provision or under an accepted offer, is in situations
where the underlying statute defines attorney's fees as part of
"costs." McCain v. Detroit II Auto Finance Center, 378 F.3d 561,
563 (6th Cir. 2004) (discussing Marek and Rule 68); Chambers v.
Manning, 169 F.R.D. 5, 8 (D.Conn. 1996) (citing Marek to explain

that, "Rule 68 requires awards of 'costs' when offers do not
exclude them" and "[a]ttorney's fees are included as part of
costs only when the underlying statute so defines them").
Nothing in the <u>Marek</u> decision therefore speaks to the
"relationship between a Rule 68 offer and the awarding of
attorney's fees that are *not* categorized as 'costs'" in the
underlying statute. <u>McCain v. Detroit II Auto Finance Center</u>,
378 F.3d at 564 (emphasis in original).

In addition, commentators and courts acknowledge the
ineffectiveness of the rule precisely because it does not shift
or otherwise effect attorney's fees unless the underlying statute
defines fees as part of "costs." *Committee on Rules of Practice
and Procedure of the Judicial Conference of the United States,
Preliminary Draft of Proposed Amendment to the Federal Rules of
Civil Procedure*, reprinted in 98 F.R.D. 337, 361-363 (1983)
("principal reasons for the rule's past failure have been (1)
that 'costs,' except in rare instances in which they are defined
to include attorney's fees, <u>see</u>, <u>e.g.</u>, Civil Rights Act of 1964,
42 U.S.C. § 2000e-5(k) (1976), are too small a factor to motivate
parties to use the rule"); <u>Stefan v. Laurenitis</u>, 889 F.2d at 367
("Advisory Committee on the Federal Rules of Civil Procedure has
twice recommended revising Rule 68 to allow for an award of
attorneys' fees"); <u>Hedru v. Metro-North Commuter Railroad</u>, 433
F.Supp.2d 358, 361 (S.D.N.Y. 2006); 12 Charles A. Wright, Arthur

R. Miller and Richard L. Marcus <u>Federal Practice and Procedure</u> §
3001 (1997).  Such authority supports the conclusion that a Rule
68 offer of judgment silent as to attorney's fees will not
include them unless the underlying statute defines costs to
include attorney's fees.

An additional circumstance also surrounds a Rule 68 offer
which requires the offeror to state with precision whether the
offer includes an amount for attorney's fees.  Notably, because
of the difficulty of choice that a Rule 68 offer presents to a
plaintiff, it is "essential that he be able to discern with
certainty what the precise terms of that offer are."  <u>Said v.
Virginia Commonwealth University/Medical College of Virginia</u>, 130
F.R.D. 60, 63 (E.D.Va. 1990); <u>accord</u> <u>Utility Automation 2000 v.
Choctawhatchee Electric</u>, 298 F.3d at 1244 ("Rule 68 requires that
the responsibility for clarity and precision in the offer must
reside with the offeror" because Rule 68 places the offeree in an
unusual posture different from an offeree in normal settlement
proceedings); <u>Thomas v. National Football League Players Ass'n</u>,
273 F.3d 1124, 1130 (D.C.Cir. 2001) (because Rule 68 "'judgment
less favorable than the offer requires that a plaintiff pay the
defendant's usually substantial post-offer costs,'" there must
"'be a clear baseline from which plaintiffs may evaluate the
merits of their case relative to the value of the offer'").

A plaintiff faced with a Rule 68 offer simply cannot make a
counteroffer or otherwise alter the terms of the irrevocable

offer.  See Utility Automation 2000 v. Choctawhatchee Electric,
298 F.3d at 1244; Shorter v. Valley Bank & Trust Co., 678 F.Supp.
714, 720 (N.D.Ill. 1988) ("'Rule 68 offer has a binding effect
when refused as well as when accepted'").  Moreover, the rule
imposes consequences on a plaintiff "'that can be costly'" if the
plaintiff declines the offer.  Fafel v. DiPaola, 399 F.3d 403,
414 (1st Cir. 2005) (quoting Webb, 147 F.3d at 621, in
parenthetical).  Hence, a plaintiff should not be left to guess
about the meaning of a Rule 68 offer that, unlike contract offers
outside the Rule 68 context, carries with it serious
consequences.  Utility Automation 2000 v. Choctawhatchee
Electric, 298 F.3d at 1244.  Instead, the plaintiff should be
allowed to rely on the plain language of a Rule 68 offer as
opposed to the more uncertain effect prior negotiations and
extrinsic evidence may place upon the meaning of terms in the
offer.  Said v. Virginia Commonwealth University/Medical College
of Virginia, 130 F.R.D. at 63 ("[b]ecause of the difficulty of
the choice that an offer of judgment requires a claimant to make,
it is essential that he be able to discern with certainty what
the precise terms of that offer are").

     Presented with a Rule 68 offer that he must either accept or
reject within a short time period, the plaintiff should also be
allowed to rely on caselaw that overwhelmingly construes Rule 68
offers that are silent on attorney's fees as excluding fees from
the offer when the underlying statute does not define fees as

part of costs.  A construction of the rule that encourages a defendant to frame a Rule 68 offer in precise terms also serves the purpose of the rule to both foster settlement and avoid litigation over whether the offer includes terms outside the four corners of the offer.  See Sas v. Trintex, 709 F.Supp. at 458 (subjecting Rule 68 offers to "collateral proceedings would undermine entirely the purpose of the rule").

The unique features of a Rule 68 offer therefore "require[] that the responsibility for clarity and precision in the offer must reside with the offeror."  Utility Automation 2000 v. Choctawhatchee Electric, 298 F.3d at 1244; Chambers v. Manning, 169 F.R.D. 5, 8 (D.Conn. 1996).  Courts are therefore more prone than in the field of general contract law to interpret language in a Rule 68 offer against the drafter because, as previously explained, the rule places the plaintiff in a difficult position. Unlike the position in contract law wherein the plaintiff may reject, clarify or counter an offer to contract, a plaintiff who receives a Rule 68 offer must make a decision with binding effect.  12 Charles A. Wright, Arthur R. Miller and Richard L. Marcus Federal Practice and Procedure §§ 3002 & 3005.1 (1997). Ambiguities, accordingly, are construed against the drafter without much if any discussion about extrinsic evidence.  Utility Automation 2000 v. Choctawhatchee Electric, 298 F.3d at 1244 (ambiguity in Rule 68 offer "must be construed against [the] Defendants" and therefore did not include attorney's fees);

Chambers v. Manning, 169 F.R.D. at 8 (construing ambiguous Rule

68 offer against drafter as opposed to examining extrinsic

evidence to discern offer's meaning);[16] see also Sas v. Trintex,

709 F.Supp. at 458 ("[t]o subject Rule 68 offers to . . .

collateral proceedings would undermine entirely the purpose of

the rule").  Indeed, the majority of cases simply apply the maxim

of construing an ambiguous Rule 68 offer against the drafter

without examining additional extrinsic evidence or applying other

---

[16]    The court in Chambers cogently explains the reason for
the heightened focus upon construing ambiguities against the
drafter in the Rule 68 context:

> Given the ambiguity in defendant's offer, there are two
> options.  Some courts have looked to extrinsic evidence to
> resolve ambiguity in Rule 68 offers.  See, e.g., Radecki,
> 858 F.2d at 400-01.  Other courts have declined to examine
> extrinsic evidence and have instead construed ambiguity
> against the offeror.  See Said v. Va. Commw. Univ./Medical
> College of Va., 130 F.R.D. 60, 63 (E.D.Va.1990); Shorter v.
> Valley Bank & Trust Co., 678 F.Supp. 714, 719-720
> (N.D.Ill.1988); see also Rateree v. Rockett, 668 F.Supp.
> 1155, 1158-59 (N.D.Ill.1987).  The Second Circuit has not
> adopted either approach.
>
> The latter approach seems preferable because it forces a
> defendant to be precise about the terms of his offer.  If a
> plaintiff rejects a Rule 68 offer and receives a less
> favorable final judgment, she is liable for the costs
> incurred after the offer's making.  Fed.R.Civ.P. 68.  Given
> this potential, a plaintiff should be able to know the exact
> terms of an offer before accepting or rejecting it.  Said,
> 130 F.R.D. at 63.  She should not be left to guess how
> courts will interpret extrinsic evidence of what is, and is
> not, included in the offer.  Said, 130 F.R.D. at 63;
> Shorter, 678 F.Supp. at 720.  Rather, a defendant should
> state his intentions clearly, and any failure to do so will
> be at his peril.  See Id.

Chambers v. Manning, 169 F.R.D. at 8.

rules of contract construction.  See Utility Automation 2000 v.
Choctawhatchee Electric, 298 F.3d at (ambiguity in Rule 68 offer
as to inclusion of attorney's fees "must be construed against the
drafter"); Webb v. James, 147 F.3d at 623 (agreeing with lower
court that the "defendants should bear the burden of the
ambiguity created by their silence on fees" in the Rule 68
offer); Erdman v. Cochise County, Ariz., 926 F.2d 877, 879 (9th
Cir. 1991) (holding that the defendant's Rule 68 "drafting error
should be construed against it" thereby entitling the plaintiff
"to a reasonable attorney's fee award in addition to the lump sum
named in the offer"); Said v. Virginia Commonwealth University,
130 F.R.D. at 63 (because a Rule 68 offeree cannot simply refuse
a Rule 68 or make a counteroffer, "he is entitled to construe the
offer's terms strictly, and courts should be reluctant to allow
the offeror's extrinsic evidence to affect that construction").

   Nonetheless, the principle of construing ambiguities against
the drafter suggested by the nature of a Rule 68 offer is also
suggested by ordinary contract principles.[17]  Moreover, a Rule 68

---

   [17]  Such principles provide that if a writing is ambiguous,
the ambiguity is construed against the drafter "if the
circumstances surrounding its use and the ordinary meaning of the
words do not indicate the intended meaning of the language."
Merrimack Valley Nat. Bank v. Baird, 363 N.E.2d 688, 690 (Mass.
1977); see Hubert v. Melrose-Wakefield Hospital Association, 661
N.E.2d 1347, 1351 (Mass.App.Ct. 1996) (rule of construing
ambiguity against drafter gives way to primary rule of
interpreting contracts to ascertain true intent of parties); see
also Restatement (Second) Contracts § 206 (1981) ("[i]n choosing
among the reasonable meanings of a promise or agreement or a term
thereof, that meaning is generally preferred which operates

offer is "generally treated as an offer to make a contract."

<u>Hennessy v. Daniels Law Office</u>, 270 F.3d at 553; <u>accord</u>

<u>Kryreakakis v. Paternoster</u>, 732 F.Supp. 1287, 1290 (D.N.J. 1990).

Contract principles may therefore apply "to determine the terms

and effects of offers of judgment under Rule 68." <u>Nortek, Inc.</u>

<u>v. Liberty Mutual Insurance, Co.</u>, 843 N.E.2d 706, 713

(Mass.App.Ct. 2006).

In addition to the rule of construing ambiguities against

the drafter, contract rules ordinarily give contract terms their

plain meaning "unless it appears that [the words] are to be given

a peculiar or technical meaning." <u>Woogmaster v. Liverpool &</u>

<u>London & Globe Insurance Company Limited</u>, 45 N.E.2d 394, 395

(Mass. 1945). "[E]xtrinsic evidence may not be used to

contradict the unambiguous terms of a contract." <u>Commercial</u>

<u>Union Ins. Co. v. Walbrook Ins. Co., Ltd.</u>, 7 F.3d 1047, 1052 (1st

Cir. 1993) (citing Massachusetts as well as Rhode Island cases).

Examining the words in the context of the entire writing is a

search for the "manifested meaning, not a privately held belief

or intent of one party" left uncommunicated "to other parties to

---

against the party who supplies the words"). An agreement is
considered ambiguous "'when the language "is reasonably prone to
different interpretations"'" or, put another way, "'is
susceptible to differing, but nonetheless plausible,
constructions.'" <u>Alison H. v. Byard</u>, 163 F.3d 2, 6 (1st Cir.
1998).

the bargain."[18] <u>Donoghue v. IBC USA (Publications), Inc.</u>, 70 F.3d 206, 212 (1st Cir. 1995); <u>accord</u> <u>In re Newport Plaza, Associates, L.P.</u>, 985 F.2d 640, 646 (1st Cir. 1993) (contracts depend upon "objective indicia of consent, not on a party's subjective expectations"); <u>ITT Corporation v. LTX Corporation</u>, 926 F.2d 1258, 1263 (1st Cir. 1991) ("'[contracting parties are bound by objective manifestations and expressions, not subjective expectations'"); <u>Mass Cash Register, Inc. v. Comtrex Systems Corporation</u>, 901 F.Supp. 404, 416 (D.Mass. 1995) (ascertaining mutual assent determined "'not on the basis of what goes on inside the parties' heads, but rather on the basis of what they say and do'"); <u>see</u> <u>also</u> <u>Louis Stoico, Inc. v. Colonial Development Corporation</u>, 343 N.E.2d 872, 875 (Mass. 1976) ("circumstances surrounding the making of an agreement must be examined to determine the objective intent of the parties"); <u>Global NAPs, Inc. v. Verizon New England, Inc.</u>, 447 F.Supp.2d 39, 45 (D.Mass. 2006) (interpreting contract words "according to their plain meaning" together with surrounding circumstances "to determine the objective intent of the parties"). The same principle applies in the context of Rule 68. <u>See</u> <u>Fafel</u>, 399 F.3d at 414 (Rule 68 jurisprudence allows this court to examine the parties' intent "as *manifested* [emphasis added] by the offer and acceptance of judgment filed with the court").

---

[18] The privately held belief of defendant's counsel that the offer included attorney's fees is therefore immaterial.

Examples of unambiguous Rule 68 offers that include attorney's fees when the underlying statute defines fees separate from costs are offers that unequivocally convey the inclusion of attorney's fees. For example, an accepted Rule 68 offer that expressly states that the offered amount includes an amount for all attorney's fees will preclude a subsequent fee award. Less transparent but nonetheless equally effective to include attorney's fees is an unambiguous Rule 68 offer "'for one total sum as to all counts of the amended complaint," Norby v. Anchor Hocking Packaging Co., 199 F.3d 390, 392 (7th Cir. 1999), or "for all claims and causes of action for this case." McCain v. Detroit II Auto Finance Center, 378 F.3d at 565; see also Alison H. v. Byard, 163 F.3d 2, 5 (1st Cir. 1998). Consequently, language in a Rule 68 offer to extinguish "any and all claims" or to enter judgment "for one total sum as to all counts" is unambiguous in the sense that the amount of the offer includes attorney's fees.

In the case at bar, however, the offer did not refer to all counts or all sums or describe the judgment as covering any and all claims or as constituting one total and final sum. It also did not refer to costs or to attorney's fees. Although the offer was "not to be construed either as an admission of liability or that Plaintiff has suffered any damage" (Docket Entry # 31), such "magic words" do not preclude an award of attorney's fees. Fletcher v. City of Fort Wayne, Ind., 162 F.3d 975, 977 (7th Cir.

1998).

Instead, the terms of the offer tracked the language of Rule 68 by stating that defendant "offers to allow judgment to be taken against it." (Docket Entry # 31); Fed. R. Civ. P. 68 (a defendant may serve "an offer to allow judgment to be taken against the defending party"). Caselaw, as set forth above, unerringly interprets a Rule 68 offer silent as to costs and fees where, as here, the underlying statutes do not define attorney's fees as part of costs, as not including an amount for attorney's fees. In light of the gloss of such caselaw and the straight forward and brevis terms of the offer which tracks the language and requirements of Rule 68, the offer made between experienced counsel was not ambiguous. It did not include attorney's fees.

Finally, the mandatory nature of an award of attorney's fees under 151B, § 9 (court shall award fees unless special circumstances "render such an award unjust"), unlike the discretionary terms of an award under section 1988, lend additional weight to the conclusion that the offer did not encompass attorney's fees. Interpreting a similar underlying statute, the court in <u>Sherry</u> rejected the defendant's argument that the plaintiff was not entitled to attorney's fees because the offer was based only on the suit's "nuisance value." <u>Sherry v. Protection, Inc.</u>, 14 F.Supp.2d 1055, 1057 (D.Ill. 1998).

In the alternative, if there was an ambiguity it results from the unadorned use of the word "judgment." The reasoning for

this alternate finding stems from cases in the Seventh and Eighth Circuit that find the term "judgment" ambiguous when used in similar Rule 68 offers of judgment.

The term "judgment" when used in the context of a Rule of Civil Procedure such as Rule 68 includes "any order from which an appeal lies." Fed. R. Civ. P. 54(a). An award of attorney's fees, however, is typically considered "a collateral matter which . . . does not affect the appealability of the underlying claim." Matter of Stoecker, 5 F.3d 1022, 1026 (7th Cir. 1993); see also Budinich v. Becton Dickinson & Co., 486 U.S. 196, 202-203 (1988). A merits judgment and an "award of attorneys' fees are separate appealable orders." Norby v. Anchor Hocking Packaging Co., 199 F.3d at 392. A number of courts therefore conclude that the term "judgment," standing alone in a Rule 68 accepted offer, is ambiguous because the term "can mean either the substantive relief ordered (whether legal or equitable), or that plus attorneys' fees." Norby v. Anchor Hocking Packaging Co., 199 F.3d at 392; see, e.g., Hennessy v. Daniels Law Office, 270 F.3d at 553 (Rule 68 offer of judgment silent as to attorney's fees was ambiguous inasmuch as it "'can mean either the substantive relief ordered (whether legal or equitable), or that plus attorneys' fees'") (quoting Norby, 199 F.3d at 392); Minnick v. Dollar Financial Group, Inc., 2002 WL 1023101 at * 4 (E.D.Pa. May 20, 2002) (finding Rule 68 accepted offer ambiguous because it used the term "judgment" and failed to "clearly stipulate that

32

[the offer] precludes a separate award for attorney's fees");
Aynes v. Space Guard Products, Inc., 201 F.R.D. 445, 449
(S.D.Ind. 2001) (finding Rule 68 accepted offer, phrased
similarly to offer in case at bar, ambiguous and, applying rule
of construing ambiguities against drafter, held that offer did
not preclude the plaintiff's recovery of attorney's fees).

The same result may adhere to the unadorned language and the
term "judgment" in the present Rule 68 offer.  Ambiguity stems,
if at all, from the differing interpretations of the term
"judgment."  The Rule 68 offer should, accordingly, be construed
against defendant thereby allowing plaintiff the ability to seek
attorney's fees.

Even if this court considered the extrinsic evidence, as
urged by defendant, it establishes that the Rule 68 offer did not
include attorney's fees.  First, as plaintiff correctly points
out (Docket Entry # 39, pp. 5-6), if the offer had included
attorney's fees, there would be absolutely no reason for
defendant to make the offer.  For comparison purposes any
judgment finally recovered would have included the attorney's
fees up to the time of the offer and those fees obviously
exceeded $15,000.  See Champion Produce, Inc. v. Ruby Robinson
Co., 342 F.3d 1016, 1020 (9th Cir. 2003) ("Where a Rule 68 offer
explicitly states that it is inclusive of prejudgment interest
and pre-offer costs and attorneys' fees, the judgment to which
the offer is compared must include these items if they are

awarded"); <u>Scheeler v. Crane Co.</u>, 21 F.3d 791, 792-793 (8th Cir. 1994); <u>Marryshow v. Flynn</u>, 986 F.2d 689, 692 (4th Cir. 1993); <u>Grosvenor v. Brienen</u>, 801 F.2d 944, 945, 948 (7th Cir. 1986) (because Rule 68 offer included attorney's fees, "pre-offer attorney's fees must be added to the judgment award for the purposes of determining whether the result obtained by a plaintiff is more favorable than the offer of judgment he rejected"); <u>Barrow v. Greeneville Independent School District</u>, 2005 WL 1867292 at * 23 (N.D.Tex. Aug. 5, 2006) (collecting cases).

Second, throughout negotiations plaintiff made clear that any settlement would need to take into consideration part or all of plaintiff's attorney's fees. (Docket Entry # 38, Ex. A(2); settlement letter noting, "There are also significant attorney's fees to date"); (Docket Entry # 38, Ex. A(4); cautioning on February 15, 2007, that if we do not mediate now, "attorney's fees will likely be too high to make settlement an option"). Given the correspondence, this court finds that defendant as well as defendant's counsel were aware of the attorney's fees issue and that plaintiff could not and would not settle within a low five figure range notwithstanding defendant's repeated desire to settle for that amount. A Rule 68 offer of $15,000 would accomplish none of the objectives of cost shifting if it included attorney's fees and if it included attorney's fees there would be no possibility that plaintiff would accept it. Accordingly, even

34

if ambiguous, the Rule 68 offer was not inclusive of attorney's fees.

Defendant's attempt to avoid the effect of the Rule 68 accepted offer because of a mistake is also not convincing. Defendant's counsel acknowledged mistake regarding the effect of his failure "to include the phrase 'including costs and attorneys' fees'" in the offer (Docket Entry # 37) amounts to a mistake of law. He held a mistaken belief about the legal consequences of the language used in the Rule 68 offer. Such a mistake in a Rule 68 offer does not rise to the level of "excusable neglect" within the meaning of Rule 60(b)(1) or otherwise prevent a meeting of the minds. See Webb v. James, 147 F.3d at 622 (mistake by the defendant's attorney regarding effect of Marek or ADA's attorney's fees provision in a Rule 68 offer was unilateral mistake of law that did not constitute "excusable neglect" under Rule 60(b)(1)); Aynes v. Space Guard Products, Inc., 201 F.R.D. 445, 449 (S.D.Ind. 2001) (rejecting attorney's failure to research whether Rule 68 offer includes attorney's fees as excusable neglect within the meaning of Rule 60(b)(1)); Laskowski v. Buhay, 192 F.R.D. 480, 484 (M.D.Pa. 2000) (rejecting absence of meeting of minds argument and construing the defendant's counsel's failure to consider effect of language used in Rule 68 offer as a mistake of law that was not entitled to

relief);[19] Sas v. Trintex, 709 F.Supp. 455, 458 (S.D.N.Y. 1989) (refusing to provide relief because "the Defendant's counsel simply erred in failing to protect against an acceptance of the [Rule 68] offer followed by a request for costs, including attorney's fees").

Defendant's counsel, as the person who drafted the offer, also bears the risk of the mistake inasmuch as he was aware or should have been aware of his limited knowledge about Rule 68 at the time he made the offer. See Restatement (Second) Contracts §§ 153 & 154 (1981). Where, as here, the party making the mistake bears the risk of that mistake he cannot void a contract,

---

[19] The following passage from Laskowski is particularly apropos to the present circumstances:

> The Defendants do not point to any mistake based on a fact. Because Defendant's counsel used that language in the context of a Rule 68 offer and he is charged with knowledge of binding Supreme Court and Court of Appeals precedents, we consider the error to be a mistake of law and not one of fact. In such instances "[t]he doctrine is settled that, in general, a mistake of law, pure and simple, is not adequate ground for relief. Where a party with knowledge of all the material facts, and without any other special circumstances giving rise to an equity in his behalf, enters into a transaction affecting his interests, rights, and liabilities, under an ignorance or error with respect to the rules of law controlling the case, courts will not, in general, relieve him from the consequences of his mistake. *If ignorance of the law were generally allowed to be pleaded, there could be no security in legal rights, no certainty in judicial investigations, no finality in litigations.*"

Laskowski v. Buhay, 192 F.R.D. at 484 (emphasis added).

36

let alone an accepted Rule 68 offer of judgment, even if the other party had reason to know of the mistake.  <u>Restatement (Second) Contracts</u> § 153 (1981).

Defendant also fails to show that plaintiff's counsel knew or reasonably should have known of the mistake.[20]  To the contrary, this court finds that plaintiff's counsel, who was in the midst of an office move at and around the time of the Rule 68 offer (Docket Entry # 38, Ex. A(5)), did not know of the unilateral mistake at the time she accepted the offer on March 16, 2007.  Finally, in the broader context of attorney error, the First Circuit consistently rejects the argument that a client should not be held responsible for the mistakes of his attorney.  <u>KPS & Associates, Inc. v. Designs by FMC, Inc.</u>, 318 F.3d 1, 16 (1st Cir. 2003) ("in this circuit we have consistently 'turned a deaf ear to the plea that the sins of the attorney should not be visited upon the client'"); <u>Hoult v. Hoult</u>, 57 F.3d 1, 5 n. 3 (1st Cir. 1995) ("[w]e have repeatedly held that 'the acts and omissions of counsel are customarily visited upon the client in a civil case'").

Defendant also submits that plaintiff counsel's failure to return telephone calls and e-mails "strongly suggests that she knew of the error and did not want to give the University's

---

[20]  Notably, defendant does not request an evidentiary hearing to establish that plaintiff's counsel knew about the mistake.  Instead, defendant relies on the documentary evidence attached to the supporting memorandum.

attorney the opportunity to correct the mistake." (Docket Entry # 38, p. 9). Again, plaintiff's counsel was in the process of moving law offices. The tone and language of the reply e-mail of March 21 further show she was not intentionally avoiding contacting defendant's counsel about a matter he himself described as merely logistical issues such as canceling the pretrial conference. (Docket Entry # 38, Ex. A(5)). In any event, the argument is meritless. See Erdman v. Cochise County, Ariz., 926 F.2d 877, 879-880 (9th Cir. 1991) (rejecting the defendant's argument to rescind accepted Rule 68 offer based upon Radecki because the "plaintiff's counsel somehow 'laid in waiting' to trick the City").

Defendant's reliance on Fisher v. Stolaruk, 110 F.R.D. 74, 76 (E.D.Mich. 1986), is also misplaced. Solely for purposes of this opinion, defendant's counsel did not exercise the requisite degree of care required in making the Rule 68 offer. See Fisher v. Stolaruk, 110 F.R.D. at 76 (requirements for rescission of Rule 68 offer include inter alia that "the mistake must have occurred regardless of the exercise of ordinary care"). It is true that defendant's counsel attempted to promptly contact plaintiff's counsel after acceptance of the offer. But that attempt was simply to "clear up" a number of "logistical issues" (Docket Entry # 38, Ex. A(6)), as opposed to an attempt to correct the mistake regarding attorney's fees prior to the

plaintiff's acceptance.  Cf. Fisher v. Stolaruk Corp., 110 F.R.D.
at 76 (although the defendant's counsel "demonstrated some amount
of legal negligence" by drafting the offer, he "acted promptly to
correct his mistake before [the] plaintiff's counsel had
satisfied the technical requirements for acceptance").

In sum, the Rule 68 offer did not include attorney's fees.
Accordingly, this court turns to the fee request.


II.  PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

At the August 15, 2007 hearing and in the opposition (Docket
Entry # 38, pp. 10-16), defendant challenges the fee request on
the basis that plaintiff is not a prevailing party.  Defendant
submits that plaintiff's success in the form of the $15,000
accepted offer reflects only a nuisance value settlement or a
purely technical, de minimus recovery.[21]  Defendant also argues
that unlike a judgment on the merits or a consent decree under
Buckhannon Board and Care Home, Inc. v. West Virginia Department
of Health and Human Resources, 532 U.S. 598 (2001), defendant's
voluntary change took place irrespective of any court
involvement.  Accordingly, there is an absence of the necessary

--------

[21]  It is not necessary at this time to address the
additional argument defendant posits, to wit, that the lack of
success militates in favor of reducing the amount of attorney's
fees requested.  The recommendation to deny the motion without
prejudice because plaintiff is not a prevailing party obviates
the need to address the issue of the appropriate amount of an
award.

"judicial imprimatur."  (Docket Entry # 38, pp. 10-16).

At the hearing and in the motion, plaintiff argued that he is a "prevailing party" by virtue of the acceptance of the Rule 68 offer.  Plaintiff submits that the First Circuit's decision in Stefan v. Laurentis, 889 F.2d 363 (1st Cir. 1989), controls the issue and establishes him as a prevailing party.  Inasmuch as the parties agree that prevailing party status is required and that plaintiff must be a "prevailing party" to receive fees, this court turns to that issue.

"The touchstone of the prevailing party inquiry" is a "'material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute.'" Sole v. Wyner, __U.S.__, 127 S.Ct. 2188, 2194 (2007) (holding that prevailing party status "does not attend achievement of a preliminary injunction that is reversed, dissolved, or otherwise undone by the final decision in the same case").[22]  Although the holding in Sole was limited, the reasoning to support the decision placed an emphasis upon achieving a ruling on the substantive merits.  See Sole, 127 S.Ct at 2191-2192; accord

---

[22]  The narrow tailoring of the holding in Sole, Joyce v. Potter, 2007 WL 2050955 at * 5 (M.D.Fla. July 16, 2007) (characterizing Sole as "a narrowly tailored ruling"), as well as the reaffirmation of the Buckhannon decision, Sole, 127 S.Ct. at 2194 n. 3, evidences that the Sole decision does not detract from the Buckhannon analysis established in this circuit.  See Smith v. Fitchburg Public Schools, 401 F.3d 16, 22 (1st Cir. 2005) (stating that Supreme Court in Buckhannon held that "there must be a material alteration of the legal relationship" and "a judicial imprimatur").

Buckhannon, 532 U.S. at 603-604 ("[o]ur '[r]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail'"). Thus, although a plaintiff does not have to "prevail on every claim and obtain all relief sought to qualify as a prevailing party," he must "receive at least some relief on the merits of his claim before he can be said to prevail." Richardson v. Miller, 279 F.3d 1, 3 (1st Cir. 2002) (citing Farrar v. Hobby, 506 U.S. 103, 111 (1992), and Hewitt v. Helmes, 482 U.S. 755, 760 (1987)). An award of nominal damages, however, will suffice. Buckhannon, 532 U.S. at 603; Boston's Children First v. City of Boston, 395 F.3d 10, 14-15 (1st Cir. 2005) (award of nominal damages sufficient to obtain prevailing party status to support an attorney's fee award).

In 2001, the Supreme Court issued the Buckhannon decision which changed the legal landscape.[23] See Gautreaux v. Chicago Housing Authority, 491 F.3d 649, 655 (7th Cir. 2007) ("Buckhannon reshaped litigation over attorneys' fee awards"). As interpreted in this circuit, the Supreme Court in Buckhannon "held that for a party to be considered 'prevailing,' there must be a 'material alteration of the legal relationship of the

_____

[23] The Buckhannon decision interpreted prevailing party status under the ADA as well as another federal statute. It therefore applies directly to this action. See generally Doe v. Boston Public Schools, 358 F.3d 20, 25 (1st Cir. 2004) (recognizing broad reach of the Buckhannon holding as "interpreted consistently across fee-shifting statutes").

parties,' and there must be 'judicial *imprimatur* on the change.'" Smith v. Fitchburg Public Schools, 401 F.3d 16, 22 (1st Cir. 2005) (quoting Buckhannon, 532 U.S. at 605, with citations omitted) (emphasis in original).  At the "core of the [Buckhannon] Court's reasoning was the concept of 'judicial imprimatur'" requiring that a party achieve "a 'court-ordered' change in the legal relationship of the parties" to prevail.  Doe v. Boston Public Schools, 358 F.3d 20, 24 (1st Cir. 2004).

The necessary judicial imprimatur in this case is absent because of the simple fact that there has been no judgment or court involvement in the Rule 68 accepted offer.  Like the parents in Smith, plaintiff has not obtained a final judgment on the merits.  Plaintiff has also not obtained a "judge's substantive involvement" to provide "the necessary judicial imprimatur" that effectuated a material alteration in the parties' legal relationship.  See Smith, 401 F.3d at 24-25.  The denial of summary judgment left the legal relationship between the parties intact.

Accordingly, at the present time there is only an accepted Rule 68 offer without a Rule 68 judgment.  In such circumstances, the accepted offer falls closer to a private settlement than a court ordered enforcement of the terms of a private settlement or a consent decree.  As explained by the First Circuit in Doe, Buckhannon unambiguously rejects "private settlement as

42

sufficient grounds for 'prevailing party' status." <u>Doe v. Boston</u> <u>Public Schools</u>, 358 F.3d at 25; <u>see also</u> <u>Torres v. Walker</u>, 356 F.3d 238, 243-245 (2nd Cir. 2004) (discussing a number of cases including <u>Buckhannon</u> and rejecting the defendant's argument that caselaw "confers 'prevailing party' status on civil rights plaintiffs in the absence of a judgment").

Plaintiff's reliance on <u>Stefan</u> is misplaced.  The case is readily distinguished for two reasons.  First, the decision predates the <u>Buckhannon</u> decision which altered the relevant inquiry.  Second, unlike the case at bar, there was a Rule 68 judgment.  The two plaintiffs in <u>Stefan</u> accepted the Rule 68 offer "and judgment in that amount was entered." <u>Stefan v.</u> <u>Laurentis</u>, 889 F.2d at 365.  It was only after issuance of the Rule 68 the judgment that the plaintiffs sought attorney's fees. <u>Id.</u>  Plaintiff's citation to the <u>Webb</u> decision (Docket Entry # 33, p. 2) similarly overlooks that the court in <u>Webb</u> entered a judgment and then allowed the plaintiff to submit the fee application.  <u>See</u> <u>Webb v. James</u>, 147 F.3d at 619.

As a final matter, in a footnote in the March 26, 2007 motion and memorandum for attorney's fees plaintiff "requests the opportunity to respond in a reply brief to any issues that BU may set forth in opposition to this motion." (Docket Entry # 33, n. 1).  To date almost six months later, plaintiff has not submitted a proposed reply brief, renewed the request or filed a formal motion for leave to file a reply.  When this court took the

motion for attorney's fees under advisement at the August 15, 2007 hearing, plaintiff did not ask for leave to file a reply brief.

Defendant filed the opposition on April 30, 1007.  Both parties argued at length at the August 15, 2007.  Plaintiff therefore had the opportunity to address and did address the issues defendant raised in the opposition.  At this juncture and having taken the motion under advisement, leave to file an undefined and unsubmitted reply brief is denied.  <u>See</u> LR. 7.1(b)(3) (requiring leave of court to file reply brief); <u>CMM Cable Rep., Inc. v. Ocean Coast Properties, Inc.</u>, 97 F.3d 1504, 1526 (1st Cir. 1996) (courts are "entitled to expect represented parties to incorporate all relevant arguments in the papers that directly address a pending motion"); <u>McCoy v. MIT</u>, 950 F.2d 13, 23 (1st Cir.1991) ("the plaintiff has an affirmative responsibility to put his best foot forward in an effort to present some legal theory that will support his claim"); <u>In re Boston Regional Medical Center, Inc.</u>, 328 F.Supp.2d 130, 143 (D.Mass. 2004) (same); <u>see</u>, <u>e.g.</u>, <u>Mendez-Matos v. Municipality of Guaynabo</u>, 2007 WL 2263081 at * 1 (D.P.R. Aug. 7, 2007) (denying leave to file reply to address attorney's fees and costs issues).

<u>CONCLUSION</u>

In accordance with the foregoing discussion, this court

44

**RECOMMENDS**[24] that the motion for relief from judgment (Docket Entry # 37) be **DENIED** and that the clerk enter a Rule 68 judgment in the amount of $15,000 enter forthwith.  This court further **RECOMMENDS**[25] that the motion for attorney's fees and costs (Docket Entry # 33) be **DENIED** without prejudice.  Plaintiff may renew the motion no later than ten days after issuance of a judgment.


       /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge

---

[24]  Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of the Report and Recommendation to which objection is made and the basis for such objection.  Any party may respond to another party's objections within ten days after service of the objections.  Failure to file objections within the specified time waives the right to appeal the order.  United States v. Escoboza Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

[25]  See the previous footnote.