UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN WALSH,<br>      Plaintiff<br><br>v.<br><br>TRUSTEES OF BOSTON UNIVERSITY,<br>      Defendant. | Civil Action No. 04-CV-11240-RCL |

### PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

On March 16, 2007, the Plaintiff, John Walsh, accepted Defendant Trustees of Boston University's ("BU") Offer of Judgment. Subsequently, BU moved for relief from judgment, on the ground that it had not realized that accepting an offer of judgment under Fed. R. Civ. P. 68 would render Plaintiff a prevailing party entitled to attorneys' fees. BU's motion was referred to Magistrate Judge Bowler, who, after a hearing, recommended on September 28, 2007, that BU's motion be denied and that Walsh be permitted to file a motion for attorney's fees following the actual entry of judgment under Rule 68. Judge Lindsay adopted the magistrate's recommendation on November 8, 2007, and counsel were instructed to submit to the Court a proposed form of judgment. Plaintiff did so, and judgment was entered in Plaintiff's favor on December 12, 2007. Pursuant to the Court's order, Plaintiff now submits his motion for attorney's fees, following the entry of judgment in his favor.[1]

---

[1] On December 20, 2007, the parties filed a joint motion to extend the deadline for this petition and BU's opposition, but Plaintiff is filing this fee petition today since the Court has not yet ruled on that motion for an extension. In the motion for an extension, the parties stated that Plaintiff's fee petition was due on December 24, 2007, but since the court was closed that day for the Christmas holiday, the deadline is today.

In his previous fee petition, Plaintiff provided a detailed contemporaneous listing of attorney time and expenses that were incurred in this case, as well as affidavits supporting the requested rates for his attorneys.[2]  The total fees incurred as of that date were $116,270, and the total expenses were $4,209.53.[3]  As Plaintiff explained in his original fee petition, these are reasonable sums for a case that was litigated aggressively by BU, including a motion to dismiss, a motion for summary judgment, and voluminous discovery (including three days of deposition of the plaintiff and a large volume of document discovery).  The amount of time spent on this case was eminently reasonable for a complicated case brought to the brink of trial.  In opposing Plaintiff's original fee petition, BU did not disagree.

Significantly, the fees and costs incurred in this case would have been much higher had this case progressed to trial.  Thus, Rule 68 worked in this case just as it was designed to operate, in saving the court, the parties, and counsel from the time and expense of trial.

In its Opposition to Plaintiff's Motion for Attorneys' Fees and Costs (filed together with its Motion for Relief from Judgment), BU stated expressly that it did not oppose the reasonableness of the requested rates, and it did not object to the amount of time expended in the litigation.  (See Docket # 38, at 12.)  Indeed,

---

[2]Adopting the Magistrate's recommendation, the Court denied the petition without prejudice, instructing that it should be re-filed after the actual entry of judgment.

[3]Plaintiff hereby incorporates by reference his original motion for attorney's fees and costs (Docket # 33) and the exhibits attached to that motion, which document the time and expenses incurred, as well as support for the requested rates for his attorneys.  If the Court deems it necessary for that memorandum and exhibits to be re-filed in connection with this renewed fee petition, Plaintiff requests the opportunity to re-file those documents.

2

BU's only objection to the fee petition was that it did not agree that Plaintiff was a prevailing party and thus entitled to recovery of fees, and that it did not agree that Plaintiff had obtained sufficient success in the litigation to be awarded his requested fees.

Thus, since BU does not challenge the reasonableness of the lodestar, the only issue before the Court is whether Plaintiff is a prevailing party and is entitled to recover his fees.[4]

In addition, Plaintiff requests fees for the work that has been performed since the submission of his original fee petition. Attached here as Exhibit A is a listing of attorney time expended on this case since March 27, 2007. Using the same lodestar formula Plaintiff used in his original petition, the additional fees incurred since that date total $14,525.[5] Thus, the total fees now requested are $130,795 plus costs of $4,209.53.

**I.   THE COURT MUST AWARD PLAINTIFF HIS ATTORNEYS' FEES AND COSTS, SINCE HE IS THE PREVAILING PARTY**

Pursuant to Rule 68 and federal case law, Plaintiff's acceptance of BU's Offer of Judgment makes him the prevailing party and thus entitles him to recover his reasonable attorneys' fees and costs for pursuing this matter.

---

[4] If BU now changes its position and raises a new objection to the rates or time expended, Plaintiff requests the opportunity to reply to such new arguments.

[5] Plaintiff is using the same rate of $350/hour for his lead counsel, Shannon Liss-Riordan, that he used in his initial application. He is also requesting fees at the rate of $200/hour for an associate attorney, David Milton, who worked on the briefing opposing BU's motion for relief from judgment. David Milton is a 2001 graduate of New York University Law School, with approximately five years of litigation experience. This requested rate for an associate attorney with this experience is reasonable, as demonstrated by the evidence Plaintiff submitted regarding associate billing rates in connection with his original fee petition.

3

In her Report and Recommendation, the only impediment the Magistrate saw to Plaintiff's recovery of his attorney's fees was that, at the time, the Court had not yet entered judgment in Plaintiff's favor. <u>See</u> Report and Recommendation, at 42. That impediment has now been removed, since judgment has been entered. Indeed, the judgment adopted by the Court expressly states that the judgment is in Plaintiff's favor.

Moreover, BU previously argued (incorrectly in Plaintiff's view) that the judgment did not render Plaintiff a prevailing party because the judgment was nothing more than a "ministerial" act for the Court to perform. However, given the effort that Plaintiff has now expended in order to achieve the actual entry of judgment, that entry of judgment was certainly not ministerial. BU vigorously opposed the judgment in this case by seeking to have the judgment vacated. The Court rejected BU's argument and accepted Plaintiff's by denying BU's motion for relief from judgment, allowing the parties to submit a proposed form of judgment, and then actually entering the judgment and instructing Plaintiff to renew his petition for attorney's fees.

Fed. R. Civ. P. 68 provides that a defendant may make an offer to allow judgment to be taken against it, and a plaintiff may accept it within ten days of the making of the offer. The critical feature of a Rule 68 offer is that, unlike a settlement offer, an offer of judgment *allows judgment to be taken against the defendant*. <u>See</u> <u>Marek v. Chesny</u>, 473 U.S. 1, 6 (1985). A plaintiff who accepts an offer of judgment under Rule 68 has prevailed on his claims, if he has obtained some relief by means of an enforceable judgment against the

defendant. As BU allowed judgment to be taken against it for damages by making the Rule 68 offer, Plaintiff received an enforceable judgment (over BU's subsequent vigorous objection), obtained a benefit to his having brought suit, and thus, is now the prevailing party in this matter. See Webb v. Dick James et al, 147 F.3d 617, 622-623 (7th Cir. 1998) (plaintiff who accepted an offer of judgment is a "prevailing party" pursuant to 42 U.S.C. § 12205). The claims that Plaintiff has brought all provide for an award of attorneys' fees and expenses for a prevailing plaintiff. See 42 U.S.C. § 12205 (ADA); 29 U.S.C. § 2617 (a)(3) (FMLA); Mass. Gen. L. c. 151B § 9 (state discrimination law). Because BU's offer of judgment did not state that costs or attorneys' fees were included in the amount offered, the costs and fees were not included in the amount of the offer of judgment. Therefore, Plaintiff may now recover the full amount of his reasonable fees and costs in prosecuting this action, since the claims that he pressed provide for an award of attorneys' fees and costs to a plaintiff who is a prevailing party. See Webb, 147 F.3d at 623.

     Although BU attempted to insert a disclaimer in its offer of judgment that it did not admit liability, such a disclaimer does not insulate a defendant from an award of attorneys' fees where it has allowed judgment to be taken against it. See Stefan v. Laurentis, 889 F.2d 363, 369 (1st Cir. 1989). When an offer of judgment does not specify that it includes attorneys' fees (when the statutes underlying the plaintiff's claims provide for an award of fees for the prevailing party), then the offer does not include fees. Webb, 147 F.3d at 623. Thus, if the offer of judgment does not clearly state that it includes attorneys' fees, then the

5

plaintiff is entitled to receive an award of fees from the court as the prevailing party.  See Webb, 147 F.3d at 621; Stefan, at 367.[6]

Simply stated, BU, through its highly experienced counsel, made a Rule 68 offer of judgment that did not mention attorneys' fees. Plaintiff accepted this offer, relying on its plain terms and on the overwhelming authority that such offers permit a separate application for statutory attorneys' fees. Recognizing its mistake, BU asked the Court to grant the extraordinary remedy of vacating the judgment, which was denied.  This result was consistent with numerous cases that have recognized that permitting a defendant to claim after the fact that its offer of judgment meant something other than what it said would completely defeat the purpose of Rule 68, which is to resolve litigation, not multiply it.

Thus, just as the Court rejected BU's attempt to undo its purported mistake, the Court should also reject BU's claim that Plaintiff is not a "prevailing party" and is therefore not entitled to any attorneys' fees. This contention flies in the face of overwhelming authority that clearly establishes that a plaintiff who obtains a monetary judgment, including by accepting an offer of judgment, is a prevailing party.

## II.   PLAINTIFF IS A PREVAILING PARTY BY VIRTUE OF HAVING SECURED AN ENFORCEABLE JUDGMENT AGAINST BU

In Stefan v. Laurentis, 889 F.2d 363, 369 (1st Cir. 1989), the First Circuit held that entry of a Rule 68 judgment in the amount of $16,000 rendered plaintiffs prevailing parties and thus entitled to statutory attorneys' fees. The Court did so despite the fact that the complaint had sought $1.9 million in damages as well as

---

[6]The Magistrate distinguished Stefan and Webb on the basis that, at the time she considered Plaintiff's initial fee application, a judgment had not yet entered.  See Report and Recommendation, at 43.  Now, of course, judgment has entered.

injunctive relief (which was denied by the district court), and despite a disclaimer in the offer of judgment denying that defendants were liable or that plaintiffs had suffered damages. Id. at 369. This opinion has not been overturned or even questioned by any later First Circuit opinion, and thus remains controlling precedent.

Indeed, subsequent Supreme Court and First Circuit caselaw go beyond Stefan and make clear that when a plaintiff obtains any enforceable monetary judgment – even if only for nominal damages – he or she is a prevailing party for attorneys' fee purposes. The Supreme Court's opinion in Farrar v. Hobby, relied on by Defendant itself, expressly held that a judgment for nominal damages renders the plaintiff a prevailing party. 506 U.S. 103, 112 (1992); accord, e.g., Boston Children's First v. City of Boston, 395 F.3d 10, 18 (1st Cir. 2005); Wagner v. City of Holyoke, 404 F.3d 504, 509 (1st Cir. 2005).  In her Report and Recommendation, the Magistrate recognized that an award of nominal damages suffices in order to render a plaintiff a prevailing party.  See Report and Recommendation, at 41.

Far from undermining this rule, the Supreme Court's ruling in Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources, 532 U.S. 598 (2001), confirms it. Under Buckhannon, prevailing party status hinges on whether the Plaintiff obtains relief that "constitutes material alteration of the legal relationship of the parties," id. at 604, which is precisely what a court judgment represents. See Farrar, 506 U.S. at 112 ("A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's

7

behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay."). The First Circuit, reading <u>Farrar</u> and <u>Buckhannon</u> together, has held this expressly. <u>See Boston Children's First</u>, 395 F.3d at 18. BU's characterization of its offer as "voluntary," and its reliance on its disclaimer of liability, simply misses the point: it is the judgment against BU, and not whether such judgment was entered as a result of a verdict or by consent, that renders Plaintiff a prevailing party. <u>See Delta Air Lines, Inc. v. August</u>, 450 U.S. 346, 363 (1981) (Powell, J., concurring) (noting that: "A Rule 68 offer of judgment is a proposal of settlement that, by definition, stipulates that the plaintiff shall be treated as the prevailing party."); <u>Utility Automation</u>, 298 F.3d at 1248 ("Thus, unlike a defendant's voluntary change in conduct or a purely private settlement resulting in dismissal, a Rule 68 judgment represents a judicially sanctioned change in the relationship between the parties."); <u>see also Buckhannon</u>, 532 U.S. at 604 ("Although a consent decree does not always include an admission of liability by the defendant, it is nonetheless a court-ordered chang[e] [in] the legal relationship between [the plaintiff] and the defendant].").

### III. BU HAS NOT SHOWN ANY SPECIAL CIRCUMSTANCES THAT WOULD WARRANT THE DENIAL OR REDUCTION OF FEES

In its opposition to Plaintiff's original motion for attorney's fees, BU argued that, even if Plaintiff is a prevailing party, he is not entitled to <u>any</u> attorneys' fees. BU's position rests on its wholly unpersuasive attempt to portray $15,000 as a "nominal" amount, and on a fundamental misapprehension of the purpose of fee-shifting statutes such as those applicable here. In particular, BU's exclusive

reliance on its (erroneous) assertion that Plaintiff achieved only *de minimis* success ignores the multiple factors that the Court must consider in determining the fee award and that compel such an award appropriate in this case.

Since BU did not oppose the reasonableness of the fee rates or time expended in Plaintiff's original lodestar fee request, the only issue before the Court should be whether Plaintiff is entitled to *any* fees; assuming the Court answers this question in the affirmative, the Court should grant a fee award in the amount requested.

It is black-letter law that "a court may not deny an award to a prevailing civil rights plaintiff in the absence of special circumstances rendering the award unjust," DeJesus, 918 F.2d at 234; accord, e.g., Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 293 (1st Cir. 2001) ("[A]wards in favor of prevailing civil rights plaintiffs are virtually obligatory.") To support such a denial, the district court must make "findings of fact and conclusions of law identifying the special circumstances and explaining why an award would be inappropriate." DeJesus, 918 F.2d at 234.

The only "special circumstance" that BU pointed to was its incorrect assertion that despite obtaining a judgment making Plaintiff a prevailing party, including a monetary award, Plaintiff's counsel "fail[ed] to accomplish anything for their client." (Docket # 38, 12.)  As mentioned, the First Circuit has already found that $16,000 is a "substantial sum" meriting an award of attorneys' fees (even in a case where $1.9 million plus injunctive relief was demanded). Stefan, 889 F.2d at 369; see also Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996)

9

($17,500 not nominal and therefore *Farrar* inapplicable). BU's analysis of why this amount is no longer substantial is flawed. The court's opinion in Stefan in no way holds or even suggests that the $16,000 judgment represented a threshold below which an award should be considered nominal or *de minimis*. Thus, the argument that a plaintiff today would have to obtain the equivalent in 2007 dollars of $16,000 in 1989 dollars simply sets up a straw man.

Further, BU's claim that the disparity between the judgment obtained and the demand for relief in the complaint warrants a total denial of fees. Indeed, this argument has been squarely rejected by the Supreme Court and the First Circuit. See, e.g., De Jesus, 918 F.2d at 234 (citing cases). It is also firmly established substantial attorneys' fees may be appropriate notwithstanding the relative smallness of the monetary relief obtained: "But though a meager award may be taken into consideration [in determining the size of the fee award], the [Supreme] Court has squarely disclaimed 'the proposition that fee awards … should necessarily be proportionate to the amount of damages that a civil rights plaintiff actually recovers." *Id.* at 5 (citation and quotation marks omitted); see also e.g., Connolly v. Harrelson, 33 F.Supp.2d 92 (D. Mass. 1999) (awarding attorneys' fees of $80,000 despite total damage award of less than $2,600 for successful civil rights claims).

A reduction in attorneys' fees is particularly unjustified in cases where, as here, the size of the plaintiff's fees results in large part from the vigorousness with which the case was defended. As the First Circuit recently observed,

> Although the fee award, even as we have pared it, seems quite generous, its size is dictated in large part by the tenacity with which

1

> the Commonwealth defended [against plaintiff's case]. Under the circumstances, we scarcely can criticize the district court for determining, in effect, that the plaintiffs were justified in fighting fire with fire.

Gay Officers Action League, 247 F.3d at 299-300; see also City of Riverside, 477 U.S. at 581 n.11 ("The government cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response.") (citation and internal quotation marks omitted). Here, notwithstanding its contention that it viewed this case solely as a nuisance action that had "little to no value" and that posed a low risk of liability, BU, in its own words, "vigorously" defended this case. (Docket # 38, at 1-2.) That Plaintiff's counsel has been forced to devote significant time to this case in the more than three years since it was filed is hardly surprising – and, indeed, is unchallenged by Defendant.

      The fact that the Complaint sought nonmonetary relief that the judgment ultimately obtained did not include also provides no basis for denying or reducing Plaintiff's fees. The Complaint raised five interrelated causes of action; all but one of which survived both a motion to dismiss and a motion for summary judgment.[7] This is not a case, then, in which any significant portion of Plaintiff's counsel's time was devoted to pursuing unsuccessful, severable claims; Defendant's failure to contest the number of hours counsel expended on this case concedes as much. Where, as here, the relief obtained merely fails to include each "category of relief" initially sought, Coutin, 124 F.3d at 340 – indeed, even where such relief is specifically denied on the merits, which is not the case here – the First Circuit has found no basis to deny or even reduce fees. See

---

[7] Plaintiff's claim under Mass. Gen. L. c. 93 § 103 (which was duplicative of the c. 151B claim) was dismissed early in the case.

1

Desilets v. Wal-Mart Stores, Inc., 171 F.3d 711, 717 (1st Cir. 1999) (upholding district court's refusal to reduce fee award based on jury's rejection of punitive damages request); Coutin, 124 F.3d at 334 (jury's failure to award punitive damages was not a "failed claim[]" and did not support a "claims-based, results-obtained fee reduction"); Stefan, 889 F.2d at 369 (abuse of discretion to deny fees despite, *inter alia*, district court's denial of plaintiffs' request for injunctive relief).

Massachusetts law provides an additional and unassailable ground for declining to reduce Plaintiff's fees. By virtue of the entry of judgment in this case on all of Plaintiff's claims, which included two counts under Massachusetts General Law Chapter 151B (for handicap discrimination and for retaliation), Plaintiff is also a prevailing party for purposes of the applicable Massachusetts fee-shifting statute, Mass. Gen. L. ch. 151B § 9. See Krewson v. City of Quincy, 74 F.3d 15, 17 (1st Cir. 1996). As the First Circuit has recognized, "[W]here Massachusetts courts have reviewed fee awards pursuant to remedial statutes, they have held that an award of reasonable attorneys' fees should not be reduced to reflect the actual amount of the jury award." Id. at 18 (1st Cir. 1996) (collecting cases). See also Magistrate's Report and Recommendation, at 31 (noting "mandatory nature of an award of attorney's fees under 151B").

In short, Plaintiff has obtained a monetary judgment more than three hard-fought years of litigation, and it would be unjust and unprecedented to deny him all of his attorneys' fees, or to reduce them based on the amount of his recovery. To do so would fly in the face of the legislative purpose behind fee-shifting

statutes, which is to encourage private attorneys to take cases seeking to vindicate civil rights that may not always have a high monetary value. See, e.g., DeJesus, 918 F.2d at 234-35; see also, e.g., Stratos v. Dep't of Public Welfare, 387 Mass. 312, 323 (1982) (fee-shifting statute encourages "suits that are not likely to pay for themselves, but nonetheless are desirable because they vindicate important rights").

### IV. BU'S FAILURE TO MENTION ATTORNEYS' FEES IN ITS RULE 68 OFFER ENTITLES PLAINTIFF TO SEPARATELY MOVE FOR SUCH FEES AS A PREVAILING PARTY

Acknowledging its "mistake" in its offer of judgment BU has conceded what it must: that where, as here, a Rule 68 offer is silent as to attorneys' fees, the plaintiff may accept the offer and separately recover attorneys' fees under the applicable fee-shifting statute. Case after case has affirmed this principle. See, e.g., Utility Automation 2000, Inc. v. Choctawhatchee Elect. Coop., Inc., 298 F.3d 1238, 1243-44 (11th Cir. 2002); Webb v. James, 147 F.3d 617, 622-23 (7th Cir. 1998); Nusom v. Comh Woodburn, Inc., 122 F.3d 830, 834 (9th Cir. 1997); Chambers v. Manning, 169 F.R.D. 5, 8 (D. Conn. 1996). To avoid liability for such fees, a defendant need only state expressly that the offer includes all fees; when defendants do not do so, whether or not intentionally, plaintiffs are entitled, as prevailing parties, to recover such fees. See Webb, 147 F.3d at 622; see also 12 Wright, Miller & Marcus, Federal Practice & Procedure Civ.2d § 3005.1 ("[E]ven defendants who honestly believe that they have capped their total liability may find that they are required to pay plaintiff's attorneys' fees in addition

1

to the sum in the Rule 68 offer because their offers did not explicitly provide otherwise.") (collecting cases).

In previously opposing Plaintiff's fee petition, BU did not seriously contest these well-established principles, but instead relied on extrinsic evidence that supposedly shows that despite its plain language, which makes no mention of attorneys' fees, the offer of judgment in fact included such fees. Magistrate Judge Bowler rejected these arguments in recommending against BU's request for relief from judgment. The Magistrate concluded that BU's Rule 68 offer did not include attorney's fees. See Report and Recommendation, at 17.[8]

Accordingly, BU's offer did not include attorney's fees, and Plaintiff correctly recognized that he could accept the offer, obtain attorney's fees for the work already expended in his case, and save the Court, the parties, and counsel substantial time and further expense that would have been required to take his case to trial. Without knowing that he would be a prevailing party (as the caselaw required that he would be) and could recoup the investment to date on his attorney's fees, it is clear that Plaintiff would not have accepted BU's offer of judgment. Denying Plaintiff's motion would turn Rule 68 on its head and create a precedent that would discourage plaintiffs from utilizing the rule so as to cut short litigation that need not proceed further. Granting Plaintiff's motion would satisfy his reasonable expectation, based on well-settled caselaw, that he could accept the offer and obtain his attorney's fees and would encourage parties to utilize this cost-saving device that was designed to promote judicial economy. See

---

[8]She specifically rejected BU's reliance on Radecki v. Amoco Oil Co., 858 F.2d 397 (8th Cir. 1988), upon which BU relied almost exclusively in opposing Plaintiff's original fee petition. See Report and Recommendation, at 13 n. 13.

1

Magistrate's Report and Recommendation, at 24-25 ("Presented with a Rule 68 offer that he must either accept or reject within a short time period, the plaintiff should also be allowed to rely on caselaw that overwhelmingly construes Rule 68 offers that are silent on attorney's fees as excluding fees from the offer when the underlying statute does not define fees as part of costs.  A construction of the rule that encourages a defendant to frame a Rule 68 offer in precise terms also serves the purpose of the rule to both foster settlement and avoid litigation over whether the offer includes terms outside the four corners of the offer").

**V.     CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that this Court award him $130,795 in attorney's fees and $4,209.53 in expenses.

>Respectfully submitted,
>
>JOHN WALSH,
>By his attorney,
>
>  _/s/ Shannon Liss-Riordan_____
>Shannon Liss-Riordan, BBO #640716
>Pyle, Rome, Lichten, Ehrenberg
>       & Liss-Riordan, P.C.
>18 Tremont St., Ste. 500
>Boston, MA 02108

December 26, 2007                              (617) 367-7200

**CERTIFICATE OF SERVICE**

This is to certify that on December 26, 2007, a copy of the above document was served upon all counsel of record by electronic filing.

>  _/s/ Shannon Liss-Riordan_____
>Shannon Liss-Riordan, Esq.

1